FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

JUL 2 3 2007

DAVID J. MALAND, CLERK
BY
DEPUTY _____

UNITED STATES OF AMERICA,
Plaintiff,

vs.

No. 1:03-cr-00173

SHANNON WAYNE AGOFSKY,
Defendant.

1:07CV 0511

Judge Heartfield

**MOTION FOR APPOINTMENT OF COUNSEL
TO PURSUE POST-CONVICTION REMEDIES, AND
MEMORANDUM OF LAW IN SUPPORT**

The defendant, Shannon Wayne Agofsky, through undersigned counsel, moves this Court to appoint counsel to represent him in pursuit of any and all post-conviction remedies in the above-styled cause pursuant to 18 U.S.C. § 3599(a)(2). Specifically, Mr. Agofsky asks for an order appointing Claudia Van Wyk, Esq., of Newark, New Jersey, and Jennifer A. Merrigan, Esq., of Kansas City, Missouri.  In support of same, Mr. Agofsky provides the following:

1. On July 12, 2004, after conviction in this Court of premeditated murder by a federal prisoner serving a term of life imprisonment, in violation of 18 U.S.C. §§ 1118, 1111 (Count One), and premeditated first-degree murder in violation of 18 U.S.C. § 1111 (Count Two), Mr. Agofsky was sentenced to death pursuant to

18 U.S.C. §3591, *et seq.*  His direct appeal to the United States Court of Appeals for the Fifth Circuit was partially successful, in that the Court of Appeals vacated his convictions to prevent double jeopardy and remanded with instructions to impose, at the Government's election, a guilty verdict and death sentence for either Count One or Count Two.  The court rejected Mr. Agofsky's other claims for relief. *See United States v. Agofsky*, 458 F.3d 369 (5th Cir. 2006).  On January 22, 2007, the United States Supreme Court denied his petition for a writ of *certiorari*. *See Agofsky v. United States*, No. 06-7253, ___ U.S. ___, 2007 WL 135748 (Jan. 22, 2007).

2. Mr. Agofsky wishes to pursue every avenue of post-conviction relief, including a petition pursuant to 28 U.S.C. §2255 and a petition for executive clemency.  In order to do this Mr. Agofsky will need the assistance of competent counsel.  As the Supreme Court has already denied *certiorari* in this case, Mr. Agofsky respectfully asks that this Court appoint counsel at the earliest opportunity. Undersigned counsel is aware that this Court will conduct further proceedings pursuant to the Fifth Circuit's remand order.  Whatever their outcome, however, Mr. Agofsky seeks the appointment of post-conviction counsel now, to vindicate his clear right to "preapplication legal assistance" in investigating and preparing his post-conviction claims and obtaining the necessary expert and

investigative services. *See McFarland v. Scott*, 512 U.S. 849, 855 (1994); *see also* ¶¶ 3 to 7, *infra.*

3. Applicable federal law requires the appointment of qualified counsel in this case. Specifically, 18 U.S.C. § 3599 (effective March 9, 2006) requires the appointment of "one or more attorneys" for indigent inmates seeking relief from their federal capital convictions and sentences of death in § 2255 proceedings or in any other post-conviction proceedings including clemency. See 18 U.S.C. § 3599(a)(2) ("In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).").

Mr. Agofsky is such an inmate. His indigent status was previously determined by this Court, *see* Docket Entry Nos. 200 and 201, and he was represented by the Federal Defender at trial and on direct appeal. He is, therefore, entitled to the appointment of qualified counsel to pursue all available post-conviction remedies.

4. Prior to the effective date of § 3599, counsel were appointed for indigent death-sentenced inmates in § 2254 and § 2255 proceedings under the provisions of 21 U.S.C. § 848(q), which was repealed when § 3599 was enacted, but had identical provisions.  In interpreting that provision, the United States Supreme Court also recognized the right to qualified counsel due to "the seriousness of the penalty and . . . the unique and complex nature of the litigation." *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (quoting 21 U.S.C. § 848(q)(7)).

5. As with the prior § 848(q) right to counsel, the right to counsel under § 3599 attaches prior to the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence.  To interpret the statute otherwise would leave condemned prisoners without meaningful access to the courts.  As the Supreme Court declared with respect to the prior provision:

> Congress' provision of a right to counsel under § 848 (q)(4)(B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." § 848(q)(7).  An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland*, 512 U.S. at 855-56 (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

6. In construing Section 848(q)(4)(B) to require appointment of counsel prior to the filing of the petition, the Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need, and that since these services "may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," Congress clearly intended counsel to be appointed prior to the filing of the habeas petition. *McFarland*, 512 U.S. at 855.

7. From this analysis, it is plain that the right to counsel effected by Section 3599 is a right to assistance in identifying, developing, and pleading all available claims for relief, including the claims already apparent from the trial and appeal proceedings and the claims not raised in those proceedings because they are derived from non-record facts which require access to investigative and expert resources.

8. The appointment provision of Section 3599 requires appointment of at least one counsel who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases. 18 U.S.C. § 3599(c). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent

the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d).

9. Upon information and belief, in every federal capital case that has reached § 2255 proceedings, the district court has appointed two counsel to represent the movant.

10. Mr. Agofsky requests that this Court admit Claudia Van Wyk, Esq., *pro hac vice* and appoint her as lead counsel. Ms. Van Wyk graduated from New York University School of Law in 1980. She has been admitted to practice in New Jersey and New York since 1981 and is, in addition, a member of the bars of the United States District Courts for the District of New Jersey and the Southern and Eastern Districts of New York, the Courts of Appeals for the Third and Second Circuits, and the United States Supreme Court.

11. Ms. Van Wyk served as associate appellate counsel at the Legal Aid Society in New York City from 1980 to 1983. In 1983, she joined the Appellate Section of the New Jersey Office of the Public Defender, where she became a managing attorney in 1990 and remained until 2001. During that time she represented dozens of criminal appellants in the New Jersey state courts and, beginning in 1984, continuously represented death-sentenced defendants on direct appeal in the New Jersey Supreme Court and, where necessary, in further post-conviction proceedings. Her capital appeal experience in New Jersey includes,

among others, the following cases: *In re Proportionality Review Project (II)*, 657 A.2d 168 (N.J. 2000); *In re Proportionality Review Project (I)*, 735 A.2d 528 (N.J. 1999); *State v. Bey*, 610 A.2d 814 (N.J. 1992); *State v. McDougald*, 577 A.2d 419 (N.J. 1990); *State v. Hunt*, 558 A.2d 1259 (N.J. 1989); *State v. Zola*, 548 A.2d 1022 (N.J. 1988); and *State v. Ramseur*, 524 A.2d 188 (N.J. 1987).

12. In addition, Ms. Van Wyk provided representation to both capital and non-capital defendants in post-conviction and federal *habeas corpus* proceedings. In the state Supreme Court, she represented the defendant in *State v. Preciose*, 609 A.2d 1280 (N.J. 1992), which established state standards for procedural default and obtaining evidentiary hearings on claims of ineffective assistance of counsel. In 1997 she served as co-counsel at a month-long state post-conviction hearing in a capital case, and represented that defendant on his appeal of the denial of post-conviction relief. *See State v. Bey,* 736 A.2d 469 (N.J. 1999). Ms. Van Wyk regularly filed federal *habeas corpus* petitions for her non-capital clients. She also filed a *habeas* petition in *Bey v. Hendricks*, D.N.J. Docket No. 00-1155 (JAG), a capital case that is currently pending following motion practice and briefing of the merits.

13. From 2001 to 2005, Ms. Van Wyk was a full-time staff attorney at the New York Capital Defender Office, the office the state established to handle the bulk of its capital defense representation. Ms. Van Wyk provided appellate

representation to death-sentenced inmates and appellate support to capital trial teams. In addition to other duties, she was co-counsel in *People v. Cahill*, 2 N.Y.3d 14 (2003), and participated in the capital trial in *People v. Alvarez*, Westchester County (New York) Ind. No. 1352/00.

14. In 2005, Ms. Van Wyk became Counsel at the law firm Gibbons, P.C., in Newark, New Jersey. In that capacity she has provided representation as *pro bono* or appointed counsel to death-sentenced inmates in New Jersey and Alabama.

15. Mr. Agofsky also requests the appointment of Jennifer Merrigan, Esq., *pro hac vice*. Ms. Merrigan graduated from the University of Missouri at Kansas City School of Law in 2004. Ms. Merrigan is a member in good standing of the bar of Missouri, and has been admitted to practice before the highest Court in the State of Missouri.

16. Ms. Merrigan has worked at the Public Interest Litigation Clinic in Kansas City, where she has specialized in the representation of indigent persons in capital cases, first as an intern starting in 2002 and then as a staff attorney starting in 2004. Ms. Merrigan has contributed substantially to an effort by the ABA Death Penalty Representation Project to draft prevailing national standards for the investigation of issues affecting penalty in capital cases. Since 2003, she has worked closely with death penalty defense attorney and learned counsel Sean O'Brien and National Mitigation Coordinator (for the federal death penalty

projects) Russell Stetler on this project. In addition, Ms. Merrigan has been admitted *pro hac vice* in the District Court of Wyoming in the capital habeas corpus case of *Harlow v. Murphy*, No. 05-CV-039B, and she has been appointed in *Skillicorn v. Luebbers*, No. 05-3729, a Missouri capital case on federal *habeas* review. Both cases involve prison killings. Ms. Merrigan has had substantial training in the defense of capital cases. Since 2004, she has attended fourteen national training events which focused on the representation of persons in capital trial, appeal and post-conviction cases.

17. Ms. Van Wyk and Ms. Merrigan have advised me that within ten days they will file with the Clerk their applications to appear *pro hac vice* in accordance with the local rules of this District.

18. The Federal Capital Habeas Project has spoken with Mr. Agofsky and he has agreed to Ms. Van Wyk's and Ms. Merrigan's representation. Mr. Agofsky therefore respectfully moves for the appointment of Ms. Wan Wyk and Ms. Merrigan *pro hac vice* and *nunc pro tunc* to February 1, 2007, the date on which Mr. Agofsky accepted Ms. Van Wyk's and Ms. Merrigan's offer to represent him.

CONCLUSION

For these reasons, Mr. Agofsky respectfully requests that this Court appoint

Claudia Van Wyk of Newark, New Jersey, and Jennifer Merrigan of Kansas City,

Missouri, *pro hac vice* and *nunc pro tunc* in the above-styled case.

A proposed order is attached to this motion, for the Court's convenience.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas

By /s Brent E. Newton
BRENT E. NEWTON
Asst. Federal Public Defender
Attorneys for Appellant
Post Office Box 61508
Houston, TX  77208-1508
Telephone:  (713) 718-4600

(

## CERTIFICATE OF SERVICE

I, BRENT E. NEWTON, certify that a copy of this motion has been served by U.S. mail to the law offices of counsel for the Government, Ms. Traci L. Kenner, Assistant United States Attorney, 100 North College, Suite 700, Tyler, Texas 75702, on this 15th day of February, 2007.

/s Brent E. Newton
BRENT E. NEWTON