UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.                        ) | No. 1:03-CR-00173 |
| ) | |
| SHANNON WAYNE AGOFSKY.     ) | |
| ) | |
| ) | |
| _____ ) | |

**MOTION TO PROCEED**
**EX PARTE ON REQUEST FOR FUNDS TO INVESTIGATE**

COMES NOW defendant, Shannon Wayne Agofsky, by counsel, and moves this Court, pursuant to 18 U.S.C. § 3599, for leave to proceed *ex parte* on a motion for funds to obtain investigation services. For his motion, defendant states:

1. In this matter counsel was appointed to represent Mr. Agofsky effective February 1, 2007, in connection with a petition pursuant to 18 U.S.C. § 2255 for relief from a conviction and death sentence.

2. 18 U.S.C. § 3599 provides:

> In any post conviction proceeding under section 2254 or 2255 of title 28 seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

"On its face, this statute grants indigent capital defendants a mandatory right to qualified legal counsel and related services 'in any [federal] post conviction proceeding.'" *McFarland v. Scott*, 512 U.S. 849, 854

(1994).

3. This Court is authorized to proceed *ex parte* on an application for reasonably necessary funds for investigative, expert or other services where "a proper showing is made concerning the need for confidentiality." 18 U.S.C. § 3599. It is also clear that the prisoner is entitled to file such an *ex parte* application for funds for reasonably necessary expert and investigative services prior to filing a motion for relief pursuant to § 2255:

> The services of investigators and other experts may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified. Section 848(q)(9)[1] clearly anticipates that capital defense counsel will have been appointed under § 848(q)(4)(B) before the need for such technical assistance arises, since the statute requires "the defendant's attorneys to obtain such services" from the court. § 848(q)(9). In adopting § 848(q)(4)(B), Congress thus established a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings.

*McFarland v. Scott*, 512 U.S. at 854-55 (1994).

4. **Defendant will submit, under seal,** a motion for funds for investigation into Mr. Agofsky's potential claims for relief from his conviction and sentence under 28 U.S.C. § 2255.

5. **As the forthcoming motion demonstrates,** justification for this request for funds requires disclosure of information or communications protected under the attorney-client or work product privileges.

6. Where resolution of an issue may require the disclosure of privileged information, courts often protect such information from disclosure to a party opponent by engaging in *ex parte* proceedings. *See*, *e.g.*, *United States v. Zolin*, 491 U.S. 554, 568 (1989) (*ex parte*, in camera review of documents

---

[1] 848(q) was superseded by USC § 3599 (eff. March 9, 2006), which has identical provisions.

to determine if crime/fraud exception to attorney-client privilege applies); *Pollard v. FBI*, 705 F.2d 1151, 1153 (9th Cir. 1983) (*ex parte*, in camera review of documents to evaluate government's privilege claim under Freedom of Information Act).  In the context of funding requests, the statutory authorization to proceed *ex parte* is intended "to put indigent defendants as nearly as possible in the same position as non-indigent defendants." *United States v. Sanders*, 459 F.2d 1001, 1002 (9th Cir. 1972).  Established habeas corpus and death penalty precedent suggests that Congress intended to provide prisoners with "all resources needed to discover, plead, develop and present evidence determinative of their 'colorable' constitutional claims."  *Patrick v. Johnson*, 48 F. Supp. 2d 645, 646 (N.D. Tex. 1999).

7. Requiring a petitioner to make a proper showing of a need for confidentiality before being allowed to proceed *ex parte* presents a conundrum:

> Exactly how petitioners can explain the need to proceed ex parte without disclosing the very information they claim a need to keep secret is unclear. Because of this problem, district judges seem to be following the practice of hearing the petitioner's presentation in support of the motion to proceed ex parte either orally in camera or via papers filed with the motion but under seal, subject in both cases to disclosure to the state if the court decides that ex parte proceedings are not justified and if the petitioner decides, nonetheless, to apply for the services.

Liebman, Federal Habeas Corpus Practice and Procedure, § 19.3 (citing *Shields v. Johnson*, 48 F. Supp. 2d 719, 720-21 (S.D. Tex. 1999)). *See Also Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999) (petitioner seeking expense authorization under § 848(q) should file, with copy to opposing counsel, "a brief motion seeking generally authorization for investigative or expert expenses, [including] a short case-specific statement of the need for confidentiality . . . [that] merely must identify generically the type of services needed and the broad issue or topic (e.g., innocence) for which the services are necessary," and

simultaneously "the petitioner must file *ex parte* and under seal his detailed application for authorization for the investigator or expert, and must estimate the amount of money or fees or expenses likely to be incurred . . . [and] provide factual support for the funding request."  Only "[t]he motion, but not the application with supporting materials, must be served on the respondent."

        8.     In this case, the request for funds for investigative fees and expenses is based upon privileged communications petitioner has had with both current and previous counsel and it concerns the litigation strategies and work product of both current and previous counsel.  Such attorney- client conversations are clearly covered by the attorney-client privilege.  *See*, *e.g.*, *United States v. Sayan*, 968 F.2d 55, 64 (D.C. Cir. 1992) (noting that "the attorney-client privilege covers only confidential communications between attorney and client, and it focuses on the attorney-client relationship").  Counsel cannot justify their funding request without discussing the privileged information underlying it.  Disclosing such information to the State would undermine counsels' representation of petitioner -- a relationship that requires full and open communication between lawyer and client.  *See* American Bar Association, <u>Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases</u>, at 66-67 (Feb. 2003) ("Because the defense should not be required to disclose privileged communications or strategy to the prosecution in order to secure these resources, [trial] counsel should insist on making such requests *ex parte* and *in camera*.").

        10.     The attached motion for expert funds additionally recounts counsels' mental impressions regarding petitioner's possible claims for habeas relief, their prospects for success, the facts needed to support them, and the soundness of certain non-jurisdictional procedural defenses that respondent may or may not invoke.  Additionally, it may implicate strategies employed by prior counsel.  Such mental

impressions are quintessentially "work product" and not subject to disclosure. "[O]pinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Respondent would gain an unfair advantage in this litigation if given access to counsels' strategies.

11. A defendant has a legitimate interest in showing the reasonable necessity for expert services without being placed in the position of revealing his privileged communications and defenses. To allow the State a voice in the preparation of petitioner's case would violate principles of fundamental fairness. The United States Supreme Court decision in *Ake v. Oklahoma*, 470 U.S. 68 (1985), presumes that hearings for funds must be *ex parte* in order to be fair. 470 U.S. at 82. A number of state court opinions have expressly found this to be the case. *See*, *e.g.*, *Brooks v. State*, 385 S.E.2d 81 (Ga. 1989) ("defendant could be placed in a position of revealing his theory of the case" and therefore, "has a legitimate interest in making that showing *ex parte*"); *Jacobs v. Commonwealth*, 58 S.W.3d 435, 440 (Ky. 2001). In federal court, the right to proceed *ex parte* on funding motions existed long before the *Ake* decision. *See*, *e.g.*, *United States v. Sutton*, 464 F.2d 552 (5th Cir. 1972); *Marshall v. United States*, 423 F.2d 1315 (10th Cir. 1970).

12. In accordance with prevailing standards interpreting § 3599, counsel will tender to the Court, *ex parte* and under seal, his motion to authorize funds for investigative services.

WHEREFORE, for the foregoing reasons, petitioner moves this Court to authorize him to proceed *ex parte* on his motion to authorize funds pursuant to 18 U.S.C. § 3599, and to grant such further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Gibbons P.C.
One Gateway Center
Newark, New Jersey  07102-5310
973-596-4811


/s/ Jennifer A. Merrigan
JENNIFER MERRIGAN, #56733
Public Interest Litigation Clinic
305 East 63rd Street
Kansas City, Missouri 64113
816-363-2795


## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Joseph Robert Batte
  U S Attorney's Office - Beaumont
  350 Magnolia, Suite 150
  Beaumont, TX 77701

/s/ Jennifer A. Merrigan
Attorney for Defendant