**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No.    1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**CONSENT MOTION TO PERMIT CONTINUED INVESTIGATION**

**WHILE APPEAL FROM RECONVICTION AND RESENTENCING IS PENDING**

COMES NOW defendant, by counsel, and moves this Court, with the government's consent, to permit continued investigation and preparation of his projected motion, pursuant to 28 U.S.C. §2255, while his appeal from his reconviction and resentencing is pending.  In support of this motion, counsel for Mr. Agofsky states as follows:

1.      Defendant Shannon Wayne Agofsky is incarcerated in the United States Penitentiary ("USP") at Terre Haute, Indiana, under sentence of death pursuant to a conviction for the murder of inmate Luther Plant, imposed by this Court on July 16, 2004.  He appealed that conviction to the Court of Appeals for the Fifth Circuit, which rejected most of his claims in a decision dated July 28, 2006, but vacated both convictions and both death sentences on double jeopardy grounds, remanding the case to this Court with directions to enter a guilty verdict and death sentence on whichever count the government might elect to retain.  *United States v. Agofsky,* 458 F.3d 369, 372-73 (5th Cir. 2006).  (Dckt. No. 1:03-cr-173-TH-WCR, Doc. #232).

2.      Before the remand proceeding occurred, Mr. Agofsky petitioned for a writ of *certiorari*, which was denied on January 22, 2007, the date that customarily triggers the running of the statute of limitations for a motion for postconviction relief pursuant to 28 U.S.C. § 2255.

3.      On February 23, 2007, this Court granted a *McFarland* motion (Dckt. No. 1:03-cr-173-TH-WCR, Doc. #235) for appointment of counsel to represent Mr. Agofsky in the investigation, preparation, and filing of a projected §2255 motion.  *See McFarland v. Scott*, 512

U.S. 849 (1994).  Counsel's investigation is ongoing and the §2255 motion has not yet been filed.

4.      On March 30, 2007, the Court held a proceeding on the remand from the Fifth Circuit following Mr. Agofsky's initial appeal.  Mr. Agofsky filed a notice of appeal from his reconviction and resentencing on Count 2 of the indictment, and the new appeal is pending in the Fifth Circuit.  Mr. Agofksy's 30-page brief, challenging the jury's contradictory findings on the single surviving count and stating an intention to seek *en banc* and *certiorari* review if the Circuit panel rejects his claim, was filed on August 29, 2000.

5.      On August 22, 2007, acting *sua sponte,* this Court entered an order directing the parties to brief whether "extraordinary circumstances" exist to justify its "deciding a 2255 motion while an appeal is pending" (Dkt. # 1:07-cv-511-TH, Doc #14).

6.      On September 4, 2007, Mr. Agofsky's counsel, Claudia Van Wyk, spoke by telephone with Assistant United States Attorney Tracy Kenner.  Ms. Kenner stated that the government does not oppose continued funding for the investigation and preparation of Mr. Agofsky's contemplated  §2255 motion while the resentencing appeal is pending.

7.      Ms. Van Wyk spoke to Ms. Kenner again on September 21, 2007.  Ms. Kenner stated that the government has no objection to Mr. Agofsky's filing the §2255 motion, staying the proceedings, and holding them in abeyance until the new appeal has been fully litigated through the Fifth Circuit panel's review, any *en banc* review, and any *certiorari* review, or until the time to petition for *certiorari* has expired.

### MEMORANDUM OF LAW

I.      **THE COURT SHOULD AUTHORIZE FUNDING FOR THE CONTINUED INVESTIGATION AND PREPARATION OF MR. AGOFSKY'S PROJECTED §2255 MOTION WHILE HIS NEW APPEAL IS PENDING.**

With the government's consent, Mr. Agofsky has filed a motion to file, stay, and abey his projected §2255 motion while his new appeal is pending.  The reason he seeks that relief is that it is impossible to be certain which date is the correct triggering date for his one-year statute of limitations under §2255.  His counsel must therefore assume the earliest possible triggering date, January 22, 2007, and file the motion by January 22, 2008.  Accordingly, by that time, counsel must be prepared to present a fully investigated and pled motion for relief.

For that reason, Mr. Agofsky seeks renewed funding for the investigation and preparation of the §2555 motion.  *See McFarland v. Scott*, 512 U.S. 849 (1994).  The Assistant United States

Attorney assigned to this case, Tracy Kenner, consents to the application.[1]  Authorizing the investigation at this time will not generate expenses that would not have occurred otherwise, but will simply enable counsel to prepare a timely motion to protect Mr. Agofsky's rights. Therefore, the Court should authorize the continued funding of the investigation and preparation of the motion.

## CONCLUSION

For these reasons, Mr. Agofsky requests an order granting continued funding of the investigation and preparation of his projected motion pursuant to 28 U.S.C. §2255.

Respectfully submitted this 28 day of September, 2007

/s/  Claudia Van Wyk
CLAUDIA VAN WYK, NJ Bar #012401981
Gibbons, P.C.
One Gateway Center
Newark, New Jersey  07102-5310
Telephone (973) 596-4811
Facsimile (973) 639-6231

/s/  Jennifer Merrigan
JENNIFER MERRIGAN, MO Bar #56733
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

---

[1] Mr. Agofksy's concurrently filed *ex parte* motion for continued funding provides further details in support of this motion.