**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No.   1:07-cv-00511** |
| | ) |
| **SHANNON WAYNE AGOFSKY,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**DEFENDANT'S UNOPPOSED MOTION**

**TO FILE, STAY, AND HOLD §2255 MOTION IN ABEYANCE**

**WHILE NEW APPEAL IS PENDING**

COMES NOW defendant, by counsel, and moves this Court, with the government's consent, to permit him to file his projected motion pursuant to 28 U.S.C. §2255 while his new appeal is pending, to stay further proceedings, and to hold the motion in abeyance. In support of this motion, counsel for Mr. Agofsky states as follows:

1.      Mr. Agofsky is incarcerated in the United States Penitentiary ("USP") at Terre Haute, Indiana, under sentence of death pursuant to a conviction for the murder of inmate Luther Plant. Mr. Agofsky was initially convicted and sentenced to death in this Court on two counts of murder on July 16, 2004. He appealed that conviction to the Court of Appeals for the Fifth Circuit, which rejected most of his claims in a decision dated July 28, 2006, but vacated both convictions and both death sentences on double jeopardy grounds, remanding the case to this Court with directions to enter a guilty verdict and death sentence on whichever count the government might elect to retain. *United States v. Agofsky,* 458 F.3d 369, 372-73 (5th Cir. 2006). (Dckt. No. 1:03-cr-173-TH-WCR, Doc. #232).

2.      Before the remand proceeding occurred, Mr. Agofsky petitioned for a writ of *certiorari*, which was denied on January 22, 2007, the date that customarily triggers the running of

1

the statute of limitations for a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.  On February 23, 2007, this Court granted a *McFarland* motion (Dckt. No. 1:03-cr-173-TH-WCR, Doc. #235) for appointment of counsel to represent Mr. Agofsky in the investigation, preparation, and filing of a projected §2255 motion.  *See McFarland v. Scott*, 512 U.S. 849 (1994).  Counsel's investigation is ongoing and the §2255 motion has not yet been filed.

3.    Meanwhile, on March 30, 2007, the Court held a proceeding on the remand from the Fifth Circuit, at which Mr. Agofsky was represented by his appellate counsel.  The government, exercising its discretion as directed by the Fifth Circuit's opinion remanding the case, elected to dismiss Count One.  The Court then entered a guilty verdict and death sentence on the remaining count, Count Two (Dckt. No. 1:03-cr-173-TH-WCR, Doc. #s 245, 246).  Appellate counsel, discerning new meritorious grounds for appealing, filed a notice of appeal (Dckt. No. 1:03-cr-173-TH-WCR, Doc. #247).  This appeal is now pending in the Fifth Circuit.  Mr. Agofksy's 30-page brief, challenging the jury's contradictory findings on the single surviving count and stating an intention to seek *en banc* and *certiorari* review if the Circuit panel rejects his claim, was filed on August 29, 2007.  *See* Exhibit 1.

4.    On August 22, 2007, acting *sua sponte,* this Court entered an order directing the parties in this action to brief whether "extraordinary circumstances" exist to justify its "deciding a 2255 motion while an appeal is pending."  (Dckt. No. 1:07-cv-511-TH, Doc. #14).

5.    On September 21, 2007, Mr. Agofsky's counsel, Claudia Van Wyk, spoke to the Assistant United States Attorney assigned to this case, Tracy Kenner, Esq.  Ms. Kenner stated that the government has no objection to Mr. Agofsky's filing the §2255 motion, staying the proceedings, and holding them in abeyance until the new appeal has been fully litigated through the Fifth Circuit panel's review, any *en banc* review, and any *certiorari* review, or until the time to petition for *certiorari* has expired.

2

## **MEMORANDUM OF LAW**

## **PRELIMINARY STATEMENT**

Defendant Shannon Wayne Agofsky submits this motion in response to this Court's order of August 22, 2007, directing the parties to brief whether "extraordinary circumstances" exist to justify its "deciding a 2255 motion while an appeal is pending."  The short answer to that question is yes. The Court has jurisdiction to entertain Mr. Agofsky's projected motion pursuant to 28 U.S.C. §2255, and, given the state of law, he must file that motion in January.  Although it appears that the statute of limitations for the motion is not running because his judgment of conviction is not yet final, it is impossible at this time to be completely certain of the correct triggering date.  Because the consequences of an error in calculating the statute of limitations could be fatal in this capital case, counsel must assume that it will expire on the earliest possible date.  *See Bowles v. Russell*, ___ U.S. ___, 127 S.Ct. 2360 (2007) (defendant's reliance on district court's mistaken allowance of too much time to reopen appeal did not excuse untimely filing of notice of appeal pursuant to F.R. App. Pro. 4(a)(6).  This is the "extraordinary circumstance" that requires an order permitting him to file his §2255 motion while the new appeal is pending.  Accordingly, Mr. Agofsky seeks this Court's permission, with the government's consent, to file his projected motion within the one year following denial of *certiorari* on his initial appeal (that is, by January 22, 2008), and to stay proceedings on the motion and hold it in abeyance until his new appeal concludes with denial of *certiorari* or with the expiration of time for seeking *certiorari*.  *See Rhines v. Weber*, 544 U.S. 269 (2005); *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006).[1]

---

[1] It is not necessary for the Court to decide the §2255 motion while the new appeal is pending, as the Court's August 22 order suggests.  Mr. Agofsky only seeks permission to file, stay, and hold it in abeyance.

## LEGAL ARGUMENT

I. **ANY ERROR IN CALCULATING THE STATUTE OF LIMITATIONS COULD COST MR. AGOFSKY HIS LIFE.**

The "extraordinary circumstance" that requires this Court to entertain Mr. Agofsky's §2255 petition while his new appeal is pending is the potentially fatal result of any error in calculating the statute of limitations. The experience of other lower courts that have attempted to interpret statutes of limitations in similar cases is instructive.

For example, in *Bowles v. Russell*, *supra,* the petitioner requested the district court's permission to reopen the time to file his appeal from the denial of his §2254 petition, and the court inexplicably granted him seventeen days to do so, three days more than the fourteen permitted by statute. In compliance with the court's order, and to be safe, the petitioner filed on the sixteenth day. 127 S.Ct. at 2362 (citing 28 U.S.C. §2107(a); F. R. App. Pro. 4(a)(6)). However, the Supreme Court held that, because the notice of appeal was filed outside the statutory time limit, the Sixth Circuit had no jurisdiction to hear the matter, despite the petitioner's reliance upon the district court's order. *Id.* at 2366. The decision overruled, without warning, the Court's previous cases recognizing equitable tolling of this statute. *See Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215 (1962); *Thompson v. INS*, 375 U.S. 384 (1964). Thus, although Mr. Bowles and the district court had acted in good faith, he lost all right to challenge his conviction and sentence.

Similarly, in *Kreutzer v. Bowersox,* 231 F.3d 460 (8th Cir. 2000), the Court of Appeals affirmed the dismissal of the petitioner's habeas petition, finding it untimely although it had been filed within the time permitted by the district court. Counsel had requested, and received, an extension of time permitting the filing of the state prisoner's habeas petition beyond the one-year time limit established in 28 U.S.C. §2254. *Id.* at 462. The district court rejected the government's motion to dismiss for untimeliness, finding that it had the power to extend the deadline under Rule 6(b) of the Federal Rules of Civil Procedure, and subsequently denied the petition on other grounds.

4

*Id.* at 464.  On appeal, however, the Eighth Circuit held that the district court's grant of an extension was a "nullity" because it had applied the wrong statute of limitations.  *Id.* at 463.  Moreover, it held that equitable tolling was not warranted because petitioner was represented by counsel and the government had employed no coercion.  *Id.*  Because his counsel missed a filing deadline, albeit with the express permission of the district court, Paul Kreutzer was executed on April 10, 2002, with no further habeas proceedings.  *See* "Paul W. Kreutzer, Executed April 10, 2002, in Missouri," *available at http://www.clarkprosecutor.org/html/death/US/kreutzer767.htm.*

*Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079 (2007), is also analogous.  In *Lawrence,* counsel miscalculated the statute of limitations for a §2254 petition in a death penalty case, assuming that it was tolled during the pendency of a petition for *certiorari* following state post-conviction review.  *Id*.  In a 5-4 decision, the Supreme Court dismissed, finding the petition untimely.  Neither confusion as to the triggering event for the limitations period, nor counsel error, justified equitable tolling.  *Id.* at 1085-86; *see Trapp v. Spencer*, 479 F.3d 53, 55 (1st Cir. 2007) (counsel error in miscalculating statute of limitations to file §2254 petition not grounds for equitable tolling); *Johnson v. McDonough*, 480 F. Supp. 2d 1309, 1312 (S.D. Fla. 2007) (counsel erroneously assumed statute of limitations for §2254 petition was tolled during pendency of petition for *certiorari* following state post-conviction review; petition dismissed as untimely).

The legal landscape is littered with cases in which counsels' errors, though frequently reasonable, resulted in the dismissal of their clients' post-conviction applications without any review of their claims for relief under the Great Writ.[2]  Frequently, erring counsel relied upon orders from

---

[2] *See Barnes v. United States,* 437 F.3d 174, 1079 (11th Cir. 2006) (affirming dismissal of §2255 motion as untimely because new trial motion under Fed. R. Crim. Pro. 33 did not toll one year statute of limitations); *Trenkler v. United States*, 268 F.3d 16 (1st Cir. 2001) (rejecting claims that motion for Rule 33 motion warranted statutory or equitable tolling of §2255 statute of limitations); *United States v. Sanders*, 247 F.3d 139, 143-43 (4th Cir. 2001) (rejecting defendant's contention that finality for statute of limitations purposes under §2255 delayed by resentencing pursuant to Fed. R. Crim. Pro. 35(b)); *see also Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (§2254 petitioner's state post-conviction petition, which was ultimately found untimely by state courts following litigation of applicability of exceptions to state

district courts.  Thus, even if this Court finds – as Mr. Agofsky requests *infra* – that the statute of limitations will not begin to run until the judgment of conviction is final at the conclusion of his new appeal, its order will not necessarily protect him from dismissal and, consequently, execution, if an appellate court disagrees with its interpretation.

II.     **BECAUSE MR. AGOFSKY'S NEW APPEAL IS PENDING, CASELAW STRONGLY SUGGESTS - ALTHOUGH IT DOES NOT DEFINITIVELY ESTABLISH - THAT HIS JUDGMENT OF CONVICTION IS NOT YET FINAL WITHIN THE MEANING OF 28 U.S.C. §2255.**

On Mr. Agofsky's initial appeal, the Court of Appeals vacated both of his convictions and sentences, and on remand this Court, in accordance with the government's election, dismissed one of those counts and resentenced him on the other.  Mr. Agofsky has appealed his reconviction and resentencing on the sole remaining count.  Therefore, it appears that his judgment of conviction is not yet final for purposes of the applicable statute of limitations.

Title 28 U.S.C. §2255 provides that "a 1-year period of limitation" shall apply to a motion under that Section, running, as relevant here, from "the date on which the judgment of conviction becomes final."  According to the Federal Rules of Criminal Procedure, a "judgment of conviction must set forth the plea, the verdict or findings, the adjudication, and the sentence." *Fed. R. Crim. P. 32(d)(1).*  Well-settled law recognizes that a criminal judgment includes both a conviction and the associated sentence. *See, e.g., Teague v. Lane*, 489 U.S. 288, 314 n.2 (1989); *Berman v. United States,* 302 U.S. 211, 211 (1937).  Accordingly, the one-year statute of limitations on a §2255 motion

statute of limitations, was not "properly filed" and thus did not toll federal statute of limitations); *Graham v. Borgen*, 483 F.3d 475, 479-82 (7th Cir. 2007) (in §2254 case, finality not delayed by state court motion to modify sentence); *Sweet v. Sec'y, DOC,* 467 F.3d 1311, 1316 (11th Cir. 2006) (relying on *Pace*, and finding that §2254 petitioner's state post-conviction petition, which state court found both untimely and unmeritorious, did not toll federal statute of limitations); *Jackson v. Crosby*, 375 F.3d 1291 (11th Cir. 2004) (petitioner's time to file notice of appeal from denial of §2254 petition was not tolled by motion to alter or amend, which was untimely, despite counsel's reliance on advice from clerk's office in calculating time).

does not begin to run until all the elements of the judgment, including the sentence, are final.  The question presented by Mr. Agofsky's case is what constitutes "finality" under §2255.

Although the Supreme Court has not yet addressed this issue, in *Burton v. Stewart*, ___ U.S. ___, 127 S.Ct. 793, 795-96 (2007), it addressed a similar concern arising out of a §2254 proceeding. In *Burton*, the defendant had been resentenced twice in state court and had filed two federal habeas petitions, one following his first resentencing and another following his second resentencing.  The Supreme Court, affirming the Court of Appeals for the Ninth Circuit, deemed the second habeas petition "successive" and dismissed it because the petitioner had not complied with the statutory requirements for authorizing successive petitions.  *Id.* at 796.  The Supreme Court rejected the defendant's argument that the two habeas petitions had challenged two different judgments.  *Id.* at 798.

> Final judgment in a criminal case means sentence.  The sentence is the judgment.  *Berman v. United States,* 302 U.S. 211, 212 (1937).  Accordingly, Burton's limitations period did not begin until both his conviction *and* sentence became final by the conclusion of direct review or the expiration of the time for seeking such review – which occurred well *after* Burton filed his [first] habeas petition.

*Id.* at 798-99 (parallel citations omitted); *see also Ferreira v. Sec'y, DOC,* 494 F.3d 1286, 2007 WL 2239265, at *7 (11th Cir. Aug. 7, 2007) (following *Burton*, holds that §2254 statute of limitations begins to run from date both conviction and sentence the petitioner is serving at the time become final); *Robbins v. Sec'y, DOC,* 483 F.3d 737, 738 (11th Cir. 2007) (judgment not final until time for appealing resentencing expires, even when subsequent habeas petition challenges only the conviction and not the sentence); *Chew v. Hendricks*, No. 04-5894, 2007 WL 2437830 (D.N.J. Aug. 23, 2007) (following *Burton*, holds that statute of limitations began to run on date of resentencing, five years after end of direct review on original sentence); *Lewis v. Maine*, 254 F. Supp. 2d 159, 164-65 (D. Me. 2003) (§2254 petition timely filed, because one year did not begin to run until expiration of time to seek review of restitution resentencing, ordered by state supreme court).

Numerous federal courts, applying the same principle in §2255 cases, also have recognized that that the statute of limitations does not begin to run while the defendant can appeal – or is appealing – the conviction or sentence. The district court for the Eastern District of Louisiana found the defendant's §2255 petition timely in *United States v. Hayes*, No. 01-311, 2006 WL 851184, at *1 (E.D. La. March 13, 2006). In that case, the Court of Appeals for the Fifth Circuit had affirmed one count and vacated and remanded the other count for resentencing. The district court rejected the government's argument that the defendant's subsequent §2255 motion – filed more than one year after the remand but less than one year after resentencing – was untimely. It held that the resentencing was not a mere ministerial act providing no legitimate grounds for appeal. Furthermore, it held, treating each count in a multi-count indictment as a separate final judgment would be bad policy that would subject the courts to duplicative serial habeas petitions. *Id.* at *2; *accord United States v. Dodson*, 291 F.3d 268, 272 (4th Cir. 2002) (judgment of conviction not final for §2255 purposes until both conviction and sentence final; one judgment includes all counts); *see United States v. Blackstock,* 2007 WL 2309782, *2 (10th Cir. Aug. 14, 2007) (noting district court's dismissal, without prejudice, made clear that defendant could refile after disposition of direct appeal); *cf. United States v. Outen*, 286 F.3d 622, 631-32 (2d Cir. 2002) (because defendant's appeal was in abeyance, §2255 statute of limitations never began to run).

In a similar manner, in *United States v. LaFromboise*, 427 F.3d 680, 682 (9th Cir. 2005), the Court of Appeals had remanded certain counts for a new trial, but the government instead dismissed those counts on remand. The district court did not resentence the defendant on the remaining counts or amend the judgment of conviction. The district court then dismissed the defendant's §2255 motion, filed more than one year after the original remand, as untimely. *Id.* at 682. The Court of Appeals reversed, holding that, without an amended judgment, the conviction was not yet final and the statute of limitations had not begun to run. *Id.* at 683 (citing *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000)). As the court observed, "the 'key inquiry' under *Colvin* is whether an amended

8

judgment, assuming one had been entered, could have been appealed – without presupposing the merits of the appeal." *Id.* at 684; *accord Maharaj v. Sec'y, DOC,* 304 F.3d 1345, 1349 (11th Cir. 2002) (following *Colvin*).

There is contrary authority, however, from the Fourth and Second Circuits,[3] holding that the defendants' judgments of conviction became final on the date of *certiorari* denial on the initial appeal, and not the date that the judgment of conviction on remand became final. In *United States v. Wilson*, 256 F.3d 217, 219 (4th Cir. 2001), the Court of Appeals had remanded to the district court to vacate one count, but affirmed as to several other counts. The defendant later filed a §2255 motion challenging only the affirmed counts. The district court, affirmed by the Court of Appeals, held that the motion was untimely because, while it was filed less than one year after the district court vacated the remanded count, it was filed more than one year after the affirmance of the other counts – the only counts challenged in the §2255 motion. *Id.* at 219. The Court stated that, in the initial appeal, it "did not view Wilson's multi-count conviction as unitary," that it was doubtful that he would ever seek review of the remanded count, which had been vacated, and that Congress had expressed an intention to limit collateral review of "stale" claims. *Id.* at 220.

Likewise, in *Burrell v. United States*, 467 F.3d 160, 162 (2d Cir. 2006), the Court of Appeals had partially affirmed and partially reversed, and remanded to the district court with instructions to amend the judgment to reflect the dismissal of a lesser-included count on appeal. The Court later held that this amendment did not delay finality for purposes of calculating the defendant's entitlement to the retroactive application of *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *Burrell*, 467 F.3d at 164, 166. The court reasoned that the mandate was "strictly ministerial" and "directed the district court to undertake a

---

[3] These opinions predated the Supreme Court's decision in *Burton, supra,* and it is unclear what result those Circuits would reach in light of that opinion.

single non-discretionary act." *Id.* at 165-66.  It cited, and disagreed with, the Ninth Circuit *Colvin* decision.  *Id.* at 168-69.

Thus, while in some cases a remand for further proceedings will not delay finality, Mr. Agofsky's case should be distinguished from such cases.  In contrast to *Wilson*, in this case the Court of Appeals vacated both counts of conviction, and conferred discretion on the prosecution to elect which count to dismiss as a remedy for double jeopardy.  458 F.3d at 371-73.  Later, after this Court imposed judgment and sentence on the surviving count, defendant appealed.  That appeal is still pending.  Therefore, unlike *Wilson,* 256 F.3d at 220, this case has no final judgment on any count; neither the dismissed count nor the one on appeal is ripe for challenge under §2255.

Nor were the reconviction and resentencing mere "ministerial" acts.  Courts have found that an appellate court's remand is ministerial and does not delay finality when its directions leave no room for the exercise of discretion and cannot give rise to a valid appeal.  *See Dodson,* 291 F.3d at 275; *accord Burrell*, 467 F.3d at 164-66.  In contrast, in Mr. Agofsky's case, the Fifth Circuit remand enabled the government to elect, with complete discretion, which count to dismiss, and the reconviction and resentencing did give rise to a new and valid appeal.  Mr. Agofksy's Fifth Circuit brief in the new appeal argues that neither his conviction nor his sentence can stand because the jury made factually inconsistent findings, on the same count, at the guilt and penalty phases, finding that he both did and did not act with intent to kill.  Exhibit 1, Brief at 17-19 (citing *Pipefitters Local Union No. 562 v. United States*, 407 U.S. 385, 400 n.11 (1972)).  With only one count remaining, these inconsistent findings should not be considered harmless.  Furthermore, Mr. Agofsky argues that the law of the case doctrine does not preclude the Circuit panel's ruling on the issue, and in any event will not preclude *en banc* or Supreme Court review if either the entire Circuit or the Supreme Court decides to review the case.  Exhibit 1, Brief at 10-13.  His appellate claim is therefore substantial, and until he has had an opportunity to litigate it through a petition for *certiorari* or the

10

time for seeking *certiorari* review has expired, it appears that his judgment of conviction will not be final.

This Court should accordingly find that the statute of limitations for Mr. Agfosky's filing a motion pursuant to 28 U.S.C. §2255 has not yet begun to run. Nevertheless, even with such a finding, in light of recent Supreme Court habeas and capital jurisprudence, Mr. Agofsky cannot safely assume that reviewing courts would agree that his judgment of conviction is not yet final. Therefore, as explained *infra*, he seeks permission to file his projected §2255 motion while the new appeal is pending, stay the proceedings, and hold the petition in abeyance.

III.   **THE COURT SHOULD EXERCISE ITS JURISDICTION TO ENTERTAIN THE §2255 MOTION, STAY PROCEEDINGS, AND HOLD THE MOTION IN ABEYANCE WHILE THE NEW APPEAL IS PENDING.**

As the Court indicated in its August 22 *sua sponte* order (Doc. #14), there is no jurisdictional bar to a §2255 motion filed while a direct appeal from the same judgment is pending. *See United States v. Prows*, 448 F.3d 1223 (10th Cir. 2006). In some cases, prudence and judicial economy weigh in favor of concurrent proceedings, and the district courts can employ mechanisms, including the "stay and abey" procedure, to prevent duplication of effort or procedural confusion. In this case, it is impossible to be certain of the correct triggering date for the applicable statute of limitations. Therefore, permitting Mr. Agofsky to file his petition, and then staying the proceedings and holding them in abeyance, will promote justice by protecting his right to one fair §2255 motion, while simultaneously preventing any conflict with his pending appeal.

In *Prows,* the government's appeal of the defendant's sentence was still pending when he filed his §2255 petition. 448 F.3d at 1227. This led the district court to dismiss the petition as

11

premature.  *Id.*  The Court of Appeals reversed, citing authority from other circuits.[4]  It stated that it was "abundantly clear" that there was no jurisdictional bar to adjudication of such a motion, and that judicial economy should determine whether the district court entertained the petition.  *Id.* at 1228.  The Court found that "extraordinary circumstances" justified concurrent proceedings, because the sentencing issue on appeal was entirely distinct from the ineffective assistance issue raised in the §2255 petition, and because otherwise the government could forestall review of ineffective assistance claims by filing appeals.  *Id.* at 1228-29.  It noted that "[t]o the extent that resolution of the government's direct appeal directly implicated issues contained in the §2255 motion based upon ineffective assistance of counsel, a district court could exercise its discretion to stay the §2255 motion."  *Id.* at 1229 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).

As the *Prows* court observed, a district court's jurisdiction to entertain a §2255 motion while a direct appeal is pending is widely recognized.  *See United States v. Ford*, 215 Fed. Appx. 167, 167-69 (3d Cir. 2007) (rule disfavoring simultaneous proceedings one of judicial economy, not jurisdiction; no extraordinary circumstances because motion, like appeal, challenged entire conviction and sentence); *Outen,* 286 F.3d at 632 (defendant's appeal, which was in abeyance during §2255 motion, did not deprive district court of jurisdiction); *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995) (remanding to district court for determination in first instance whether "extraordinary circumstance" justified simultaneous proceedings); *United States v. Khoury*, 901 F.2d 975, 976 & n.1 (11th Cir. 1990) (recognizing existence of "extraordinary circumstances" exception to general rule that defendant "may not seek collateral relief" while direct appeal pending).  Courts ordinarily decline to exercise that jurisdiction for reasons of judicial economy; "the disposition of the appeal may render the [§2255 motion] moot."  *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968).  Nevertheless, in appropriate cases, permitting simultaneous proceedings is the most sensible

---

[4]  The court cited *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002); *DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988); *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981); and *Womak v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968).  448 F.3d at 1228.

and just course.  *See United States v. Robinson*, 8 F.3d 398, 404-06 (7th Cir. 1993) (extraordinary circumstances which would justify simultaneous proceedings depend on need for speedy relief and need to conserve resources) (citing *United States v. DeRango*, 864 F.2d 520 (7th Cir. 1988)).

The Court of Appeals for the Seventh Circuit implicitly found extraordinary circumstances in *O'Connor v. United States*, 133 F.3d 548 (7th Cir. 1998), by rejecting the government's argument that such circumstances did not exist.  The district court in that case had dismissed the defendant's §2255 motion because his concurrent appeal of the denial of a new trial motion was then pending.  *Id.* at 549.  In an opinion by Judge Easterbrook, the Court of Appeals held that the imminent expiration of the one-year statute of limitations for the §2255 motion was a "significant" circumstance supporting its filing at that time.  *Id.* at 550.

> A prisoner may select from a palette of post-trial motions the one that best suits his circumstances, and if more than one is made at the same time the court can and should consider them together.  Consolidation is harder if the decision concerning one motion is on appeal when the second reaches the district court, but until the AEDPA the prisoner could wait to file the second.  No longer.  Now delay can be dispositive. . . . Priority now must go to petitions under §2255, for once the direct appeal ends the clock starts ticking.  Treating all issues together still makes sense, and it remains a poor use of judicial resources to have separate challenges to a conviction pending at the same time, but it is no longer appropriate to achieve these benefits by denying the §2255 motion, as opposed to consolidating all of the defendant's motions *or, when that is not possible, deferring action on the §2255 petition until the appeal is over.*

*Id.* at 550-51 (emphasis added).

In Mr. Agofsky's case, permitting simultaneous proceedings will not only promote both justice and economy; it is also essential to protecting his rights under §2255.  Although Mr. Agofsky seeks this Court's ruling that his judgment of conviction is not yet final on the basis of the precedents set forth in Point II, the Supreme Court has not yet addressed this precise statute of limitations issue under 28 U.S.C. §2255.  Because Mr. Agofsky's projected §2255 motion will challenge a capital

13

conviction and death sentence, he cannot afford to risk a mistake in calculating the due date, or to be compelled to file successive petitions. *See Burton v. Stewart, supra.* Indeed, the risk to his welfare – and his life – is such that his counsel are ethically required to file his §2255 motion within the year following denial of *certiorari* on his initial appeal (January 22, 2007). *See* ABA Guidelines for the Appointment and Performance of Defense Counsel in Capital Cases, Guidelines 10.8(A)(3)(c), 10.15.1(C), 31 Hofstra L. Rev. 913, 1028, 1079 (Summer 2003) (all counsel should evaluate claims in light of importance of protecting against later government forfeiture arguments, and post-conviction counsel should make "every professionally appropriate effort to present issues in a manner that will preserve them for subsequent review"). Therefore, Mr. Agofsky seeks permission to file his §2255 motion within that time, to stay further proceedings, and to hold the motion in abeyance until the conclusion of direct review of his reconviction and resentencing. *See Rhines,* 544 U.S. 269. As noted in *Prows*, this mechanism will prevent duplication of effort or confusion between the appellate and §2255 proceedings. 448 F.3d. at 1229. It will simultaneously protect Mr. Agofsky's right to a fairly litigated challenge to his conviction and sentence pursuant to §2255. *Cf. Pace*, 544 U.S. at 416 (noting that §2254 petitioner could avoid "predicament" created by uncertainty over availability of state exhaustion remedies by filing "protective" petition in federal court and asking federal court to stay and abey those proceedings until state remedies exhausted); *Delaney v. Matesanz,* 264 F.3d 7, 15 n.5 (1st Cir. 2001) (§2254 petitioner should have sought stay – instead of dismissal – of first petition before returning to state court to exhaust; second petition out of time); *Bader v. Warden*, No. 02-cv-508-JD, 2005 WL 1528761, at *6 (D.N.J. June 29, 2005) (§2254 petitioner's motion to stay to permit exhaustion of new claim denied, in part, because of failure to file protective *Rhines* petition respecting that claim).

Mr. Agofsky should not be required to sacrifice one right (to appeal an erroneous decision) in order to protect another (to raise post-conviction issues). *See Roper v. Weaver*, 127 S.Ct. 2002, 2023 (2007) (dismissing *cert.* as improvidently granted) (district court "put [Weaver] to a choice" of

14

forgoing a petition for *certiorari* or having his §2254 petition dismissed, but was "wrong to conclude" that this choice was necessary to exhaust state remedies).  Permitting him to file his §2255 petition while the new appeal is pending will avoid that unjust dilemma.  Because of these extraordinary circumstances, the Court should permit Mr. Agofsky to file his projected §2255 motion during his new appeal, and stay and hold the petition in abeyance until the new appeal's conclusion.

## **CONCLUSION**

For all these reasons, Mr. Agofsky requests the following relief:

1.  An order, entered with the government's consent, providing that Mr. Agofsky may file his projected motion pursuant to 28 U.S.C. §2255 during his new appeal, and further providing that the Court will stay the proceedings on the motion and hold it in abeyance until after the conclusion of his new appeal and the disposition of any petitions for rehearing *en banc* and *certiorari*, or the expiration of the time for filing a *certiorari* petition;

2.  An order permitting the continued investigation and preparation of the projected §2255 motion while the new appeal is pending;

3.  An order providing that the statute of limitations for the filing of the projected §2255 motion will not begin to run until the conclusion of direct review; and

4.  Such other and further relief as the Court deems just and proper.

Respectfully submitted this 1 day of October, 2007

/s/Claudia Van Wyk_____
CLAUDIA VAN WYK, NJ Bar #012401981
Gibbons, P.C.
One Gateway Center
Newark, New Jersey  07102-5310
Telephone (973) 596-4811
Facsimile (973) 639-6231

/s/Jennifer Merrigan_____
JENNIFER MERRIGAN, MO Bar #56733
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

16

## **CERTIFICATE OF SERVICE**

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

/s/
Claudia Van Wyk, Esq.

Dated:           October 1, 2007

17