No. 07-40330


IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT


UNITED STATES OF AMERICA,
Plaintiff-Appellee,


v.


SHANNON WAYNE AGOFSKY,
Defendant-Appellant.


Appeal from the United States District Court
for the Eastern District of Texas


_____

BRIEF FOR APPELLANT
_____


MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas

BRENT E. NEWTON
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 310
Houston, TX 77002-1634
 Telephone:  (713) 718-4600

## CERTIFICATE OF INTERESTED PERSONS
### United States v. Shannon Wayne Agofsky
### No. 07-40330

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

1.  The Honorable Thad Heartfield, United States District Judge.

2.  Shannon Wayne Agofsky, Defendant-Appellant.

3.  United States of America, Plaintiff-Appellee.

4.  Counsel for Plaintiff-Appellee:
    United States Attorney John L. Ratcliffe;
    Assistant United States Attorneys John B. Stevens, Jr. and Joe Batte (trial counsel); and Ms. Traci L. Kenner, Assistant United States Attorney (appellate counsel).

5.  Counsel for Defendant-Appellant:
    Federal Public Defender G. Patrick Black and Douglas M Barlow, Esq. (trial counsel); Federal Public Defender Marjorie A. Meyers and Assistant Federal Public Brent E. Newton (appellate counsel).

These representations are made so that the judges of this court may evaluate possible disqualification or recusal.

_____
BRENT E. NEWTON

i

## REQUEST FOR ORAL ARGUMENT

The defendant-appellant, Shannon Wayne Agofsky, requests oral argument in this death penalty case.

## TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

      A.     Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

      B.     Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

     ISSUE RESTATED: Mr. Agofsky's conviction under, and death
     sentence for, Count Two of the superseding indictment are invalid in
     view of the jury's special finding that he did not commit the murder
     "intentionally." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

TABLE OF CITATIONS

Page

CASES

Blackwell v. Cities Service Oil Co., 532 F.2d 1006
  (5th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Christianson v. Colt Industries Operating Corp.,
  486 U.S. 800 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Dunn v. United States, 284 U.S. 390 (1932) . . . . . . . . . . . . . . . . . . . . . . . . 11, 17

Eddings v. Oklahoma, 455 U.S. 104 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Jones v. United States, 527 U.S. 373 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pipefitters Local Union No. 562 v. United States,
  407 U.S. 385 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12, 17-18

Santamaria v. Sears, Roebuck & Co., 466 F.3d 570
  (7th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tison v. Arizona, 481 U.S. 137 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Agofsky, 458 F.3d 369
  (5th Cir. 2006), cert. denied,
  127 S. Ct. 1149 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8, 10-11, 13

United States v. Browner, 889 F.2d 549
  (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Cheever, 423 F. Supp. 2d 1181
  (D. Kan. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Dotterweich, 320 U.S. 277 (1943) . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF CITATIONS - (Cont'd)

Page

CASES - (Cont'd)

United States v. Frady, 456 U.S. 152 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

United States v. Harrelson, 754 F.2d 1153
  (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

United States v. Ibarra-Zelaya, 465 F.3d 596
  (5th Cir.2006), cert. denied,
  127 S. Ct. 992 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Johnson, 223 F.3d 665
  (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 19

United States v. Lawrence, 477 F. Supp. 2d 864
  (S.D. Ohio 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 19

United States v. Lucarelli, 490 F. Supp. 2d 295
  (D. Conn. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

United States v. Lucio, 227 Fed. Appx. 410
  (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Mathews, 312 F.3d 652
  (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Olano, 507 U.S. 725 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Pearson, 159 F.3d 480
  (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Powell, 469 U.S. 57 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17

TABLE OF CITATIONS - (Cont'd)

Page

CASES - (Cont'd)

United States v. Wilson, 178 F. Supp. 881
  (D.D.C. 1959)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

STATUTES AND RULES

18 U.S.C. § 1111 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 8, 14-16

18 U.S.C. § 1118 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 13-14

18 U.S.C. § 3591 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3591(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 3591(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 3591(a)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 3591(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3591(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3591(c)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

18 U.S.C. § 3591(c)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3595 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3595(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 18

18 U.S.C. § 3595(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TABLE OF CITATIONS - (Cont'd)

Page

STATUTES AND RULES - (Cont'd)

18 U.S.C. § 3595(c)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 19

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. P. 4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5th Cir. R. 28.2.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i


MISCELLANEOUS

Fifth Circuit Pattern Jury Instructions, § 2.55, Murder (First Degree) . . . . . . . . . 14

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291 as an appeal from a final judgment of conviction and sentence in the United States District Court for the Eastern District of Texas, Beaumont Division, and under 18 U.S.C. § 3595 as an appeal of a death sentence. Notice of appeal was timely filed in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure.

## STATEMENT OF THE ISSUE

Whether Mr. Agofsky's conviction under, and death sentence for, Count Two of the superseding indictment are invalid in view of the jury's special finding that he did not commit the murder "intentionally."

<u>STATEMENT OF THE CASE</u>

A.    <u>Proceedings Below</u>[1]

On February 19, 2004, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a two-count superseding indictment that charged the defendant-appellant, Shannon Wayne Agofksy, with: (1) murdering Luther Plant while Mr. Agofksy was then confined in a federal correctional institution under a sentence for a term of life imprisonment, in violation of 18 U.S.C. § 1118 (Count One); and (2) "willfully, deliberately, maliciously and under premeditation and malice aforethought" murdering Luther Plant, in violation of 18 U.S.C. § 1111 (Count Two). R. 81-82.  The indictment also alleged various "special findings" in accordance with 18 U.S.C. § 3591, including certain statutory aggravating factors that, if proven, would make Mr. Agofsky eligible for the death penalty.  R. 82-83. On February 24, 2004, the Government filed its formal notice of its intent to seek the death penalty. R. 81.  Mr. Agofsky entered a plea of not guilty, and his case proceeded to a jury trial. R. 93.

On July 8, 2004, the jury returned a verdict of guilty on both counts of the superseding indictment.  R. 561-62.  On July 12, 2004, the capital sentencing phase

---

[1] The record on appeal ("R.") is cited by the "USCA5" page number appearing on the right-hand side of the relevant documents contained in the record (*e.g.*, R. 51).

began.  R. 572.  On July 16, 2004, the jury returned a sentencing verdict making various special findings and ultimately concluding that Mr. Agofsky should be sentenced to death on both counts of conviction.  See Court Reporter's Transcript of July 16, 2004 Proceedings, at 386-87.[2]  The district court, in accordance with the jury's special findings and punishment verdicts, formally sentenced Mr. Agofsky to death on both counts of conviction.  R. 606.  On July 23, 2004, Mr. Agofsky filed a motion for a new trial, which the district court denied in a written order on September 2, 2004.  R. 636.

Mr. Agofsky timely filed a notice of appeal.  R. 633.  On July 28, 2006, this Court entered its opinion, which found that the two counts of conviction were multiplicitous; this Court thus vacated the judgment of the district court and remanded with instructions "to impose, at the Government's election, a guilty verdict and death sentence" for only one of the two original counts of conviction.  United States v. Agofsky, 458 F.3d 369, 375 (5th Cir. 2006), cert. denied, 127 S. Ct. 1149 (2007).

On remand to the district court, the Government elected the conviction and

---

[2] For reasons that are not apparent, the written special verdict form signed by the jury's foreperson at the conclusion of the sentencing phase (Docket Entry 177) does not appear in the current version of the record.  The court reporter's transcription of the July 16, 2004 proceedings contains the content of the special verdict form, which was orally recited during the proceedings. The written, signed verdict form appeared in the original version of the record used by counsel and this Court during the first appeal in this case (and appeared in appellant's record excerpts).  Because that document appears in the original record excerpts on file with this Court and was part of the original record in this case, it will be included in the record excerpts filed along with this brief.

corresponding death sentence in connection with Count Two of the superseding indictment, which alleged "premeditat[ed]" first-degree murder under 18 U.S.C. § 1111.  R. 689.  Count One of the superseding indictment, which alleged murder committed by a federal prisoner serving a life sentence under 18 U.S.C. § 1118 (an offense not requiring "premeditation" as an essential element), was dismissed.  R. 701. The district court entered an amended judgment, which sentenced Mr. Agofsky to death solely on Count Two of the superseding indictment. R. 704-08.

Mr. Agofsky filed a timely notice of appeal.  R. 709.

B.    Statement of the Facts

This Court's opinion in the initial appeal in this case succinctly described the prosecution's evidence at trial:

> The evidence adduced at trial showed that Agofsky murdered Luther Plant, an inmate incarcerated with Agofsky at the federal penitentiary in Beaumont, Texas.  Agofsky killed Plant by striking him to the floor and then repeatedly stomping his head and neck into the concrete.  The jury returned a guilty verdict . . . .  At the sentencing phase, the Government introduced evidence of Agofsky's prior murder conviction.  He had killed a bank president during the course of an armed robbery by tying him to a chair and throwing him into a lake.  The Government also presented the jury with evidence that Agofsky had engaged in prior serious misconduct while in prison and bragged about his violent tendencies. The jury found several statutory and non-statutory aggravating factors, including that the murder was especially heinous, cruel, or depraved. After considering a variety of mitigating factors, the jury found that a death sentence was warranted . . . .

Agofsky, 458 F.3d at 371.

The only additional relevant facts on this appeal concern the jury's special verdict at the punishment phase.  Pursuant to 18 U.S.C. § 3591(a)(2), the jury specifically found that Mr. Agofsky did **not** "intentionally" kill Luther Plant.  Rather, the jury found that Mr. Agofsky possessed only lesser forms of mens rea[3] – namely,

_____

[3] See United States v. Cheever, 423 F. Supp.2d 1181, 1200-01 (D. Kan. 2006) (describing the "gateway" mens rea factors in 18 U.S.C. § 3591(a)(2) as "listing in descending order of culpability those mental states that would satisfy constitutional concerns for imposing the death penalty," namely, intent to kill in § 3591(a)(2)(A) down to "reckless disregard for human life" in § 3591(a)(2)(D)); see also Tison v. Arizona, 481 U.S. 137 (1987) (discussing the types of mens rea short of intent to kill that are required for imposition of the death penalty to be constitutional).

6

that he "intentionally inflict[ed] serious bodily injury" resulting in death and also "intentionally" and "recklessly" "participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person." <u>See</u> Court Reporter's Transcript of July 16, 2004 Proceedings, at 386-88.

## SUMMARY OF THE ARGUMENT

Mr. Agofsky's conviction and death sentence for Count Two of the superseding indictment are invalid in view of the jury's special finding that he did not commit the murder "intentionally." Although the jury's guilty verdict on Count Two encompassed an implicit but necessary finding that the murder was committed in a "premeditated" and "deliberate" manner – a necessary mens rea element of first-degree murder under 18 U.S.C. § 1111 – the jury's subsequent explicit finding during the capital sentencing phase (i.e., that the murder was not committed "intentionally") flatly contradicted the jury's original, implicit finding of "premeditation" and "deliberation." Although the prior panel rejected this claim during Mr. Agofsky's initial appeal, see Agofksy, 458 F.3d at 375, this panel – or at the very least, the en banc Court – should reconsider this issue because the initial panel's holding was clearly erroneous and, if left intact, would result in a miscarriage of justice. The law-of-the-case doctrine is not a bar to this Court's correction of the error made by the original panel.

8

ARGUMENT

ISSUE RESTATED: Mr. Agofsky's conviction under, and death sentence for, Count Two of the superseding indictment are invalid in view of the jury's special finding that he did not commit the murder "intentionally."

A.      Standard of Review

Ordinarily, this Court would engage in "plain error" review of an issue – like the one raised herein – when it was not raised in the district court. See United States v. Olano, 507 U.S. 725 (1993). However, because this is a death penalty appeal, this Court should engage in a plenary review of the record in order to determine "whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor . . . ." 18 U.S.C. § 3595(c)(1). The error identified in this brief is precisely that type of "arbitrary" factor.[4] Alternatively, assuming arguendo that the

---

[4] The Supreme Court's decision in Jones v. United States, 527 U.S. 373, 388-89 (1999), does not require otherwise. In that case, the Supreme Court held that the appellate "arbitrariness" review mandated by 18 U.S.C. § 3595(c)(1) did not exempt a claim challenging jury instructions that was raised for the first time on appeal from application of the plain error standard. Jones, 527 U.S. at 389. The Court's holding was based on the fact that § 3595(c)(2)(C) specifically provides that an appellate court must reverse a death sentence when a "legal error" was "properly preserved for appeal under the rules of criminal procedure." Id. The Court thus reasoned that "Congress sought to impose a timely objection requirement at sentencing [for claims of 'legal error'] and did not intend to equate the phrase 'arbitrary factor' with legal error." Id.

In the instant case, unlike in Jones, Mr. Agofsky's claim of an "arbitrary factor" requiring reversal of his death sentenced under 18 U.S.C. § 3595(c)(2) is not a claim alleging a traditional type of "legal error" – such as the defendant's complaint about the jury instructions – and, instead, falls squarely within § 3595(c)(2)(A). Mr. Agofsky's claim focuses on clearly arbitrary actions by the jury in this case that call into serious question the validity of the death sentence. See United States v. Johnson, 223 F.3d 665, 676 (7th Cir. 2000) ("Of course, if the inconsistencies [in the capital

9

plain error standard is applicable, the constitutional error discussed herein would qualify for reversal under the plain error standard in that the error is plain and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Ibarra-Zelaya, 465 F.3d 596, 606 (5th Cir.2006), cert. denied, 127 S. Ct. 992 (2007).  Arbitrary action by a jury in a death penalty case that contributes to a verdict of death is quintessential constitutional error that seriously affects the fairness, integrity, and reputation of judicial proceedings.  Eddings v. Oklahoma, 455 U.S. 104, 117-18 (1982) (O'Connor, J., concurring) ("[T]his Court has gone to extraordinary measures to ensure that the prisoner sentenced to be executed is afforded a process that will guarantee, as much as humanly possible, that the sentence was not imposed out of whim, passion, prejudice, or mistake.").

B.      The Law-of-the-Case Doctrine Does Not Foreclose Either the Panel or the En Banc Court from Reconsidering the Original Panel's Erroneous Holding.

At the outset, Mr. Agofsky recognizes that the prior panel that heard his initial appeal in this case rejected the very claim he is raising in this brief.  See Agofsky, 458 F.3d at 375.  The prior panel did so based on its threshold conclusion that, "without exception," inconsistent verdicts are to be tolerated in criminal cases (including death

---

jury's verdict] were such as to indicate the verdict was a product of irrationality, it would have to be set aside [under 18 U.S.C. § 3595(c)(2)(A)].").

10

penalty cases) and not subject to judicial review.  See id. (citing Dunn v. United States, 284 U.S. 390 (1932), and United States v. Powell, 469 U.S. 57 (1984)).  Ordinarily, of course, such a ruling by a prior panel would be preclusive in a subsequent case under the law-of-the-case doctrine.  See, e.g., United States v. Lucio, 227 Fed. Appx. 410, 411 (5th Cir. 2007).

However, the "law of the case [doctrine] is not a jurisdictional rule, but a discretionary practice. The doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power. . . .  Law of the case therefore is not inviolate." United States v. Mathews, 312 F.3d 652, 657 (5th Cir. 2002) (citations and internal quotation marks omitted). "The doctrine has three exceptions: (1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." Id.  Mr. Agofsky contends that the third exception applies to his case.

As discussed in Part D., infra, Pipefitters Local Union No. 562 v. United States, 407 U.S. 385, 400 n.11 (1972), is authority for the proposition that a material inconsistency between the criminal jury's general verdict of guilty and its specific findings made in response to special interrogatories submitted concerning sentencing factors is subject to judicial review and the appropriate remedy in such a case is a

11

reversal of a criminal defendant's conviction.[5]  In addition, the panel entirely failed to address Mr. Agofsky's compelling argument that the inconsistency between the jury's guilty verdict and special finding at the punishment phase was reviewable under 18 U.S.C. § 3595(c)(1) & (c)(2)(A) as an "arbitrary factor" in this death penalty case. See United States v. Johnson, 223 F.3d 665, 676 (7th Cir. 2000) ("Of course, if the inconsistencies [in the capital jury's verdict] were such as to indicate the verdict was a product of irrationality, it would have to be set aside [under 18 U.S.C. § 3595(c)(2)(A)]."); see also United States v. Lawrence, 477 F. Supp.2d 864, 868-69 (S.D. Ohio 2006) (citing Johnson with approval).

Alternatively, even if this panel were to believe it were bound by the prior panel's decision under the law-of-the-case doctrine, this Court sitting en banc would not be so bound for two reasons.  (In the event that this panel refuses to reach the merits of the issue raised herein under the law-of-the-case doctrine, Mr. Agofsky intends to petition the en banc Court to review his case.)  First, a decision of an inferior three-judge panel in a prior stage of the appellate process cannot bind the superior en banc Court in a subsequent stage of the appellate process under the law-of-the-case doctrine – just as the law-of-the-case doctrine would not bind the Supreme

---

[5] Counsel for Mr. Agofsky regrets that Pipefitters was not cited in the original brief.  The portion of the Supreme Court's decision in Pipefitters – footnote 11 – has been a rarely cited precedent (likely because such contradictions between a general verdict of guilty and a special finding by the jury related to a sentencing issue have been an extremely rare occurrence in criminal cases); it was discovered by counsel only after the initial appeal in this case.

12

Court in the event certiorari were to be granted.  See Christianson v. Colt Industries Operating Corp., 486 U.S.  800, 817 (1988) ("[The] law of the case cannot bind this Court in reviewing decisions below.  A petition for writ of certiorari can expose the entire case to review."); see also Santamaria v. Sears, Roebuck & Co., 466 F.3d 570, 572 (7th Cir. 2006) (holding that "the law of the case doctrine does not bar review of a lower court by a higher one").  Second, at the time that the panel issued its decision in Mr. Agofsky's initial appeal, the claim raised herein would not have been properly raised in a petition for rehearing by the en banc court (or in a certiorari petition).  That is because the panel had vacated both convictions and death sentences originally imposed and remanded with instructions for the Government to elect *one* of the two convictions and corresponding death sentences.  Agofsky, 458 F.3d at 375.  The claim raised herein would not have been ripe to include in a petition for rehearing en banc because it was not then known whether the Government would elect the conviction and death sentence associated with Count One or the conviction and death sentence associated with Count Two.  If the Government had elected the former, the factual and legal basis for the claim asserted herein would have disappeared insofar as the jury's finding during the punishment phase (that Mr. Agofsky did not commit the murder intentionally) would not have contradicted the jury's guilty verdict on Count One, which did not require a mens rea of intent to kill or premeditation under 18 U.S.C. §

13

1118.

C.      The Jury's Special Finding that the Murder Was Not Committed "Intentionally"
        Flatly Contradicts the Jury's Earlier Finding that the Murder Was Committed
        in a "Premeditated" and "Deliberate" Manner.

Both the second count of the superseding indictment and the district court's jury instructions regarding Count Two required jurors to find that Mr. Agofsky killed Luther Plant in a "willful," "deliberate," "malicious," and "premeditated" manner before he could be convicted of Count Two. R. 553.[6]  The indictment and jury instructions tracked well-established federal law that requires, as an essential element of first-degree murder under 18 U.S.C. § 1111, that a defendant first formed an intent to kill and then engaged in some degree of "premeditation" before the murder occurred.  See Fifth Circuit Pattern Jury Instructions, § 2.55, Murder (First-Degree) ("A killing is 'premeditated' when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, *after forming the intent to kill*, to be fully conscious of that intent.") (emphasis added); see also United States v. Frady, 456 U.S. 152, 170 n.18 (1982) (noting that the District of Columbia murder

---

[6] The district court's instructions, which followed the Fifth Circuit Pattern Jury Instructions, defined "premeditation" as follows:  "A killing is 'premeditated' when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances.  No particular period of time is required.  It must be long enough for the killer, *after forming the intent to kill*, to be fully conscious of that intent."  R. 553 (emphasis added).

14

statute in effect in that case, which was effectively identical to the federal murder statute, "distinguish[es] deliberate and premeditated murder from other murder," and "reflect[s] a belief that one who meditates an intent to kill and then deliberately executes it is more dangerous, more culpable or less capable of reformation than one who kills on sudden") (citation and internal quotation marks omitted); <u>United States v. Harrelson</u>, 754 F.2d 1153, 1172 (5th Cir. 1985) ("First degree murder under § 1111 clearly requires the criminal intent of premeditation and malice aforethought."); <u>United States v. Wilson</u>, 178 F. Supp. 881, 884 (D.D.C. 1959) ("The distinction between murder in the first degree and murder in the second degree is that the former, in addition to intent to kill, requires premeditation and deliberation, while murder in the second degree does not require any premeditation or deliberation and not even an intent to kill, if the killing is accompanied with malice.").[7] As reflected in the district court's jury instructions and in this Court's precedent, one necessarily cannot possess the higher degree of <u>mens rea</u> of "premeditation" and "deliberation" without first having the lesser degree of <u>mens rea</u> of "intent to kill." R. 553; <u>see also</u> <u>Frady</u>, 456 U.S. at 170 n.18.

---

[7] Intent to kill (without premeditation), while sufficient (but not necessary) to support a second-degree murder conviction, is not sufficient to support a conviction for first-degree murder. <u>See</u> <u>United States v. Browner</u>, 889 F.2d 549, 551-52 (5th Cir. 1989); <u>see also</u> <u>United States v. Pearson</u>, 159 F.3d 480, 486 (10th Cir. 1998) ("[S]econd-degree murder's malice aforethought element is satisfied by: (1) intent-to-kill without the added ingredients of premeditation and deliberation; (2) intent-to-do-serious bodily injury; (3) depraved-heart; or (4) commission of a felony [in connection with the killing].").

One would assume that the jury, in returning a guilty verdict on Count Two, unanimously found beyond a reasonable doubt that Mr. Agofsky acted with the mens rea of "premeditation" and "deliberation" (i.e., that he first formed an intent to kill Plant and then, after some interval of time, did so) – as the jury instructions explicitly required such a finding for a guilty verdict to be returned.[8]  However, in its subsequent special findings made in response to the special verdict form submitted during the capital sentencing phase, jurors unanimously answered "no" to the following question: "Do you, the jury, unanimously find that the Government has established beyond a reasonable doubt that the defendant, Shannon Wayne Agofsky, *intentionally* killed the victim, Luther Plant?"  Court Reporter's Transcript of July 16, 2004 Proceedings, at 386-88.  (emphasis added).

The jury's unanimous finding on the special verdict form during the capital

---

[8] In its brief filed in the initial appeal in this case, the Government erroneously contended that the guilty verdict on Count Two and the jury's special finding that the murder was not "intentional" "are not necessarily inconsistent."  Brief of the United States (5th Cir. No. 04-41219), at 45.  In particular, the Government contended that the jury could have convicted Mr. Agofsky of the offense alleged in Count Two by finding only that he acted with "callous and wanton disregard for human life" rather than with premeditation.  Id.  This argument is based on a fundamental misunderstanding of the mens rea required for a conviction of first-degree murder under 18 U.S.C. § 1111.  As discussed above, a conviction for first-degree murder requires the jury to conclude beyond a reasonable doubt that the defendant murdered in a premeditated and deliberate manner. The Government's argument is based on an erroneous reliance on the lesser mens rea of "malice aforethought," which only requires that a defendant act with "callous and wanton disregard for human life" and is by itself sufficient for a conviction for *second-degree* murder, but not first-degree murder.  First-degree murder requires not only malice aforethought but also deliberation and premeditation.  See United States v. Harrelson, 754 F.2d 1153, 1172 (5th Cir. 1985) ("First degree murder under § 1111 clearly requires the criminal intent of premeditation and malice aforethought.").

16

sentencing phase – that the prosecution had not proven that Mr. Agofsky committed the murder "intentionally" – flatly contradicts the jury's earlier verdict finding him guilty of a "deliberate" and "premeditated" murder.  Unquestionably, if a defendant did not kill another person "intentionally," then a fortiori the murder could not have been "deliberate" and "premeditated."

D.    The Contradiction Between the Jury's General Verdict at the Guilt-Innocence Phase and Its Special Findings at the Punishment Phase Require This Court to Reverse Mr. Agofsky's Conviction and Death Sentence.

The Supreme Court has held that, in criminal cases, inconsistent verdicts with respect to two different counts in the indictment or with respect to two different co-defendants is not subject to judicial review and will be tolerated by our legal system. See United States v. Powell, 469 U.S. 57 (1984); United States v. Dotterweich, 320 U.S. 277 (1943); Dunn v. United States, 284 U.S. 390 (1932). However, when there is a significant contradiction between a jury's general verdict and its special verdict *regarding the same count*, the Supreme Court has not taken this approach and, instead, has stated that the remedy in such a case would be a new trial.  See Pipefitters Local Union No. 562 v. United States, 407 U.S. 385, 400 n.11 (1972) ("[T]he jury's special finding may well have been inconsistent with its general verdict, but that, we hold,

17

could require only reversal, not acquittal."); [9] see also United States v. Lucarelli, 490 F. Supp.2d 295, 299-300 (D. Conn. 2007) (discussing Pipefitters, supra, and noting that: "The Government . . . cites this case to support its contention that the appropriate remedy here is a new trial, rather than acquittal."); cf. Blackwell v. Cities Service Oil Co., 532 F.2d 1006, 1008 (5th Cir. 1976) (in civil case with inconsistency between jury's general verdict and special findings, "if the answers to the interrogatories are inconsistent with the [general] verdict, the trial judge may either enter judgment in accordance with the answers and notwithstanding the general verdict, may return to the jury for further consideration of its answers and verdict, or may order a new trial"; holding that the judge "may not enter a judgment on a verdict inconsistent with the interrogatories").

At the very least, a material contradiction between a capital jury's guilty verdict and its answers to the special interrogatories submitted during the sentencing phase should result in a reversal of the death sentence under 18 U.S.C. § 3595(c)(1) &

---

[9] In Pipefitters, a federal criminal prosecution of a union and union officials, the district court, in instructing the jury on the alleged offense of conspiring to violate the since-repealed federal law against a labor union making a contribution in connection with a federal election, required a "specific intent" by the defendants for a conviction. 407 U.S. at 400 n.11. The court also submitted a special sentencing interrogatory to the same jury, which asked jurors whether the offense was done "willfully"; the jury answered the special interrogatory in the negative. Id. On appeal, the defendants contended that the jury's special finding contradicted the jury's general verdict on the mens rea issue and asked for a judgment of acquittal based on the special finding. The Supreme Court stated that an acquittal was not the appropriate remedy and, instead, stated that such an inconsistency "could require only reversal, not acquittal." Id. The Court ultimately reversed the defendants' convictions on an entirely separate ground. See 407 U.S. at 442.

18

(c)(2)(A).  See United States v. Johnson, 223 F.3d 665, 676 (7th Cir. 2000) ("Of course, if the inconsistencies [in the capital jury's verdict] were such as to indicate the verdict was a product of irrationality, it would have to be set aside [under 18 U.S.C. § 3595(c)(2)(A)].");  see also United States v. Lawrence, 477 F. Supp.2d 864, 868-69 (S.D. Ohio 2006) (citing Johnson with approval).  Therefore, even assuming arguendo that an inconsistent special finding on an essential element of the offense would not result in the reversal of a general verdict of guilt in a non-capital case, such an inconsistency should result in a reversal of a death sentence and remand with instructions to "impos[e] . . . a sentence other than death" or a new sentencing hearing. 18 U.S.C. §3595(c)(2).

19

## CONCLUSION

The defendant-appellant, Shannon Wayne Agofsky, respectfully requests that this Court reverse his conviction and death sentence on count two of the superseding indictment and remand for the district court either to reform that conviction to the lesser-included offense of second-degree murder and impose a non-capital sentence or, alternatively, grant him a new trial or a new sentencing hearing.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas


_____
BRENT E. NEWTON
Assistant Federal Public Defender
Southern District of Texas
Attorney for Appellant
440 Louisiana Street, Suite 310
Houston, TX 77002-1634
          Telephone:  (713) 718-4600

20

CERTIFICATE OF SERVICE

I, BRENT E. NEWTON, certify that today, August 29, 2007, a copy of the brief for appellant, a computer readable 3.5 inch disk containing a copy of the brief, and a copy of the record excerpts, were served by Federal Express, No. 8384 4148 8738. One box containing the official record in this case, consisting of two volumes of pleadings and twenty-two volumes of transcripts, and six folders of exhibits including two VHS tapes, were also served by Federal Express No. 8384 4148 8727, upon counsel for the Government, Ms. Traci L. Kenner, Assistant United States Attorney, at her law office located at 100 North College, Suite 700, Tyler, Texas 75702.


_____

BRENT E. NEWTON

21

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because it contains 4,505 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel WordPerfect 13.0 software in Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes.

3.     This brief, and the accompanying electronic copy of this brief on a 3.5 inch diskette, comply with 5TH CIR. R. 31.1 because they have been converted into Portable Document File (PDF) format.    Pursuant to 5TH CIR. R. 32.2 and .3, undersigned counsel certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32 (a)(7).

_____

BRENT E. NEWTON

N:\WPDOC\APPEALS\AGOFSKY, SHANNON WAYNE\Agofsky, Shannon.OPNBRF.2007_08_29.wpd

22