**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No.    **1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**UNOPPOSED MOTION FOR ALL SEALED PROCEEDINGS, MOTIONS, AND**
**ORDERS**

COMES NOW defendant, by counsel, and moves this Court to permit current defense counsel to access *ex parte* motions and orders and other proceedings or docket entries sealed at the request of the defense or on behalf of the defense during the underlying criminal case against Mr. Agofsky.[1]  In support of this motion, counsel for Mr. Agofsky states as follows:

1.       Mr. Agofsky is incarcerated in the United States Penitentiary ("USP") at Terre Haute under sentence of death pursuant to a conviction for the murder of inmate Luther Plant.  On February 23, 2007, following denial of certiorari on January 22, 2007, this Court granted a motion for appointment of counsel to represent Mr. Agofsky in preparing and filing his petition under 18 U.S.C. §2255.

2.       In this matter counsel was appointed to represent Mr. Agofsky effective February 1, 2007, in connection with a petition pursuant to 18 U.S.C. § 2255 for relief from a conviction and death sentence.

3.       On July 3, Mr. Agofsky filed an *ex parte* Motion for All Sealed Proceedings, Motions, and Orders from Case No. 1:03-cr-00173.

4.       In an order dated August 22, this Court denied that motion without prejudice, and concurrently ordered the parties to submit briefs on whether extraordinary circumstances existed

---

[1] The following documents were filed under seal, according to the electronic docket available on pacer, Document numbers 21, 22, 49, 50, 51, 52, 53, 54, 59, 60, 61, 62, 63, 64, 72, 93, 101, 102, 108, 113, 114, 139, 147, 183, 185, 186, 188, 190, 200, 224, 227, and 228.  Defense also requests sealed CJA authorization forms, which do not have document numbers, but were filed on 06/04/04, 07/21/04, 08/25/04, 09/01/04, 10,05/04, and 11/10/04.

to justify allowing the case to proceed during the pendency of Mr. Agofsky's new direct appeal from his reconviction and resentencing.  Mr. Agofsky submitted the brief as ordered.

5.      On October 9, the Court ordered that Mr. Agofsky's current counsel be permitted to continue working on his section 2255 motion, during the pendency of the new direct appeal, and to file the section 2255 motion by January 22, 2008.  In conjunction with that order, the Court also granted counsel funds to continue their investigation.

6.      Counsel resubmitted their Motion for All Sealed Proceedings, Motions, and Orders from Case No. 1:03-cr-00173 on or about November 1, 2007.

7.      The court again denied the motion on November 6, 2007, ruling that proceeding *ex parte* on this type of request is not specifically authorized under 18 U.S.C. §3599 and that Mr. Agofsky had not made a separate request to proceed *ex parte* on this motion.  It noted that an applicant for *ex parte* relief must make a clear and specific showing of good cause.  *See K.J. Schwartzbaum, Inc. v. Evans, Inc.,* 279 F. Supp. 422, 423 (D.C.N.Y. 1968).

8.      Counsel contacted Traci Kenner, Assistant United States Attorney, who has consented to the defense request for access to these documents.  AUSA Kenner has no objection to the defense obtaining these records under seal.

9.      Access to these documents is necessary to prepare Mr. Agofsky's projected section 2255 motion, for which current counsel are investigating the performance of trial counsel under the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).  As part of that investigation, counsel is under a duty imposed by the American Bar Association to review the entire underlying court file.  *ABA Guidelines for the Appointment and Performance of Counsel in Capital Cases*, Guidelines 1.1, Commentary B, at 14.

10.     Counsel is seeking records that were originally sealed to protect Mr. Agofsky's attorney-client and work product privileges, in the course of prior counsels' preparation of his case.  *U.S.A. v. Agofsky*, Case No. 1:03-cv-173, Document 12.  Unless and until Mr. Agofsky makes an express or implied waiver of those privileges as they apply to prior counsel's strategy and protected communications, the records remain confidential for the same reasons that originally caused the court to grant the motion to file them *ex parte* and other seal.

11.     Current counsel's investigation of the performance of prior counsel is itself protected by the attorney-client and work product privileges.    Unless and until Mr. Agofsky makes and express or implied waiver of those privileges as they apply to current counsel's strategy and protected communications, the scope and nature of current counsel's investigation should be protected from disclosure to the government.

12.     Mr. Agofsky has signed a notarized release authorizing his current counsel to receive protected and confidential documents.

13.     Counsel has attempted to obtain these records through both trial counsel and Mr. Agofsky.  Counsel have reviewed the motions provided to Mr. Agofsky by trial counsel, and they do not include the sealed motions sought in this application.  Although lead trial counsel, Mr. Black, has shared his file with current counsel, none of the "under seal" documents were contained in that file.  Associate trial counsel, Mr. Barlow, has been unable to provide his trial file to counsel, as he believes it was destroyed in a hurricane.

Thus, counsel respectfully request that they be permitted access to all sealed documents in the underlying criminal case, *United States v. Agofsky*, No. 1:03-cr-00173.  Mr. Agofsky has not waived any privilege inconnection with either the underlying criminal case or his projected section 2255 motion.  Access should only be granted to Mr. Agofsky and his counsel.

14.    The government, via AUSA Traci Kenner, does not oppose this motion.


WHEREFORE, for the foregoing reasons, Mr. Agofsky respectfully moves this Court to

grant current defense counsel access to *ex parte* motions, proceedings, and orders from his capital

trial.


Respectfully submitted this 20th day of November, 2007,


/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Gibbons, P.C.
One Gateway Center
Newark, New Jersey  07102-5310



/s/ Jennifer Merrigan
JENNIFER MERRIGAN, MO Bar #56733
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States, <u>AUSA Traci Kenner</u>, by filing via CM/ECF.

/s/ Jennifer Merrigan_____
JENNIFER MERRIGAN, MO Bar #56733
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

Dated: November 21, 2007