**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   No.   **1:07-cv-00511** |
| | ) |
| **SHANNON WAYNE AGOFSKY,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**UNOPPOSED MOTION FOR JURY QUESTIONNAIRES AND THE LISTS OF**
**PEREMPTORY STRIKES OF THE DEFENSE AND THE GOVERNMENT**

COMES NOW Shannon Agofsky, by counsel, and moves this Court to permit access to juror questionnaires and the lists of peremptory strikes of the defense and the government. In support of this motion, counsel for Mr. Agofsky state as follows:

1.      Mr. Agofsky is incarcerated in the United States Penitentiary ("USP") at Terre Haute under sentence of death pursuant to a conviction for the murder of inmate Luther Plant. On February 23, 2007, following denial of certiorari on January 22, 2007, this Court granted a motion for appointment of counsel to represent Mr. Agofsky in preparing and filing his petition under 18 U.S.C. § 2255.

2.      On June 29, 2004, a jury was selected in *U.S.A. v. Agofsky*, 1:03cr173. Neither counsel for defense nor counsel for the government read their peremptory strikes into the record. Both lists were given to the deputy clerk. Trial Transcript, Volume 8, 23.[1]

3.      The Court required that both the government and the defense return all juror questionnaires to the Court. Tr. Vol. 8, 26. The Court placed a full copy and an original of the questionnaires under seal. *Id*.

4.      Neither the questionnaires nor the strike lists are available on the docket. Current counsel contacted the docketing clerk, Brenda Carter, and were informed that they must file a motion to obtain the questionnaires and the strike list.

---

[1] The government's strike list was made part of the record as a court exhibit under seal, along with a cover letter and a letter. Tr. Vol. 8, 24-25. The defense's strike list was never made a part of the record.

5.      Counsel believe, to the best of their knowledge, that the trial file turned over by trial counsel for Mr. Agofsky does not contain any questionnaires or strike lists from the trial.  In addition, trial counsel have assured current counsel that they have turned over their files in their entirety.[2]

6.      Counsel contacted Traci Kenner, Assistant United States Attorney, who has no objection to the defense obtaining the juror questionnaires or the strike lists from the Court.  Ms. Kenner further represented to counsel that the government had destroyed or returned their copy of the questionnaires to the Court.

7.      Access to these documents is necessary to prepare Mr. Agofsky's projected section 2255 motion, for which current counsel are reviewing the selection of the jury.  As part of that review, habeas counsel are under a duty imposed by the American Bar Association to review the entire underlying court file.  ABA Guidelines for the Appointment and Performance of Counsel in Capital Cases, Guidelines 1.1, Commentary B, at 14.

8.      Specifically, it is impossible to assess the quality of voir dire without the questionnaires.  Much of the voir dire was based on questionnaire responses.  These questions are not read into the record, though frequently responses of the panel are read into the record.  It is important to know what questions were asked in order to assess the discussion that follows.  Apparently, some of the questions posed multiple choice answers, while others elicited narrative.  For example, venire member #13 was asked by the prosecutor about her answer to #68, "Which of the following statements most accurately represents the way you feel?" Tr. Vol. 9, 173. According to the questioning, Juror #68 circled answers D, E, and F. *Id*.  However, it is impossible to tell from the record what answers D, E, and F are.  *Id*.  "Part of the guarantee of a defendant's right to an impartial jury is an adequate voir dire to identify unqualified jurors." *Morgan v. Illinois*, 504 U.S. 719, 729 (1992).  Review of the questionnaires is necessary in order to conduct a thorough review of jury selection in Mr. Agofsky's trial to ensure protection of Mr. Agofsky's constitutional rights.

9.      Obtaining the strike lists is essential to assessing overall prejudice of the challenges made by the government and the defense. *See U.S. v. Martines-Salazar*, 528 U.S. 304 (2000), *U.S. v. Sanchez-Hernandez*, 2007 WL 3261513, *2 -3 (5th Cir. 2007). The strike lists are also essential to assessing potential constitutional claims, for example claims made under *Batson v. Kentucky.* 476 U.S. 79 (1986).

10.     The government, via AUSA Traci Kenner, does not oppose this motion.

---

[2] Patrick Black turned over his file to counsel.  Douglas Barlow has represented to counsel that his file was destroyed in a hurricane.

WHEREFORE, for the foregoing reasons, Mr. Agofsky respectfully moves this Court to grant access to jury questionnaires and strike lists from his capital trial.

Respectfully submitted this 18th day of December, 2007,

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Gibbons, P.C.
One Gateway Center
Newark, New Jersey  07102-5310

/s/ Jennifer Merrigan
JENNIFER MERRIGAN, MO Bar #56733
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States, AUSA Traci Kenner, by filing via CM/ECF.

/s/ Jennifer Merrigan
JENNIFER MERRIGAN, MO Bar #56733
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

Dated: December 18, 2007