## UNITED STATES DISTRICT Court
### FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

_____

UNITED STATES OF AMERICA, : No. 1:07-cv-00511
:
Plaintiff, :
: Hon. Richard A. Schell, U.S.D.J.
-v- :
: **Capital Case**
SHANNON WAYNE AGOFSKY, :
:
Defendant-Petitioner. :
:
_____ :

### PETITIONER'S UNOPPOSED MOTION FOR APPOINTMENT OF ADDITIONAL COUNSEL AT NO COST TO THE COURT

Petitioner, Shannon Wayne Agofsky, through current counsel (Claudia Van Wyk and Jennifer Merrigan) and proposed additional counsel from the Capital Habeas Corpus Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania (i.e. the Federal Public Defender) in Philadelphia, moves for appointment of additional counsel at no cost to the Court, and in support states the following. The Government does not oppose this *Motion*.

### Background

1.      Petitioner, Shannon Wayne Agofsky, is a federal prisoner convicted by a jury on July 8, 2004, and sentenced to death by the same jury on July 16, 2004, for

1

the murder of inmate Luther Plant at the United States Penitentiary in Beaumont, Texas. Mr. Agofsky appealed, and the United States Court of Appeals for the Fifth Circuit ordered a remand to correct a double jeopardy violation, but otherwise affirmed. *United States v. Agofsky*, 458 F.3d 369 (5th Cir. 2006). The Supreme Court denied *certiorari* on January 22, 2007. ___ U.S. ___, 127 S.Ct. 149 (2007). On February 23, 2007, the Honorable Thad D. Heartfield, U.S.D.J., granted an *ex parte* motion for appointment of counsel to represent Mr. Agofsky in preparing and filing his a motion pursuant to 18 U.S.C. § 2255, assigning Claudia Van Wyk of the law firm Gibbons PC in Newark, New Jersey, and Jennifer Merrigan of the Public Interest Litigation Clinic in Kansas City, Missouri.

2.      On March 30, 2007, Judge Heartfield held a resentencing proceeding, as ordered by the Fifth Circuit. The Government elected to dismiss Count 1, thus correcting the double jeopardy violation. The Court accordingly dismissed that count and reconvicted and resentenced Mr. Agofsky to death on Count 2. Mr. Agofsky's new appeal of that judgment was unsuccessful in the Fifth Circuit, 516 F.3d 280, and *certiorari* review is pending. *See* Fifth Circuit Docket entry, 5/13/08.

3.      On October 9, 2007, Judge Heartfield granted Mr. Agofsky's application to file a § 2255 motion on or before Janauary 22, 2008, to hold it in abeyance, and to stay further proceedings until the resolution of his pending appeal in the Fifth Circuit

and any petition for *certiorari* on that appeal.

4.    Mr. Agofsky's counseled § 2255 motion was filed on January 17, 2008.

5.    On February 26, 2008, Mr. Agofsky's case was transferred from Judge Heartfield to this Court.

### Request for Appointment of Additional Counsel at No Cost to the Court

6.    Mr. Agofsky is currently represented by undersigned counsel (Van Wyk and Merrigan), each of whom was appointed by Judge Heartfield pursuant to the Criminal Justice Act. Ms. Van Wyk, who was previously in private practice at the law firm Gibbons PC, in Newark, New Jersey, recently joined the staff of the Capital Habeas Corpus Unit (hereafter, CHU) of the Federal Defender Office in Philadelphia, Pennsylvania. This motion seeks the appointment of the CHU, in order to enable Ms. Van Wyk to continue her representation of Mr. Agofsky and to enable the appointment of additional counsel from the CHU to assist in his representation, at no cost to the Court. As explained below, the CHU has received dedicated funding from the Administrative Office of the United States Courts (AO) to provide assistance in capital § 2255 motions like this one, from around the Nation. Moreover, CHU staff counsel possess specialized expertise and dedicated resources to assist in the litigation. CHU counsel's proposed services will accordingly save the Court both time and money.

7.    The CHU was formed in 1995 and is part of the Federal Community Defender for the Eastern District of Pennsylvania.  It receives a sustaining grant from the AO to provide representation to capital habeas corpus petitioners in Pennsylvania. Since its formation, it has successfully represented dozens of prisoners in Pennsylvania's federal district Courts[1] and the Court of the Appeals for the Third Circuit,[2] and has litigated three substantive cases in the United States Supreme Court.[3] Counsel from the CHU have served as faculty in numerous regional and national training programs, and have participated in Court committees regarding capital post-

---

[1]See, e.g., Saranchak v. Beard, 2008 WL 80411 (M.D. Pa. Jan. 4, 2008); Hardcastle v. Horn, 521 F. Supp. 2d 388 (E.D. Pa. 2007); Lark v. Beard, 495 F. Supp. 2d 488 (E.D. Pa. 2007);  Bond v. Beard, 2006 WL 1117862 (E.D. Pa. April 24, 2006); Wilson v. Beard, 2006 WL 2346277 (E.D. Pa. Aug. 9, 2006); Simmons v. Beard, 356 548 (W.D.  Pa. 2005); Albrecht  v. Horn, 314 F. Supp. 2d 451 (E.D. Pa. 2004); Wallace v. Price, 265 F. Supp. 2d 545 (W.D. Pa. 2003), Kindler v. Horn, 291 F. Supp. 2d 323 (E.D. Pa. 2003); Fahy  v. Horn, 2003 WL 22017231 (E.D. Pa. Aug. 26, 2003); Porter v. Horn, 276 F. Supp. 2d  278 (E.D. Pa. 2003); Peterkin v. Horn, 176 F. Supp. 2d 342 (E.D. Pa. 2001).

[2]See, e.g., Bond v. Beard, 2008 WL 3852360 (3d Cir. 8/20/08); Wallace v. Price, 243 Fed. Appx. 710 (3d Cir. 2007); Stevens v. Horn, 2006 WL 1876652 (3d Cir. July 6, 2006), Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005), Laird v. Horn, 414 F.3d 419 (3d Cir. 2005), Jacobs  v. Horn, 395 F.3d 92 (3d Cir. 2005), Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004), Hardcastle v. Horn, 368 F.3d 246 (3d Cir. 2004) Carpenter v. Vaughn, 296 F.3d 138 (3d Cir. 2002), Jermyn v. Horn, 266 F.3d 257 (3d Cir. 2001).

[3]Sattazahn v. Pennsylvania, 537 U.S. 101 (2003); Rompilla v. Beard, 125 S.Ct. 2456 (2005), Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005).

conviction litigation.[4]

8.      In 2008 the CHU received supplemental funding from the Administrative Office (which was approved by the Defender Services Committee of the Judicial Conference) to provide representation to capital section 2255 petitioners throughout the country.  The CHU has been appointed to five such cases outside of its home district, including one in the Southern District of Texas, where the Honorable Janis Graham Jack appointed the CHU to United States v. Bourgeois, No. Cr-C-02-216 (S.D. Texas).[5]

---

[4]They have served as faculty in training programs sponsored by: The Court of Appeals for the Third Circuit; the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project; the Federal Judicial Center; the National Institute for Trial Advocacy; the NAACP Legal Defense & Educational Fund; the American Bar Association Death Penalty Representation Project; the Federal Defender for the Middle District of Pennsylvania; the National Association of Criminal Defense Lawyers; the Pennsylvania Association of Criminal Defense Lawyers; the Public Defender Association of Pennsylvania; the Pennsylvania Bar Institute; the Penn State University Dickinson School of Law; the University of Pittsburgh Law School; and the New Jersey Public Defender System.  Its lawyers also have served as members of the Third Circuit's Task Force on Death Penalty Litigation, on the Board of Directors of the Pennsylvania Association of Criminal Defense Lawyers; and on the Advisory Committee of the Dickinson School of Law Death Penalty Post-Conviction Training Program.

[5]The other capital 2255 cases to which the CHU is appointed outside of its home district are:  United States v. Ortiz, 08-1749 (8th Cir., (W.D. Mo.)); United States v. Billie Jerome Allen, 4:07-CV-27ERW (E.D. Mo.);United States v. Higgs, 98-cr-0520 (D. Md); and United States v. Hammer, 96-cr-239 (M.D. Pa), appeal and cross appeal pending, 06-9000 & 06-9001 (3d Cir.).

(continued...)

9.     Because of the CHU's supplemental grant, neither Ms. Van Wyk nor additional CHU counsel will bill the Court for any fees or expenses related to their work on this matter.  This *Motion* is made pursuant to the CHU's supplemental grant in order to reduce the costs associated with such litigation, and to provide Mr. Agofsky with additional counsel who possess the specialized knowledge required in this case.

10.     On August 22, 2008, Ms. Van Wyk spoke by phone with Mr. Agofsky to discuss the relief requested in this *Motion*.  Mr. Agofsky indicated that he wished to have Ms. Van Wyk continue to represent him as a member of the CHU and to have additional CHU counsel appointed to assist his current counsel.

11.     Ms. Van Wyk has represented Mr. Agofsky since February 2007.  She is thoroughly familiar with the record of his trial and appeal, reviewed and digested thousands of pages of records, and, with co-counsel, drafted numerous pleadings, including the 200-page § 2255 motion filed in January 2008.  She has spent over 1000 hours on Mr. Agofsky's case to date.  Her continued representation of Mr. Agofsky as a staff member at the CHU will enable him – and the Court – to have the benefit of

---

[5](...continued)
The CHU has also been appointed to a number of capital § 2254 cases outside of its home district.  Wooten v. Norris, No. 5:03-cv-00370 SWW (E.D. Ark.), appeal pending, Wooten v. Norris, No. 06-4068 (8th Cir.); Rankin v. Norris, No 5:06-MC-00001-WRW (E.D. Ark.); Winston v. Kelly, 7:07-cv-364 (W.D. Virginia).

her previous work on the case in all further proceedings, at no additional cost to the Court.

12.   Should this *Motion* be granted, undersigned CHU counsel, Michael Wiseman, who is the Chief of the Capital Habeas Unit, will assign additional experienced staff attorneys as a supplement to the work of  Ms. Van Wyk and Ms. Merrigan, again at no additional cost to the Court.  Thus, assigning the CHU will save both time and money.  If the Court agrees to the CHU's assignment, the additional assigned staff will seek admission *pro hac vice* to this Court.

14.   On August 28, 2008, Ms. Van Wyk consulted with Assistant United States Attorney Traci  Kenner of the United States Attorney's Office for the Eastern District of Texas.  Ms. Kenner stated that the Government does not oppose the relief requested herein.

WHEREFORE, based upon the above and the record of this matter, undersigned current and prospective counsel respectfully request that the Court appoint the Capital Habeas Corpus Unit of the Federal Community Defender for the Eastern District of Pennsylvania as additional counsel for this matter, at no cost to the Court.

Respectfully Submitted,

/s/ Claudia Van Wyk                                    /s/ Jennifer Merrigan

_____                        _____
Assistant Federal Defender                      Public Interest Litigation Clinic
Capital Habeas Corpus Unit                     305 E. 63rd Street
Federal Community Defender Office          Kansas City, MO 64113
for the Eastern District of Pennsylvania   816-363-2795
Suite 545 West – The Curtis Center          Fax: 816-363-2799
Philadelphia, PA 19106                            jmerrigan@pilc.net
215-928-0520
Claudia_Vanwyk@fd.org


/s/ Michael Wiseman

_____
Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Michael_Wiseman@fd.org

Dated:        August 29, 2008
                   Philadelphia, Pennsylvania

## <u>CERTIFICATE OF SERVICE</u>

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.


/s/                  
Claudia Van Wyk


Dated: August 29, 2008

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 1:07-cv-00511 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. Richard A. Schell, U.S.D.J. |
| -v- | : | |
| | : | **Capital Case** |
| SHANNON WAYNE AGOFSKY, | : | |
| | : | |
| Defendant-Petitioner. | : | |
| | : | |
| _____ | : | |

**ORDER GRANTING UNOPPOSED MOTION
FOR APPOINTMENT OF ADDITIONAL COUNSEL**

The Court having considered the foregoing *Motion* for appointment of additional counsel at no cost to the Court, and the government having stated that it does not oppose the motion, it is hereby

ORDERED that the foregoing *Motion* is GRANTED.  The Capital Habeas Corpus Unit of the Federal Community Defender for the Eastern District of Pennsylvania is appointed as additional counsel for this matter.

`