**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SHANNON WAYNE AGOFSKY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION NO. 1:07-cv-511** |
| **v.** | § | |
| | § | **JUDGE  RICHARD A. SCHELL** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |
| | § | |

GOVERNMENT'S MOTION TO UNSEAL, OR TO BE GRANTED ACCESS TO
ALL SEALED MOTIONS, ORDERS, AND PROCEEDINGS

The United States of America, by undersigned counsel, respectfully moves this

Court to unseal, or in the alternative, to grant the government access to, all sealed

motions, orders, proceedings, or docket entries in the underlying criminal case 1:03-CR-

173.

I.

In a November 28, 2007 order, the Honorable Thad Heartfield granted Shannon

Agofsky's habeas counsel access to "*ex parte* motions, orders, proceedings, or docket

entries sealed at the request of the defense or on behalf of the defense."  (Doc. # 28 –

1:07-CV-511).

II.

The government's access to the requested materials is necessary to adequately respond to Agofsky's motion for post-conviction habeas relief under 28 U.S.C. § 2255, in which he alleges ineffective assistance of counsel in the *voir dire*, guilt, penalty, and appellate phases.[1]  (Docs. # 38, # 51 – 1:07-CV-511).  By attacking the representation of his trial and appellate counsel, Agofsky has put privileged communications at issue, thereby waiving the attorney-client privilege with respect to prior counsel.[2]  The government should, therefore, be allowed to review the requested materials.[3]

III.

It is well settled that when a defendant moves to vacate his conviction based on ineffective assistance of counsel, he waives his attorney-client privilege.  *Laughner v. United States*, 373 F.2d 326, 327 & n. 1 (5th Cir. 1967) (noting that many courts have adopted the rule that a client waives his privilege by attacking the attorney's

---

[1]  Agofsky filed his initial Motion to Vacate Sentence on January 17, 2008, and filed his Amended Motion for Relief From Judgment on October 6, 2008.  (Docs. # 38, # 51 – 1:07-CV-511).

[2]  The Court's order was prompted by Agofsky's November 21, 2007 motion requesting access to "all sealed proceedings, motions, and orders." (Doc. # 27 – 1:07-CV-511).

[3]  In its motion requesting access to sealed records, Agofsky's habeas counsel asked the Court not to grant the same access to the government "[u]nless and until Mr. Agofsky makes an express or implied waiver of [the attorney-client] privileges as they apply to prior counsel's strategy and protected communications." (Doc. # 27, para. 10 – 1:07-CV-511). Although the government did not object to the defense obtaining access to the sealed records, it did not agree to be denied similar access.

performance); *see United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (holding that an attorney may reveal otherwise privileged communications from his client to defend himself against charges of improper conduct without violating either the ethical rules of confidentiality or the attorney-client privilege); *Harrelson v. United States*, 967 F. Supp. 909, 915 (W.D. Tex. 1997) (discussing *Laughner* and *Ballard*). As the Fifth Circuit has held, "where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue." *Laughner*, 373 F.2d at 327.

To facilitate a fair and meaningful review of Agofsky's claim that his conviction and sentence should be vacated due to ineffective assistance of counsel, the government needs access to the same sealed records made available to Agofsky's habeas counsel in the underlying criminal case. *See Harrelson*, 967 F. Supp. 915 n. 27, citing *Laughner*, 373 F.2d at 327 ("Even if the Section 2255 movant does not introduce evidence relating to privileged communications between himself and his former counsel, the nature of the movant's ineffective assistance claims may itself constitute a waiver of the attorney-client privilege").

For instance, the government must respond to Agofsky's allegations that his trial counsel failed to compile a social history of his life before his incarceration and failed to obtain and present appropriate mental health specialists. The government is currently disadvantaged in responding, however, because Agofsky's claims are premised in part on specific statements made by his trial counsel in sealed motions and during an *ex parte*

hearing that have not yet been made available to the government.[4]  In order to obtain a contextual understanding of the cited pages and to appropriately respond, the government requires access to the documents made available to Agofsky's habeas counsel, including (but not limited to) the entire transcript from the April 29, 2004 hearing (Doc. # 224; Transcript Vol. 4 – 1:03-cr-173) and the entirety of the motions referenced by Agofsky in his 2255 motion for relief.   (Docs. # 49-54  – 1:03-cr-173).

## IV.

In order for the government to conduct a fair and meaningful review of all of Agofsky's claims, the government moves this Court to unseal, or alternatively, to grant the government access to, all *ex parte* motions, orders, proceedings, or docket entries in the underlying criminal case 1:03-CR-173, and permission to refer to these materials, as necessary, when answering Agofsky's claims.

---

[4]  For instance, in asserting that trial counsel failed to compile or present a social history of Agofsky's life before incarceration, Agofsky's habeas counsel refer to, and reveal excerpts of, sealed motions (docket numbers 49-53 and 224), and an April 29, 2004 *ex parte* hearing.  (2255 Motion at 120-21; and 2255 Amended Motion at 122-23).

Additionally, in asserting that Agofsky's trial counsel failed to obtain and present appropriate mental health evaluations, his habeas counsel refer to, and reveal excerpts of, an April 29, 2004 *ex parte* hearing that was sealed.  (2255 Motion at 159; and 2255 Amended Motion at 161-62).

Respectfully submitted,

REBECCA  A. GREGORY
UNITED STATES ATTORNEY

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney
TXSBN:  01918070
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237
(409) 839-2538 office
(409) 839-2550 fax
email:  joe.batte@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2008, a true and correct copy of the

foregoing  *GOVERNMENT'S MOTION TO UNSEAL, OR TO BE GRANTED ACCESS TO*

*ALL SEALED MOTIONS, ORDERS, AND PROCEEDINGS* has been served on counsel for

Defendant/Petitioner as follows:

Claudia Van Wyck
Federal Community Defender Office
For the Eastern District of Pennsylvania
The Curtis Center, Suite 545 W
Independence Square West
Philadelphia, PA  19106

Jennifer Merrigan, Esq.
305 E. 63rd Street
Kansas City, MO  64113

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney

5