**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | **No.    1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Movant.** | ) | |
| _____ | ) | |

**MOVANT'S CONSOLIDATED RESPONSE TO
GOVERNMENT'S MOTIONS: TO UNSEAL OR TO BE GRANTED ACCESS TO ALL
SEALED MOTIONS, ORDERS, AND PROCEEDINGS (DOC. 58), TO BE GRANTED
ACCESS TO JURY QUESTIONNAIRES AND THE LIST OF PEREMPTORY STRIKES
OF THE DEFENSE AND THE GOVERNMENT BY UNITED STATES OF AMERICA
(DOC. 59), and MOTION TO UN-SEAL DEFENDANT/PETITIONER'S AMENDED
MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO 28 U.S.C. §2255.**

The government has moved to unseal (1) an ex parte transcript and related ex parte pleadings, which were released to current counsel under seal by Judge Heartfield; (Doc. 58); (2) juror questionnaires that were also released to Mr. Agofsky's current counsel under seal by Judge Heartfield during the preparation of his §2255 motion; and (3) the §2255 motion, which was filed under seal pursuant to court order of Judge Heartfield (Doc. 60).  Mr. Agofsky does not object to the government's motions, but wishes to correct several misstatements of fact in Respondent's Motion to Un-seal Defendant/Petitioner's Amended Motion for Relief from Judgment Pursuant to 28 U.S.C. §2255.  (Document 60).

1.    On October 9, 2007, Judge Heartfield granted Mr. Agofsky's application to file his projected § 2255 motion on or before January 22, 2008, to hold it in abeyance, and to stay further proceedings until the resolution of his pending appeal in the Fifth Circuit and any petition for *certiorari* in that appeal.

2.       In preparation for the §2255 motion, current counsel requested copies of the juror questionnaires, and the list of those jurors peremptorily stricken by both parties.  (Doc. 34, Unopposed Motion for Jury Questionnaires and the Lists of Peremptory Strikes of the Defense and the Government, 12/18/07).   Judge Heartfield granted that motion and ordered that "if Agofsky raises a claim based upon information contained in these documents his pleadings shall be filed under seal."   (Doc. 36, Modified Order Granting Unopposed Motion for Jury Questionnaires and the Lists of Peremptory Strikes of the Defense and the Government, 01/09/08).[1]   The court did not order that only the specific claim arising from the sealed documents be filed under seal, but rather ordered the sealing of the pleadings in their entirety. Because Mr. Agofsky's January 17, 2008 §2255 motion did raise claims based on confidential information contained in the questionnaires of  jurors who sat on Mr. Agofsky's trial, the motion was filed under seal as ordered.

3.       On October 17, 2008, AUSA Traci Kenner contacted movant's counsel, Claudia VanWyk, via telephone and followed up by letter to the Court.  (Exh. 1, October 17, 2008 Letter from AUSA Traci Kenner).  In the phone conversation, AUSA Kenner explained that she had forgotten that Mr. Agofsky's 2255 motion was sealed and had released it to trial defense counsel, Pat Black. She expressed confusion about the reasons for the sealing.  Ms. Van Wyk informed Ms. Kenner that the motion had been sealed pursuant to *sua sponte* order of the court.  Ms. Kenner later stated in a letter to this Court that she "did not recall" that the motion was under seal and that "without going back and checking the docket sheet, it is impossible to tell that the motion was filed under seal."  (Exh. 1).

---

[1] The original order, Document 35, was filed on 12/20/08.  The court withdrew and modified the original order on 01/09/09.  (See Document 36, Modified Order Granting Motion for Jury Questionnaires and the List of Peremptory Strikes for the Defense and the Government.)

4.    On December 4, 2008, nearly a year after the court's order, the government filed Respondent's Motion to Un-seal Defendant/Petitioner's Amended Motion for Relief from Judgment Pursuant to 28 U.S.C. §2255.  In their motion, the government asserted that Mr. Agofsky's §2255 motion was sealed at "Petitioner's request" and without court order.  Further, the government asserted that the defense had sealed the §2255 motion in order to *"frustrate Respondent's attempts to address the merits of the motion in a timely fashion."*  (Doc. 60, Respondent's Motion to Un-seal Defendant/Petitioner's Amended Motion for Relief from Judgment Pursuant to 28 U.S.C. §2255, at 3)(emphasis added).  But the government knew that the §2255 motion was not sealed at the defense's initiative but in compliance with the Court's order of January 9, 2008.  The same order specifically stated pleadings be filed under seal if they contain reference to confidential juror information, such as juror names, but further stated that "violation…may generate appropriate sanctions."[2]

5.    The government now argues in its Respondent's Motion to Un-seal Defendant/Petitioner's Amended Motion for Relief from Judgment Pursuant to 28 U.S.C. §2255 that the pleading does not fall within the court's Order Releasing Questionnaires because it contains no "reference to any sealed documents, including any references to specific strike lists or jury questionnaires, such that might require sealing even of those documents."  (Doc. 60, at 3).  In fact, Mr. Agofsky's §2255 motion makes repeated reference to the jurors by name, as well as referring to confidential information from their questionnaires.  (See, §2255 Motion, Claim I. H,

---

[2]  In a prior conversation, Ms. Kenner had advised Ms. VanWyk, that the government would be seeking to unseal the motion, acknowledging her awareness that the motion was in fact sealed. Moreover, the §2255 motion itself states that it is under seal due to court order providing "that if the defense refers in the pleadings to information from sealed juror questionnaires and the strike list, it must file those pleadings under seal."  (§2255 Motion, at 3, citing to Doc. 35, Order Granting Unopposed Motion for Jury Questionnaires and the Lists of Peremptory Strikes of the Defense and the Government, 12/20/08, superseded by Doc. 36, Modified Order Granting Unopposed Motion for Jury Questionnaires and the Lists of Peremptory Strikes of the Defense and the Government, 01/09/08)).  The government actually cites to this portion of the 2255 in its current Motion to Unseal.  (Doc. 60, at 3).

52-71).[3]  This information was critical to Mr. Agofsky's voir dire claim and is precisely the confidential information that the court ordered counsel for Mr. Agofsky not to release.  (Doc. 36).

      6.     Because Judge Heartfield's reason for ordering the sealing of pleadings was to protect juror confidentiality, Mr. Agofsky requests that this Court make provision for continued protection, perhaps by directing that the juror-related claims, and any relevant responses, replies, or appendix items, be bound separately and filed under seal.  Mr. Agofsky otherwise has no objection to the government's motions to unseal.

 

_____
CLAUDIA VAN WYK, NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
Suite 545 West - Curtis Building
Independence Square West
Philadelphia, PA  19106


/s/ Jennifer Merrigan_____
JENNIFER MERRIGAN, MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

---

[3] As counsel explained in the motion, counsel had to use the juror's names for clarity's sake because the juror numbers in the record are different from those on the strike list and those in the questionnaires.

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and **Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

<u>/s/ Jennifer Merrigan</u>
Jennifer Merrigan

*Counsel for Movant*