**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | No.    **1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Movant.** | ) | |
| _____ | ) | |

**SHANNON AGOFSKY'S MOTION TO SET A SCHEDULE FOR DISCOVERY**

Shannon Agofsky moves for an order setting a schedule for discovery.  The parties have held preliminary discussions concerning consensual discovery, but Mr. Agofksy's detailed initial requests remain unresolved and the Court's intervention may later be necessary to resolve some discovery issues.  Mr. Agofsky accordingly requests that the Court set a reasonable date by which the parties shall submit a schedule for (1) the taking of depositions (requested by separate motion), (2) the exchange of all agreed upon discovery, (3) the submission of a list identifying areas of discovery as to which the parties cannot agree, and (4) the filing, if necessary, of formal discovery motions.  In support of this request, Mr. Agofsky states the following:

1.  On October 9, 2007, Judge Heartfield granted Mr. Agofsky's application to file his projected § 2255 motion on or before January 22, 2008, to hold it in abeyance, and to stay further proceedings until the resolution of his pending appeal in the Fifth Circuit and any petition for *certiorari* in that appeal.

2.  Mr. Agofsky's §2255 motion was filed on January 17, 2008.  (Doc. 38).  An amended

petition was filed on October 6, 2008 (Doc. 51).

3.  On April 24, 2008, § 2255 counsel sent a nine-page letter to Assistant United States Attorney Traci Kenner, requesting consensual discovery of certain enumerated items, and providing an explanation of the relevance of each category of discovery to Mr. Agofsky's claims.  *See* Exhibit 1 (attached).  Ms. Kenner has not responded to that letter.  On October 7, 2008, § 2255 counsel Claudia Van Wyk spoke by phone with Ms. Kenner and asked when the government planned to respond.  Ms. Kenner stated that she anticipated that the Court would fashion a discovery order when the case was no longer in abeyance, and expressed the hope that the parties could draft a consensual order as to many items.  Therefore, to insure an orderly resolution of all discovery issues, the Court should set a schedule for the parties to negotiate consensual discovery and, if and where the parties cannot agree, for the filing of formal discovery motions.

### **MEMORANDUM OF LAW**

#### **A.  The Court Has Discretion to Order Discovery**

As indicated above, Mr. Agofsky has submitted a detailed request for consensual discovery to the government, and hopes to negotiate agreements as to many of the requested items. Nevertheless, if the parties cannot agree as to some of the requests, Mr. Agofsky anticipates filing a formal discovery motion.  In addition, Mr. Agofsky has filed a separate motion seeking court-ordered depositions of his prior counsel and the defense investigator and mental health expert.  The applicable rules authorize the Court to invoke any of the discovery mechanisms provided by either the Rules of Criminal Procedure or the Rules of Civil Procedure:

> This rule differs from the corresponding discovery rule under the §
> 2254 rules in that it includes the processes of discovery available
> under the Federal Rules of Criminal Procedure as well as the civil.
> This is because of the nature of a § 2255 motion as a continuing part
> of the criminal proceeding (see advisory committee note to Rule 1) as
> well as a remedy analogous to habeas corpus by state prisoners.

*See* Annotation, Rule 6, Rules Governing § 2255 Proceedings.

Discovery is permitted in habeas cases in order to provide the petitioner with a means of developing the factual bases for his claims and in some instances to aid the court in determining whether an evidentiary hearing is warranted. *See Blackledge v. Allison,* 431 U.S. 63, 83 (1977). "Although discovery is permitted only by the leave of the court, the court should not hesitate to allow discovery, where it will help illuminate the issues underlying the applicant's claim." *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356-1357 (E.D. Tex. 1991).

**B.  Good Cause Exists for the Court to Authorize Discovery in This Case.**

Under Rule 6(a), a district court must order discovery in a habeas case upon a showing of good cause.  The Supreme Court held in *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997), that a petitioner has demonstrated "good cause" requiring discovery "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" (*quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969)). *See Reed v. Quarterman*, 504 F.3d 465, 471-73 (5th Cir. 2007) (citing *Bracy* and *Harris* and granting certificate of appealability because petitioner had "made and supported" specific allegations that prosecutor knew that witness had lied about defendant's statement and about whether prosecutor had made promises in exchange for witness's testimony), *rev'd and remanded on other grnds*, ___ F.3d

-3-

___, No. 05-70046, 2009 WL 58903 (5th Cir. Jan. 12, 2009). Rule 6(a)'s "good cause" standard permits the use of discovery to establish a prima facie case for relief. That is, "good cause" is shown even if the movant's allegations support "only a theory . . . [that] is not supported by any solid evidence" at the time of the discovery request. *Bracy*, 520 U.S. at 908. As the Court noted, "[i]t may well be. . . that [the movant] will be unable to obtain evidence sufficient to" establish the claim, but if specific allegations are made which suggest that the movant *may* be able to demonstrate a right to relief, "good cause" is established, and the district court has a "duty" to allow discovery. *Id.* at 908-09. Thus, under *Harris* and *Bracy*, a petitioner does not have to prove the truth of the asserted claims to be entitled to conduct discovery in support of those claims; the petitioner simply has to assert claims which would entitle him or her to relief.

Mr. Agofsky has met this burden. In support of Grounds I [1] & II [2] of his §2255 motion, at pp.

---

[1]    The motion alleges that trial counsel failed to: interview any government witnesses or attempt to neutralize their testimony (p.19); investigate and present available evidence (through both eyewitnesses and background witnesses) to support the justification and "heat of passion" defenses (p. 25); present witnesses interviewed by counsel's investigator (Jay Bennett), who could have provided supporting testimony for the justification or "heat of passion" defenses (p. 25); elicit helpful information available from witnesses who were called (p. 43); obtain or present expert testimony on prison violence at the guilt phase despite its availability and relevance to the self-defense and "heat of passion" defenses (p. 48); undertake independent efforts to obtain documentary information to aid the defense (p. 50); conduct an adequate voir dire as to publicity, death penalty bias, current incarceration and prior convictions (p. 52); examine prosecution and defense witnesses in an appropriate manner, while presenting harmful arguments to the jury, reflecting a lack of investigation and unfamiliarity with the record (p. 74); and object to erroneous prosecutorial arguments and other errors (pp. 80, 87).

[2]    The motion alleges that trial counsel failed to: conduct an independent investigation of the government's alleged aggravating factors or present evidence to counter and lessen the weight of those factors (p. 94); properly compile and present a social history of Mr. Agofsky's life before his incarceration (p.122); investigate readily available prison mitigation (p. 152); obtain and present appropriate mental health evaluations (p. 161); present a properly investigated and prepared case on future dangerousness, (p. 164); and advocate for the introduction of

13-184, he specifically sets forth trial counsel's actions or inaction and explains why counsel's performance was deficient.  Among other claims, he asserts that his counsel were ineffective for failing to investigate his case and interview important guilt-innocence and penalty phase witnesses, including eyewitnesses, government witnesses, and character witnesses.  The claims are not speculative but are based upon post-conviction investigation.  For example, some of the allegations derive from interviews with potential guilt-innocence phase witnesses who confirm that neither trial counsel nor their investigator ever interviewed them.  Additionally, the motion alleges that neither counsel nor any other member of the defense team compiled a complete and independent social history, and it details evidence that could have been compiled and presented at the penalty phase of Mr. Agofsky's trial.

If proven, these claims will entitle Mr. Agofsky to relief.  Counsel's failure to interview key witnesses, for example, certainly falls below minimum professional standards.  Had counsel provided constitutionally adequate representation in that respect and others detailed in the § 2255 motion, it is reasonably likely that additional or different evidence (also set forth in the § 2255 motion) would have been presented at both phases of trial and a different result would have been obtained.   Thus, Mr. Agofsky has met the standard set forth by *Bracy* and its progeny.

## CONCLUSION

Mr. Agofsky has asserted multiple specific grounds for relief which individually and cumulatively satisfy the *Bracy* standard, in that they provide reason to believe that, if the facts are

---

admissible mitigating evidence, object to misleading cross-examination and summation arguments, or object to the submission of factually unsupported or inadmissible non-statutory aggravating factors to the jury (p. 168).

fully developed, Mr. Agofsky may be able to demonstrate his entitlement to relief.  Therefore, Mr. Agofsky respectfully requests that the Court:

1.  Hold oral argument on the government's motion for court-ordered attorney affidavits, Mr. Agofsky's separately filed opposition and motion for court-ordered depositions, and this motion to set a schedule for other discovery;

2.  Set a reasonable date by which the parties shall submit a schedule for (a) the taking of depositions, as requested in Mr. Agofsky's motion for depositions; (b) the exchange of all agreed upon discovery, (c) the submission of a list identifying areas of discovery as to which the parties cannot agree, and (d) the filing, if necessary, of formal discovery motions;

3.  Allow Mr. Agofsky a reasonable opportunity to amend his pleading in light of discovery; and

4.  Order such other or further relief as justice may require.

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 26, 2009, I called AUSA Joseph Batte and advised him of the instant motion to set a schedule for discovery.  He advised me that the Government opposes the motion at this time.

/s/ Claudia Van Wyk

Claudia Van Wyk

*Counsel for Movant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such f.iling to the following: **Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and **Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

/s/ Claudia Van Wyk

Claudia Van Wyk

Counsel for Movant