**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SHANNON WAYNE AGOFSKY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION NO. 1:07-cv-511** |
| **v.** | § | |
| | § | **JUDGE  RICHARD A. SCHELL** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |
| _____ | § | |

**RESPONDENT'S OPPOSITION TO PETITIONER'S (1) CROSS-MOTION TO
CONDUCT DEPOSITIONS OF FORMER COUNSEL, INVESTIGATOR, AND MENTAL
HEALTH EXPERT; AND (2) MOTION TO SET A SCHEDULE FOR DISCOVERY**

The United States of America, by and through Rebecca A. Gregory, United States

Attorney for the Eastern District of Texas (hereinafter "the Government"), and the undersigned

Assistant United States Attorney files this motion and would show the Court:

I.

Shannon Agofsky filed his Amended Motion for Relief from Judgment pursuant to 28 U.S.C.

§ 2255 on October 6, 2008.  The Government's response is presently due on or before February 18,

2009. Undersigned counsel plans to file an unopposed motion for extension of time forthwith.

II.

As the Government began preparing its habeas response, Agofsky's trial and appellate

counsel agreed to discuss Agofsky's allegations of ineffective assistance of counsel with the

Government and provide affidavits.  After meetings were scheduled, counsel informed the

Government they would provide affidavits only under court order.  In response, the Government

filed a motion on January 14, 2009, requesting court-ordered affidavits from Agofsky's former counsel. (Doc. 65). On January 26, 2009, Agofsky filed his opposition to the government's motion; a cross-motion requesting court-ordered depositions; and a motion to set a discovery schedule. (Docs. 66-68). The Government now files its opposition to Agofsky's requests for depositions and a discovery schedule. The Government disagrees with Agofsky that oral argument is needed on these motions. Both parties have extensively briefed the issues, and a telephone conference could be arranged if the Court requires additional information.

III.

Deposing Agofsky's former counsel, investigator, and mental health expert would be premature, inappropriate, and inefficient at this stage of the proceedings. The Government is in the process of responding to Agofsky's extensive and lengthy amended habeas motion, and the Government has a good-faith basis to believe that, at a minimum, many of the allegations can be disposed of, or at least narrowed down, by either disproving certain factual allegations or by establishing that Agofsky is not legally entitled to relief. Thus, in the interests of judicial economy and efficiency, the Government requests the opportunity to file its response before the Court considers authorizing depositions. As advocated in detail below, ordering affidavits at this preliminary stage of the proceedings is the most effective and appropriate use of resources, and it would allow the Government to provide a more concrete and comprehensive response for the Court. Then, if clarifications or additional information are needed to resolve any of Agofsky's allegations, the Court could consider authorizing depositions or set an evidentiary hearing at that time.

While a federal district court may authorize discovery in habeas actions "at any time in the proceedings," any factual development should inform the court's ultimate determination on the

-2-

merits.[1] *Harris v. Nelson*, 394 U.S. 286, 300 (1969).  The *Harris* Court held that discovery could be authorized "when the [district] court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly dispose of the matter as law and justice require . . ." *Id.* (citation omitted); R. Gov'g § 2254 Cases U.S. Dist. Cts. 6(a) ("Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing.").  A broad-ranging preliminary inquiry is neither necessary nor appropriate in habeas proceedings.  *Harris*, 394 U.S. at 297.  "Before addressing whether petitioner is entitled to discovery under this Rule [6] to support his . . . claim, we must first identify the 'essential elements' of that claim." *Bracey v. Gramley*, 520 U.S. 899, 904 (1997).  A petitioner's discovery request should "make certain that the inquiry is relevant and appropriately narrow."  R. Gov'g § 2254 Cases U.S. Dist. Cts. 6(a).

In contrast to the above dictates, Agofsky makes an open-ended request for unlimited court-ordered depositions of his former counsel, his trial investigator, and his mental health expert, concluding summarily that "multiple specific grounds for relief . . . individually and cumulatively satisfy the *Bracey* [good cause] standard."[2] (1/26/09 Cross-Motion "CM" at 15).  Agofsky's desire for unchecked discovery is evident in the fact that he includes in his request for depositions a summary of all the ineffective assistance claims contained in his 202-page amended habeas motion (including 145 exhibits), and he asserts that "[p]rior counsel's recollections are important to the

---

[1] "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  R. Gov'g § 2254 Cases U.S. Dist. Cts. 6(a) (codifying *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

[2] To demonstrate good cause, the petitioner must give the court reason to believe that, if the facts alleged are fully developed, the petitioner will be able to show that he is entitled to relief. *Bracy v. Gramley*, 520 U.S. 899, 906-09 n.10 (1997).

*development* of the ineffective assistance claims in this case." (1/26/09 CM at 2-4) (emphasis added).

In the interests of judicial economy and efficiency, the Government requests the opportunity to respond to Agofsky's numerous and multi-layered habeas allegations (in an effort to narrow the issues) before the Court considers authorizing depositions or setting a discovery schedule in this case. *See Harris*, 394 U.S. at 300 ("We do not assume that courts in the exercise of their discretion [in authorizing discovery] will pursue or authorize pursuit of all allegations presented to them. . ."). Although Agofsky advises that a court "should not hesitate to allow discovery, where it will help illuminate the issues underlying the applicant's claim," *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356-57 (E.D. Tex. 1991), he fails to note that the *Thornburgh* court granted the defendant's discovery request only *after* the government filed its answer.[3] *Id.* at 1359-60. Similarly, although Agofsky advises that federal courts routinely authorize depositions, citing (among other cases) *Canales v. Dretke*, 2:03-CV-069 (E.D. Tex., Marshall Div., Nov. 5, 2008),[4] the *Canales* court permitted inmate witnesses to be deposed *after* the government had filed its answer. *See* PACER Doc. 40 (9/11/08 Respondent Quarterman's Response to Petitioner's Post-Stay Pleading); PACER Doc. 42 (11/05/08 Order Granting in Part Petitioner Canales' Motion for Discovery).

Agofsky primarily requests depositions at this time to prevent trial counsel from tendering affidavits. Yet, taking depositions at this stage of the proceedings would be unnecessarily burdensome and time consuming, especially in light of Agofsky's broad request. As discussed below, affidavits are the more practical and appropriate route to take at this point in the proceedings.

---

[3] (1/26/08 CM at 14).

[4] (1/26/08 CM at 12 n.5).

Agofsky also argues that there is "informational imbalance" that favors the granting of depositions at this time. (1/26/08 CM at 4-5) ("Current counsel have had no means of learning and addressing trial counsel's strategic reasoning or other facts not reflected in the documents that trial counsel have provided, because trial counsel and their investigator have declined to speak to them."). Agofsky's concerns are overstated. First, Agofsky fails to acknowledge the wealth of information he, himself, is able to provide habeas counsel about the trial preparations in his case and his thoughts and opinions about such matters. Also, Agofsky fails to acknowledge that any sworn affidavits prepared by trial counsel will be available to both parties, and will provide a basis for confrontation if the need for live testimony or depositions is shown to exist.

IV.

In contrast to Agofsky's request for depositions, the Government's request for affidavits was made outside of the discovery rules. *See generally Herrera v. Collins*, 506 U.S. 390 (1992) (Blackmun, J., joined by Stevens and Souter, JJ., dissenting) ("It is common to rely on affidavits at the preliminary-consideration stage of a habeas proceeding. The opportunity for cross-examination and credibility determinations comes at the hearing, assuming that the petitioner is entitled to one."). The Government's actions are not unusual or inappropriate. As one federal district court opinion provides:

> [T]he United States Attorney for the Western District of Texas typically includes affidavits from a Section 2255 movant's former trial or appellate counsel as part of its response to Section 2255 motions filed in this Court whenever an issue of ineffective assistance by said counsel has been raised by the movant.

*Harrelson v. United States*, 967 F. Supp. 909, 915 n.23 (W.D. Tex. 1997). The *Harrelson* court also noted that:

> [I]nsofar as [the defendant] herein relies upon his communications or non-communications with his former attorney, [the defendant's] former trial or appellate counsel can be called by either side to testify as a witness regarding those communications at an evidentiary hearing in this cause or, alternatively, may execute affidavits detailing said counsel's otherwise confidential communications with his former client.

*Harrelson*, 967 F. Supp. at 915.  Another federal district court granted the government's "Motion Seeking Order for Affidavit from Defense Counsel to Enable Respondent to Adequately Respond to Petitioner's section 2255 Motion," noting that it would "consider any future argument that the responses of either [of the defendants] attorney[s] overstep the bounds of the attorney/client privilege waived by [the defendant]."  *United States v. Bourgeois*, No. C-02-216, 2008 U.S. Dist. LEXIS 6774, *1-2 (S.D. Tex. Aug. 28, 2008) (Gov't Ex.A, attached).  Moreover, in addressing ineffective assistance claims in a § 2255 habeas motion filed by a death-row prisoner, a federal district court resolved several of the prisoner's claims based on the affidavits of the inmate's two trial attorneys, which were tendered by the government.  *Hall v. United States*, No. 4:00-CV-422-Y, 2004 U.S. Dist. LEXIS 17089 (N.D. Tex. Aug. 24, 2004); *see United States v. Hall*, 455 F.3d 508, 518 (5th Cir. 2006) (affirming the district court's holding and analysis).  In sum, the Government reiterates its request for the Court to order Agofsky's trial and appellate counsel to file affidavits in response to Agofsky's ineffective assistance allegations.[5]

Here, Agofsky's trial and appellate counsel agreed to meet with the Government to discuss Agofsky's habeas allegations and provide affidavits.  After the parties arranged to meet, all three defense counsel informed the Government they would provide affidavits only under court order.

---

[5]  The Government's interest and value in this process is to ensure that counsel address as completely as possible (without violating any privileges or confidences) Agofsky's extensive and multi-layered ineffective assistance claims.

In response, the Government filed a motion requesting court-ordered affidavits.  (Doc. 65).  With a looming deadline and a desire to obtain a preliminary inkling of trial counsels' thoughts and positions on Agofsky's claims, the Government met with Patrick  Black on January 23, 2008, and with Douglas Barlow on January 24, 2008.[6]  Appellate counsel, Brent Newton, ultimately decided not to speak with the Government until the Court ruled on the Government's motion for court-ordered affidavits.  The Government has not participated in the drafting of affidavits of counsel and is unaware that any affidavits have been prepared.

Without affidavits from trial and appellate counsel, the government is unable to fully respond to a substantial number of Agofsky's factual allegations.[7]  Indeed, such a response would be full of speculation and common-practice arguments.  It is unfair and inefficient for the Government to have to respond so blindly.  Ordering affidavits at this stage of the proceedings is the most effective use of resources, as it would allow the Government to provide a more concrete and comprehensive response for the Court.[8]  Then, if clarifications or additional information are needed to resolve any of Agofsky's allegations, the Court may authorize depositions or an evidentiary hearing at that time.

---

[6] Agofsky cites no authority for his suggestion that the Court should compel his trial counsel to reveal the contents of their interview with the Government.  Protective measures are not needed in this instance, as the Government would not rely on or divulge any statements made by counsel during the interview until and unless they are memorialized in a sworn statement.

[7] Example allegations include: (1) "Trial counsel made no documented effort to contact any witness who testified for the government"; (2) "The defense failed to interview numerous inmates who were present on the yard . . . failed to obtain important details from the inmates they did interview"; and (3) "No one from the defense made any attempt to compile a social history . . . No one from the defense team met with Mr. Agofsky's family or anyone who had known him as a child . . ." (Agofsky's Amended Habeas Motion at 19, 27, 92).

[8] If the Court denies the Government's request for affidavits, the Government nevertheless requests the opportunity to narrow the issues before the Court considers authorizing depositions.

*See generally United States v. McMillen*, 96 Fed. Appx. 219, 221 (5th Cir. 2004) (quoting *State v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981)) ("'Contested fact issues [in a 28 U.S.C. § 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record.'").

V.

The attorney-client privilege is not a bar to the Government's request for affidavits. Although the Government agrees that ineffective assistance claims are not a blanket waiver of the privilege, the privilege is not as restrictive (or necessarily as complicated) as Agofsky advocates. For instance, in *Harrelson v. United States,* the Court opined:

> By accusing [his trial counsel] of multiple instances of ineffective assistance of counsel, both at trial and on appeal, movant has waived that attorney-client privilege with regard to a wide range of otherwise privileged communications. [citations omitted.] In addition to previously privileged communications, [trial counsel] is also free to testify fully regarding matters not covered by the attorney-client privilege, including the nature and extent of his attorney's work product and tactical decision-making in the course of representing movant at trial and on appeal.

*Harrelson*, 967 F. Supp. at 915 (emphasis added); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) ("A lawyer may reveal otherwise privileged communications from his clients in order to . . . defend himself against charges of improper conduct, without violating the ethical rules of confidentiality [footnote omitted] or the attorney-client privilege."). In referring to the rules of confidentiality, the *Ballard* court quotes Rule 1.6(b)(2) of the Model Rules of Professional Conduct: "A lawyer may reveal . . . . information [relating to representation of a client] to the extent the lawyer reasonably believes necessary . . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client." *Ballard*, 779 F.2d at 292 n. 7.

-8-

As a practical matter (and to place the asserted attorney-client privilege into context), Agofsky does not simply allege a few isolated and unrelated instances of ineffectiveness assistance of counsel. Instead, he makes sweeping allegations (in addition to the underlying specific allegations) about his trial counsel's ineffectiveness during jury selection as well as the guilt and penalty phases, including that trial counsel's "overall performance during voir dire was deficient"; their "[guilt phase] investigation was incomplete and their trial preparation was inadequate"; their guilt-phase presentation was "unprepared and uninformed"; and they "made almost no preparation for the penalty phase." (Agofsky's Amended Habeas Motion at 19, 53, 74, 92). Realistically, Agofsky's extremely broad and far-reaching allegations likely leave little room for assertions of privileged information.[9]

Regarding any remaining privileged communications, Agofsky's trial counsel, Pat Black and Doug Barlow, are veteran defense counsel, who are presumed to be aware of their duties and responsibilities. Black has been "extensively involved in the practice of criminal law continually since 1979," and he is board certified in criminal law. (1:03-CR-173, Doc. 18). Barlow has "been actively practicing criminal law for 23 years" and is board certified in criminal law. (1:03-CR-173, Doc. 4). He has "been counsel for the accused in approximately 17 capital murder cases at the trial level, as well as counsel for the accused in approximately 18 capital murder appeals or other post conviction matters." (1:03-CR-173, Doc. 4). Black and Barlow should be trusted as officers of the court to provide appropriate affidavits, without violating whatever remains of Agofsky's right to the attorney-client privilege.

---

[9] Based on the case law set out above, the Government challenges Agofsky's suggestion that information surrounding any issues not raised in the habeas motion–even if they do not involve communications between Agofsky and his trial team–are privileged.

VI.

**WHEREFORE, PREMISES CONSIDERED,** Respondent prays that the Court denies

Petitioner's Cross-Motion to Conduct Depositions of Former Counsel, Investigator, and Mental

Health Expert, and his Motion to Set a Schedule for Discovery.

Respectfully submitted,
REBECCA A. GREGORY
UNITED STATES ATTORNEY

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney
TXSBN: 01918070
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237
(409) 839-2538 office
(409) 839-2550 fax
email: joe.batte@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February , 2009, a true and correct copy of the

motion has been served on counsel for Defendant-Petitioner as follows:

Claudia Van Wyck
Federal Community Defender Office
For the Eastern District of Pennsylvania
The Curtis Center, Suite 545 W
Independence Square West
Philadelphia, PA 19106

Jennifer Merrigan, Esq.
305 E. 63rd Street
Kansas City, MO 64113

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney

-10-

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I have conferred with opposing counsel before filing the above document and they are opposed.

/s/ Joe Batte

JOE BATTE
Assistant United States Attorney