2008 U.S. Dist. LEXIS 67741, *



LEXSEE 2008 U.S. DIST. LEXIS 67741

**UNITED STATES OF AMERICA VS. ALFRED NMI BOURGEOIS**

**CRIMINAL ACTION NO. C-02-216**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION**

*2008 U.S. Dist. LEXIS 67741*

**August 28, 2008, Decided**
**August 28, 2008, Filed**

**COUNSEL:** [*1] For Alfred NMI Bourgeois, Defendant (1): Michael Wiseman, LEAD ATTORNEY, Office of the Federal Public Defender, Philadelphia, PA; Victor Julio Abreu, LEAD ATTORNEY, Office of Federal Public Defender, McAllen, TX.

For USA, Plaintiff: Financial Litigation, LEAD ATTORNEY, U S Attorney's Office Southern District of Texas, Houston, TX; US Marshal - CC, US Pretrial Svcs-CC, US Probation - CC, LEAD ATTORNEYS, Corpus Christi, TX; Elsa Salinas Patterson, LEAD ATTORNEY, Office of the U S Attorney, Corpus Christi, TX; James L Turner, LEAD ATTORNEY, US Attorneys Office, Houston, TX; Patricia Hubert Booth, LEAD ATTORNEY, United States Attorneys Office, Corpus Christi, TX; Paula C Offenhauser, LEAD ATTORNEY, US Attorneys Office, Houston, TX; Tony R Roberts, LEAD ATTORNEY, Office of the US Attorney, Houston, TX.

**JUDGES:** Janis Graham Jack, United States District Judge.

**OPINION BY:** Janis Graham Jack

**OPINION**

**ORDER**

On August 28, 2008, the Court held a telephone conference in the above-styled motion. At the conference, the Court made the following orders:

1. The Court **GRANTS** the United States' "Motion Seeking Order for Affidavit from Defense Counsel to Enable Respondent to Adequately Respond to Petitioner's *Section 2255* Motion." (Docket [*2] Entry No. 435). Courts have uniformly held that an ineffective-assistance claim waives attorney/client privilege, at least within the scope of the issues raised by the claim. *See In re Lott, 424 F.3d 446, 453 (6th Cir. 2005)*; *Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001)*; *Bittaker v. Woodford, 331 F.3d 715, 718-19 (9th Cir. 2003)*; *Crutchfield v. Wainwright, 803 F.2d 1103, 1121 (11th Cir. 1986)*; *United States Ballard, 779 F.2d 287, 292 (5th Cir. 1986)*; *United States v. Woodall, 438 F.2d 1317, 1326 (5th Cir. 1971)*. The inquiry required by *Strickland v. Washington, 466 U.S. 668, 669, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)* presupposes that Mr. Douglas Tinker and Mr. John Gilmore will be able to respond to the accusations of ineffective assistance both at trial and on appeal. The Court will consider any future argument that the responses of either attorney overstep the bounds of the attorney/client privilege waived

by Bourgeois.

2. The Court **ORDERS** Mr. Tinker and Mr. Gilmore to respond to the allegations of ineffective assistance to the best of their ability. Mr. Gilmore will prepare an affidavit on or before September 12, 2008. It has come to the attention of the Court that, in the event of a hearing in this [*3] case, it may be necessary to preserve the testimony of Mr. Tinker. The parties have agreed that the most efficient way to do so is through written questions. The United States will prepare the first set of questions for Mr. Tinker by September 5, 2008. Mr. Tinker's responses to the questions will be filed with the Court. Mr. Gilmore will file a written notice with the Court if Mr. Tinker cannot complete his answers by September 22, 2008. Bourgeois will submit any further questions for Mr. Tinker within ten days after the initial responses are filed with the Court.

3. The Court **ORDERS** the United States of America's to respond to Bourgeois' motion for relief pursuant to *28 U.S.C. § 2255* or in the alternative *28 U.S.C. § 2241* on or before October 15, 2008.

SIGNED and ORDERED this 28th day of August, 2008.

/s/ Janis Graham Jack

Janis Graham Jack

United States District Judge