# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY | § | |
| vs. | § | |
| | § | No. 1:07cv511 |
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |

## ORDER GRANTING RESPONDENT'S MOTION TO ORDER TRIAL AND APPELLATE COUNSEL TO SUBMIT AFFIDAVITS IN RESPONSE TO DEFENDANT PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AND GRANTING IN PART AND DENYING IN PART PETITIONER'S CROSS-MOTION TO CONDUCT DEPOSITIONS OF FORMER COUNSEL, INVESTIGATOR AND MENTAL HEALTH EXPERT

This matter comes before the court on The United States of America's ("the Government's") motion to order petitioner Shannon Wayne Agofsky's ("Agofsky's") trial and appellate counsel to submit affidavits in response to his claims that they rendered ineffective assistance (document # 65), filed on January 14, 2009, and Agofsky's cross-motion to conduct depositions of his trial and appellate counsel, his investigator, and his mental health expert (document # 66), filed on January 26, 2009.  The court, having considered the circumstances alleged and authorities cited in the motions and responses, finds that the Government's motion is well-taken and it will be granted, and Agofsky's cross-motion is well-taken in part and it will be granted in part and denied in part.

Agofsky was convicted of capital murder and sentenced to death.  He filed a motion for relief from judgment pursuant to 28 U.S.C. §2255, claiming that his trial and appellate counsel

rendered constitutionally ineffective assistance.  The standard practice in these cases is that after the petitioner files his motion, trial and appellate counsel prepare and submit affidavits recounting how they investigated, prepared and conducted the case.  The Respondent and the Petitioner use the information in the affidavits to craft  their response and reply briefs, and the court then decides whether to conduct an evidentiary hearing at which the affiants can be cross-examined.

The Government has asked the court to order Agofsky's trial and appellate counsel to submit affidavits.  Agofsky, however, contends that the court should instead grant him leave to depose his former attorneys.  He argues that his former counsel have an ethical duty to cooperate with his present counsel in investigating whether they rendered ineffective assistance and, because they have refused to speak with his present counsel, they have breached that duty.[1]  He also argues that allowing them to prepare and submit affidavits now is fundamentally unfair and raises an unnecessary and unacceptable risk that they will also violate the attorney-client privilege and their duty of confidentiality.  He contends that obtaining their testimony through depositions is more fair and better protects his interests and rights.

The court would have preferred that Agofsky's prior counsel cooperate with his post-conviction counsel while they were investigating and preparing their claims.  Once it became clear that they would not, however, Agofsky could have requested leave to depose them.  He chose instead to file his motion for relief from judgment based upon the information he had.

---

[1] *See generally* David M. Siegel, *My Reputation or Your Liberty (or Your Life): The Ethical Obligations of Criminal Defense Counsel in Postconviction Proceedings*, 23 J. Legal Prof. 85 (1999).

The court finds that it is not fundamentally unfair, and not unnecessarily or unacceptably dangerous to Agofsky's rights, to continue to follow its standard practice.[2]  Accordingly, IT IS ORDERED that on or before March 15, 2009, G. Patrick Black, Douglas Barlow, and Brent Newton shall provide to both parties  affidavits which respond to Agofsky's claims that they rendered ineffective assistance during his trial and appeal.

Agofsky also moved for leave to depose Jay Bennett, the defense's investigator, and Dr. Dan Roberts, its mental health expert.  The Court finds that good cause for allowing such discovery exists, and because the Government has provided no reasons why these individuals should not be deposed, IT IS FURTHER ORDERED that Agofsky may depose Jay Bennett and Dr. Dan Roberts, provided he does so before April 1, 2009.

**SIGNED this the 9th day of February, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[2] The court agrees with the view expressed by the Hon. Janis Jack in *United States v. Bourgeois*, No. C-02-216 (S.D.Tex. August 28, 2008) that any argument that the responses in the attorney affidavits overstep the bounds of the attorney-client privilege or duty of confidentiality can be addressed after the affidavits are served.

3