**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | No.    **1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Movant.** | ) | |
| | ) | |

**SHANNON AGOFSKY'S MOTION FOR LEAVE TO FILE
MOTION TO RECONSIDER THE
COURT'S ORDER GRANTING AFFIDAVITS**

Today, February 10, 2009, this Court entered an Order in the above captioned case, granting the Government's motion to obtain court-ordered affidavits of Mr. Agofksy's prior counsel and denying Mr. Agofsky's motion to depose said counsel. Mr. Agofsky respectfully requests leave under Local Rule CV-7(f) to petition this Court for reconsideration of today's Order. In support, Mr. Agofsky suggests that:

1.    Today's Order is based in part upon the Court's conclusion that, once it became clear that prior counsel would not cooperate with current counsel's investigation, current counsel should have requested leave to depose prior counsel before filing the § 2255 motion for relief from judgment. (Doc. 70 at 2). However, under *Harris v. Nelson*, a court may grant discovery only once it has been "confronted by a petition for habeas corpus which establishes a prima facie case for relief." 394 U.S. 286 (1969). Without having first alleged claims for relief, a party cannot reasonably ask the court to measure "good cause" for a discovery request. *See Calderon v. United States Dist. Court*,

1

98 F.3d 1102, 1106-1107 (9th Cir. 1997)("Rule 6 is limited to 'the processes of discovery available under the Federal Rules of Civil Procedure' and, with one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery."); *see also*, *United States v. Collazos-Munoz*, 97 Fed. Appx. 136, 137 (9th Cir. Wash. 2004)("The district court correctly stated that it would not have jurisdiction to rule on Collazos-Munoz's discovery request unless and until Collazos-Munoz filed a petition under 28 U.S.C. § 2255."); *United States v. Ealy*, 2007 U.S. Dist. LEXIS 43810 (W.D. Mich. 2007)("The filing of a discovery motion pertaining to matters which may be asserted under 28 U.S.C. § 2255 must await the filing of the timely section 2255 motion."); *Orbe v. True*, 201 F. Supp. 2d 671 (E.D. Va. 2002)(holding that the Federal Rules do not permit pre-petition discovery).

2.       Once the motion was filed, by order of the court, the § 2255 motion was held in abeyance and further proceedings were stayed until late 2008.  In its order providing for abeyance, the court explicitly stated that, during the abeyance period, "all proceedings in this case except for preparation and filing of the motion to alter or amend sentence are STAYED."  (Doc. 24).  Counsel did not contemplate that a motion to depose, or indeed any motion practice, was possible during the abeyance period.  Current counsel also relied on the representation of trial counsel, Mr. Black, that he would not speak to either side except in an evidentiary forum.

3.       Because it was not possible to seek court-ordered depositions either before filing or during the abeyance period, Mr. Agofsky now asks leave to move the Court to reconsider its order denying depositions.  At the very least, Mr. Agofsky urges the Court, having granted the government's motion for affidavits, to order depositions as well to ensure Movant the access to former counsel that has been denied on the basis of what is, at worst, counsel's effort to comply with the order holding

these proceedings in abeyance.

Wherefore, Mr. Agofsky respectfully suggests that Movant has not been dilatory and that depositions are an evenhanded and fair approach, and thus asks the Court to grant counsel leave to file a motion asking the Court to reconsider today's Order.

| | |
|---|---|
| /s/ Jennifer Merrigan | /s/ Claudia Van Wyk |
| JENNIFER MERRIGAN | CLAUDIA VAN WYK |
| MO Bar #56733 | NJ Bar #012401981 |
| Public Interest Litigation Clinic | Assistant Federal Defender |
| 305 E. 63rd Street | Federal Community Defender Office |
| Kansas City, MO 64113 | Capital Habeas Unit |
| Telephone (816) 363-2795 | 601 Walnut Street, Suite 545W |
| Facsimile (816) 363-2799 | Philadelphia, PA 19081 |
| | Telephone (215) 928-0520 |
| | Facsimile (215) 928-0826 |

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and **Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

/s/   Jennifer Merrigan

*Counsel for Movant*