**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SHANNON WAYNE AGOFSKY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION NO. 1:07-cv-511** |
| **v.** | § | |
| | § | **JUDGE  RICHARD A. SCHELL** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |
| _____ | § | |

**GOVERNMENT'S OPPOSITION TO AGOFSKY'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING AFFIDAVITS AND DENYING DEPOSITIONS OF FORMER COUNSEL; AND GOVERNMENT'S MOTION FOR THE COURT TO RECONSIDER ITS ORDER GRANTING DEPOSITIONS OF INVESTIGATOR JAY BENNETT AND DR. DAN ROBERTS**

The United States of America, by and through Rebecca A. Gregory, United States Attorney for the Eastern District of Texas (hereinafter "the Government"), and the undersigned Assistant United States Attorney files this opposition motion and reconsideration request and would show the Court:

I.

On February 10, 2009, the Court issued an Order: (1) granting the Government's request for court-ordered affidavits from Shannon Agofsky's former counsel; (2) denying Agofsky's cross-motion to depose his former counsel; and (3) granting Agofsky's cross-motion to depose his investigator and mental health expert.  (Doc. 70).  On February 11, 2009, Agofsky requested that the Court reconsider its order granting the Government's request for affidavits from Agofsky's former counsel, and denying Agofsky's request to depose former counsel.  (Doc. 73).  The

Government now files its opposition to Agofsky's reconsideration request, and asks the Court to reconsider its order authorizing Agofsky to depose his investigator and mental health expert.

## II.

Agofsky filed his Amended Motion for Relief from Judgment pursuant to 28 U.S.C. § 2255 on October 6, 2008. The Government's response is presently due on or before February 18, 2009. Undersigned counsel is filing an unopposed motion for extension of time simultaneously with this motion.

## III.

The Government respectfully requests that the Court reconsider the portion of its February 10, 2009 Order allowing Agofsky to depose investigator Jay Bennett and Dr. Dan Roberts before April 1, 2009. In requesting reconsideration on this issue, the Government asks this Court to revisit its findings that "good cause for allowing such discovery exits," and that "the Government has provided no reasons why these individuals should not be deposed." (Doc. 70 at 3).

The Government respectfully submits that, in initially opposing Agofsky's request for depositions, it asserted that: "Deposing Agofsky's former counsel, investigator, and mental health expert would be premature, inappropriate, and inefficient at this stage of the proceedings;" that the Government had "a good-faith basis to believe that, at a minimum, many of the allegations can be disposed of, or at least narrowed down, by either disproving certain factual allegations or by establishing that Agofsky is not legally entitled to relief;" and that the Government therefore wanted the opportunity to file its response before the Court considered authorizing any depositions. (Doc. 69 at 2). The Government also cited the prevailing authorities on discovery in habeas cases, which indicate that, when district courts authorize discovery, they do so after the government files its

response.  (Doc. 69 at 2-4).  In addressing the good cause standard, the Government asserted that a "petitioner's discovery request should 'make certain that the inquiry is relevant and appropriately narrow'" and that, in contrast, Agofsky was making "an open-ended request for unlimited court-ordered depositions of his former counsel, his trial investigator, and his mental health expert." (Doc. 69 at 3).  Agofsky only referred specifically to Bennett and Roberts twice in its 15-page cross-motion, once stating that "trial counsel, their investigator (Bennett), their mental health expert (Roberts), and appellate counsel all *may* possess factual information that is not reflected in the documentary evidence obtained by current counsel (Doc. 66 at 4) (emphasis added), and once stating:

> [T]rial counsel's investigator possesses information regarding witnesses interveiwed or not interviewed, and other aspects of the investigation, not reflected in the documents [provided by defense counsel].  The mental health expert, Dr. Roberts, possesses similar information regarding his evaluation and the information provided or not provided to him by trial counsel.

(Doc. 66 at 13).  These arguments are insufficient to satisfy the good-cause standard for discovery, *see Government's Opposition to Depositions* pp. 2-5, especially in light of the fact that former counsel will be tendering affidavits, which could render depositions from Bennett and Roberts unnecessary.  Secondly, the Government is presently analyzing, and responding to, Agofsky's amended habeas motion and is not in a position to assert whether, or to what extent, depositions of Bennett and Roberts are needed.  Thus, in the interests of judicial economy and efficiency, the Government respectfully asks the Court, at a minimum, to suspend its finding that "good cause for allowing such discovery exists" until after the Government files its habeas response.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ('Before addressing whether petitioner is entitled to discovery

under this Rule [6] to support his . . . claim, we must first identify the 'essential elements' of that claim.").

Alternatively, the Government requests that the Court reconsider the timing of the depositions and the prejudicial effect the Court's deadline places on the Government.  Allowing Agofsky to take the depositions of Bennett and Roberts before the Government has had the opportunity to file its habeas response places the Government in the untenable and awkward position of having to simultaneously prepare for depositions while answering Agofsky's 202-page amended habeas motion.[1]  As the Government asserted in its previous motion, "[T]aking depositions at this stage of the proceedings would be unnecessarily burdensome and time consuming, especially in light of Agofsky's broad request."  (Doc. 69 at 4).  Agofsky has had two opportunities–and many, many months–to formulate his allegations, filing his original § 2255 habeas motion on January 17, 2008, and his amended motion on October 6, 2008.  Now, while the Government is in the process of responding to the lengthy and multi-layered motion, it is also having to respond to Agofsky's discovery requests (which, notably, were not made until  the Government asked for court-ordered affidavits from Agofsky's former counsel), as well as prepare for pending depositions.

In contrast, Agofsky has not demonstrated how he would be prejudiced if Bennett's and Robert's depositions were taken after the Government files its response.  Indeed, Agofsky cannot file a reply brief until after the Government's response is filed.  (*See* Doc. 57, 10/21/08 Order Vacating Stay and Setting Briefing Schedule, "Agofsky may, if he chooses, reply to the response,

---

[1]  Moreover, due to previous commitments in other cases, the Government likely will not be able to participate in any depositions within the 49-day ordered time frame, and therefore, an extension on this deadline will have to be sought.  Thus, in turn, the Government will have to request an even later extension of time within which to file its habeas response.

provided he does so within 90 days from the date the response is filed.").   Therefore, the Government asks the Court to reconsider its April 1, 2009 deadline for deposing Bennett and Roberts and request that, these depositions be postponed until after the Government files its response.

IV.

In opposing Agofsky's "Motion to Reconsider the Court's Order Granting Affidavits and Denying Depositions of Former Counsel," the Government notes that Agofsky fails to make any substantive arguments as to why the Court should reconsider its granting of affidavits, but instead simply "urges the Court, having granted the government's motion for affidavits, to order depositions as well . . . ."  (Doc. 73 at 2).   Thus, Agofsky has not provided any reasons for the Court to reconsider its order granting the Government's request for court-ordered affidavits from Agofsky's former counsel.

Moreover, in his reconsideration request regarding depositions, Agofsky fails to offer any additional substantive reasons why former counsel should be deposed, and instead relies wholly on the procedural ground that he "has not been dilatory" in requesting depositions.  (Doc. 73 at 3).  The mere lack of delay in requesting depositions (whether justified or not), does not establish his entitlement to discovery at this time.   As the Government set out in its prior motion, a petitioner must make a "relevant and appropriately narrow" request for discovery.  (Doc. 69 at 3).   Here, Agofsky made an open-ended request for unlimited questioning of former counsel, and he has not attempted to limit the scope of the depositions in this reconsideration request.   Also, as previously noted, discovery may be necessary when it would allow the court to "properly dispose of the matter as law and justice requires" and to "aid  in developing facts necessary to decide whether to order an

evidentiary hearing or to grant the writ following an evidentiary hearing." (Doc. 69 at 3).  Here, because the Government has not yet had the opportunity to appropriately narrow the issues by filing its response, taking depositions at this stage of the proceedings would be unnecessarily burdensome and time consuming and inconsistent with the prevailing authorities.  In sum, Agofsky has not provided sufficient reasons for the Court to reconsider its Order denying Agofsky's cross-motion to depose his former counsel.

V.

**WHEREFORE, PREMISES CONSIDERED,** Respondent prays that the Court reaffirm its Order granting Respondent's motion to order Agofsky's trial and appellate counsel to submit affidavits and denying Petitioner's cross-motion to depose his former counsel.  Additionally, Respondent prays that the Court reconsider its Order granting Petitioner's cross-motion to depose investigator Jay Bennett and mental health expert, Dr. Dan Roberts.

Respectfully submitted,
REBECCA  A. GREGORY
UNITED STATES ATTORNEY

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney
TXSBN:  01918070
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237
(409) 839-2538 office
(409) 839-2550 fax
email:  joe.batte@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2009, a true and correct copy of the motion has been served on counsel for Defendant-Petitioner as follows:

Claudia Van Wyck
Federal Community Defender Office
For the Eastern District of Pennsylvania
The Curtis Center, Suite 545 W
Independence Square West
Philadelphia, PA  19106

Jennifer Merrigan, Esq.
305 E. 63rd Street
Kansas City, MO  64113

/s/ Joe Batte_____
JOE BATTE
Assistant United States Attorney
