IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **SHANNON WAYNE AGOFSKY,** § | | |
| Defendant-movant, | | |
| § | | |
| v. | § | No. 1:07cv511 |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. | | |

## ORDER DENYING PETITIONER'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING AFFIDAVITS AND DENYING DEPOSITIONS OF FORMER COUNSEL

This matter comes before the court on petitioner Shannon Wayne Agofsky's ("Agofsky's") motion to reconsider its order granting affidavits and denying depositions of former counsel (document # 67), filed on February 11, 2009. The court, having considered the circumstances alleged and authorities cited in the motions and responses, finds that the motion is not well-taken and it will be denied.

Agofsky was convicted of capital murder and sentenced to death. After exhausting his direct appeals, he filed a motion for relief from judgment pursuant to Title 28 U.S.C. §2255, claiming that his trial and appellate counsel provided ineffective assistance. Two of Agofsky's former attorneys voluntarily provided their files to his present counsel; the third could not, because his files had been destroyed. All three, however, refused to meet with his current lawyers to discuss their representation.

After Agofsky filed his motion for relief from judgment, respondent the United States of America ("the government") filed a motion asking the court to order Agofsky's former counsel to provide affidavits responding to the allegations in his motion. Agofsky filed a cross-motion contending that, in light of his prior counsel's lack of cooperation with his present counsel, and because of the possibility that their affidavits could contain privileged or confidential information, their testimony should be obtained by deposition rather than by affidavit.

The court initially denied Agofsky's motion in part, reasoning that, *inter alia*, if he needed to depose his former attorneys in order to raise his claims, he could have requested to do so before he filed his motion for relief from judgment. Agofsky has now asked this court to reconsider its denial, contending that he in fact could not have obtained discovery before filing his motion. Agofsky relies on case law from the Fourth and Ninth Circuits considering *habeas corpus* claims under Title 28 U.S.C. § 2254, which held that district courts do not have jurisdiction to order discovery until after a petition is filed. The court will assume *arguendo* that this rule would apply in the Fifth Circuit in a Title 28 U.S.C. § 2255 case, even though post-conviction applicants in this circuit routinely discover their trial and appellate counsel's files before they file their post-conviction petitions and motions. His motion will be re-analyzed without relying on that finding.

Rule 7(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if the motion for relief from judgment is not dismissed, the judge may direct the parties to expand the record. Rule 7(b) provides that the types of materials that may be submitted to expand the record include affidavits, while Rule 6 (a) provides that, for good cause shown, a judge may authorize a party to conduct discovery, and the rule clearly allows depositions as one form of such discovery.

Title 28 U.S.C. §2246 provides that, if affidavits are submitted, any party shall have the right to propound written interrogatories to the affiants or to file answering affidavits. Agofsky's argument is that because his former attorneys have not been as cooperative as they could have been, and because there is a possibility that prior counsel's affidavits could contain non-waived privileged and confidential communications, it would be an abuse of the court's discretion to utilize the procedures provided in title 28 U.S.C. § 2246 and Rule 7(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The court, however, finds that these procedures, combined with the court's ability to redact any inappropriate disclosures within counsel's affidavits, *see United States v. Bourgeois*, No. C-02-216 (S.D.Tex. August 28, 2008) (unpublished), will adequately protect Agofsky's rights in the present circumstances. *See Belmontes v. Ayers*, 529 F.3d 834, 856 n.8 (9th Cir. 2008).

IT IS THEREFORE ORDERED that Agofsky's motion to reconsider the court's order granting affidavits and denying depositions of former counsel is DENIED.

**SIGNED this the 13th day of February, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE