**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| v. | )      No.      1:07-cv-00511 |
| | ) |
| SHANNON WAYNE AGOFSKY, | ) |
| | ) |
| Movant. | ) |
| _____ | ) |

**SHANNON AGOFSKY'S OPPOSTION TO GOVERNMENT'S MOTION**
**TO RECONSIDER ORDER GRANTING DEPOSITIONS**
**OF JAY BENNETT AND DR. DAN ROBERTS**

Shannon Agofsky opposes the Government's motion to reconsider the Court's order granting depositions of defense investigator Jay Bennett and Dr. Dan Roberts.  (Doc. 74).  Mr. Agofsky sought (Doc. 66), and has obtained (Doc. 70), the Court's permission to depose these two witnesses because they possess relevant information, not available through other sources, which will enable the parties to develop and possibly narrow the factual and legal issues. The Government's argument that Mr. Agofsky has failed to establish "good cause" for the depositions should be rejected.

Investigator Bennett should be deposed because, like Mr. Agofsky's trial counsel, he has refused to speak to current counsel.  A32.  Mr. Bennett worked as a staff investigator in the Federal Defender office headed by trial counsel G. Patrick Black, was the sole investigator assigned to Mr. Agofsky's capital case, and possesses information that is not reflected in the paper materials that Mr. Black turned over to current counsel.  Mr. Bennett knows whether and

why the defense decided not to interview certain witnesses, what other witnesses told him, what trial counsel said to him about the progress of the investigation, whether the defense team engaged in any strategic discussions in his presence, and if so what was discussed. All of this information is crucial to the Court's assessment of Mr. Agofsky's claims that the trial team failed to conduct a reasonable investigation for both phases of trial. *See* § 2255 Motion, Grounds 12.1 and 12.2.

Dr. Roberts should be deposed because he is the sole independent source of information about the trial team's virtually non-existent social history investigation. Trial counsel Douglas Barlow, who was responsible for investigating and presenting the penalty phase case, has informed current counsel that his files were destroyed in a hurricane. *See* § 2255 Motion, ¶ 15, A19-20. Apparently the defense experts prepared no reports. A17. Dr. Roberts knows what questions Mr. Barlow asked him to investigate and what Barlow said to him about his theory of mitigation, and can generally describe the quality and quantity of his contacts with Barlow. Dr. Roberts can also testify about the extent and limitations of his own evaluation and what he would have done if presented with the fruits of an independent social history investigation. He therefore can provide crucial evidence to inform the Court's assessment of Mr. Agofsky's claims that the defense team's background and mental health investigations and presentations were prejudicially deficient. *See* § 2255 Motion, ¶¶ 255-392, 393-403.

## CONCLUSION

For these reasons and those in Mr. Agofsky's initial motion for depositions, good cause

supports the Court's order for depositions of Mr. Bennett and Dr. Roberts, and the Government's

motion for reconsideration should be denied.


/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and **Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

/s/Claudia Van Wyk  
Claudia Van Wyk  
*Counsel for Movant*