UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No.    1:07-cv-00511 |
| | ) | |
| SHANNON WAYNE AGOFSKY, | ) | |
| | ) | |
| Movant. | ) | |
| _____ | ) | |

**UNOPPOSED MOTION TO EXTEND TIME
FOR DEPOSITIONS AND GOVERNMENT'S RESPONSE**

Shannon Agofsky moves to extend the deadline to complete court- authorized depositions of the defense trial investigator and mental health expert from April 1 to May 15, 2009, and further moves to extend the time for the government's response to his § 2255 motion from May 21 to July 6, 2009. The government has indicated that it would not oppose the forty-five-day delay in completing the depositions, but only conditioned on the Court's granting a corresponding forty-five-day extension of the time for the government to file its response. In addition, the government's consent to this extension of time for the depositions is subject to its previously filed motion seeking reconsideration of the order authorizing the depositions. In support of this motion, Mr. Agofsky states the following:

1. On February 10, 2009, the Court entered an order (Doc 70) granting in part Mr. Agofsky's motion for court-ordered depositions (Doc. 66) in connection with his motion for

-1-

relief from judgment pursuant to 28 U.S.C. § 2255.  The Court's order provided, specifically, for depositions of the defense trial investigator, Jay Bennett, and the defense mental health expert, Dr. Dan Roberts, and required that the depositions be completed by April 1, 2009.

2.  On February 13, 2009, the government moved (Doc. 74) for reconsideration of the portion of the Court's February 10 order granting depositions of Mr. Bennett and Dr. Roberts. Mr. Agofsky opposed the government's reconsideration motion on February 16 (Doc. 78).  The Court has not yet ruled on the government's motion and thus it is unclear whether the Court's order requiring the depositions will stand.  Because of uncertainty about the depositions' status, postconviction counsel have not yet issued subpoenas, reserved appropriate space, notified the government or committed funds to retain a stenographer or make travel arrangements.

3.  On March 12, 2009, postconviction counsel, Claudia Van Wyk, spoke by telephone and communicated by email with AUSAs Joseph Batte and Traci Kenner. Ms. Van Wyk asked if the government would consent to a thirty-day delay in the date for the depositions.  Ms. Kenner requested an additional fifteen-day delay to allow time for the completion of Mr. Batte's responsibilities in the capital trial in *United States v. Joseph Ebron*, No. 1:08-cr-36.  Jury selection is scheduled to begin in that matter on March 23, and counsel have been advised that this is a firm date.   Ms. Kenner advised Ms. Van Wyk that the government would consent to the extension of the date for the depositions until May 15 only if the Court concurrently granted a corresponding extension of the time for filing the government's response to Mr. Agofsky's § 2255 motion.  Ms. Kenner further stipulated that the government's consent is subject to its previously filed motion, in which it seeks reconsideration of the order authorizing the depositions.

4. The current time limit would create an unwarranted burden for one of the deponents, Dr. Roberts.  Although postconviction counsel contacted him promptly after the court issued its order and he set aside time for the depositions in the last week of March, counsel could not ask Dr. Roberts to begin reviewing the over 700 pages of records he received in 2004 until he could be assured that the depositions would take place as scheduled.  At this point, asking him to take time from his practice to be re-acquaint himself with the materials on an expedited basis would be burdensome.  Dr. Roberts has indicated that he could make himself available for the deposition within the time sought in this motion.

5.  Additionally, the heavy caseloads of postconviction counsel would prevent them from being adequately prepared for the depositions by April 1.  Jennifer Merrigan, in addition to her responsibilities in this matter, is the sole attorney responsible for preparing a § 1983 motion for a death-sentenced inmate in Missouri, Dennis Skillicorn.  Mr. Skillicorn was under death warrant in August, which was subsequently stayed pending a procedural challenge to Missouri Department of Correction's Execution Protocol.  On February 24, 2009, after oral argument, the Missouri Supreme Court denied that challenge, again clearing the way for execution warrants.

6.  Claudia Van Wyk, in addition to her responsibilities in Mr. Agofsky's case, has been assigned to help draft a successor habeas petition for Delaware death row inmate Robert Gattis (Delaware Supreme Court Docket No. 628,2005).  A death warrant in that case is imminent, although it is currently stayed pending an appeal of a class action challenging Delaware's lethal injection protocol.

## CONCLUSION

For all these reasons, the Court should grant Mr. Agofsky's motion to (1) extend the time for court-ordered depositions of Jay Bennett and Dr. Dan Roberts until May 15, 2009, and (2) extend the time for the government's response to Mr. Agofsky's § 2255 motion to July 6, 2009.

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and **Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

/s/_Claudia Van Wyk

*Counsel for Movant*