**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY,<br>Movant, | § | |
| vs. | § | No. 1:07cv511 |
| UNITED STATES OF AMERICA,<br>Respondent. | § | |
| | § | |
| | § | |

**ORDER DENYING RESPONDENT'S MOTION TO RECONSIDER GRANTING**
**DEPOSITIONS OF INVESTIGATOR JAY BENNETT AND DR. DAN ROBERTS**

This matter comes before the court on respondent United States of America's ("the Government's") motion to reconsider granting depositions of investigator Jay Bennett and Dr. Dan Roberts, (document # 75), filed on February 13, 2009. The Court, having considered the circumstances alleged and authorities cited by the parties, finds that the motion is not well-taken and it will be denied.

Movant Shannon Agofsky ("Agofsky") was convicted of capital murder and sentenced to death. After exhausting his direct appeals, he filed a motion for relief from judgment pursuant to title 28 U.S.C. §2255, claiming that his trial and appellate counsel provided ineffective assistance. Two of Agofsky's former attorneys voluntarily provided their files to his present counsel; the third could not because his files had been destroyed. All three attorneys, as well as Bennett and Roberts, refused to meet with his current lawyers to discuss their representation.

After the Government requested the court to order Agofsky's former attorneys to provide affidavits responding to the allegations in the 28 U.S.C. § 2255 motion, Agofsky moved to depose them instead, along with Bennett and Roberts.  The court ordered  the attorneys to provide affidavits and allowed Agofsky to depose Bennett and Roberts.  Agofsky asked the court to reconsider its order in regards to the affidavits of the attorneys; the court denied this request.  The Government now asks the court to reconsider its order in regards to the depositions of Bennett and Roberts.

As the court stated in its February 10, 2009 order, it would prefer that prior counsel in capital cases, as well as their investigators and experts, cooperate with post-conviction counsel's ineffective assistance investigation prior to the filing of the original motion to vacate judgment.  To the extent that they choose not to do so, the court prefers to allow discovery of their evidence to commence as soon as it has jurisdiction to do so.  Prior counsel are allowed to testify by affidavit initially because of their status as officers of the court.  Investigators and expert witnesses do not share that status, so they may be deposed.

The Government contends that depositions of Agofsky's trial defense team's investigator and mental health expert should not take place until after it files its answer.  Because it simultaneously argued that it needs the evidence from Agofsky's prior counsel in order to formulate and prepare its answer, the court finds this argument to be without merit.

IT IS THEREFORE ORDERED that the respondent's motion to reconsider granting depositions of investigator Jay Bennett and Dr. Dan Roberts is DENIED.

**SIGNED this the 14th day of March, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE