UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No.    1:07-cv-00511 |
| | ) | |
| SHANNON WAYNE AGOFSKY, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |
| _____ | ) | |

UNOPPOSED MOTION FOR ACCESS TO
SEALED CJA MATERIALS

Shannon Agofsky moves for access to sealed CJA authorization orders, vouchers, and periodic reports filed by his trial counsel, Douglas Barlow, and by court-appointed trial experts.[1] Access to these materials is necessary to provide Mr. Agofsky a fair opportunity to investigate and respond to the affidavits prepared by his trial counsel in response to his motion for relief from judgment pursuant to 28 U.S.C. § 2255. The government does not object to defense access to these materials, provided that the government is permitted access as well. In support of this request, Mr. Agofsky states the following:

1. On October 9, 2007, Judge Heartfield granted Mr. Agofsky's application to file his projected § 2255 motion on or before January 22, 2008, to hold it in abeyance, and to stay further proceedings until the resolution of his pending appeal in the Fifth Circuit and any petition for *certiorari* in that appeal.

---

[1]    The sealed CJA authorization forms do not have docket numbers but appear in the docket at the following dates: 06/04/04, 07/21/04 (multiple entries), 08/25/04 (multiple entries), 09/01/04 (multiple entries), 10/05/04, 11/10/04, 01/07/05 (two entries).

2.  In the course of investigating Mr. Agofsky's claims before filing his § 2255 motion, his current postconviction counsel filed an unopposed motion for ex parte access to all sealed pleadings and orders filed during his pretrial and trial proceedings.  (Doc. 27).  Judge Heartfield granted the motion on November 28, 2007 (Doc. 28), authorizing *ex parte* access to "*ex parte motions and orders and other proceedings or docket entries sealed at the request of the defense or on behalf of the defense.*"  On December 6, 2007, however, the clerk advised one of Mr. Agofsky's current counsel, Claudia Van Wyk, that the judge had decided not to release sealed CJA vouchers and orders.  Ms. Van Wyk was directed to make a further application if Mr. Agofsky's current defense sought the release of the CJA materials.  Other sealed materials (consisting of trial counsel's *ex parte* motions for appointment of experts and a sealed transcript of the *ex parte* oral argument on those motions) were released to current counsel.  Subsequently, an unopposed motion for sealed jury questionnaires and strike lists was granted and those materials were also released (Docs. 34, 35).[2]

3.  Mr. Agofsky's §2255 motion was filed on January 17, 2008 (Doc. 38), and the case was thereafter transferred from Judge Heartfield to this Court.  (Doc. 44).  Following the denial of certiorari, Agofsky v. United States, 129 S.Ct. 64 (2008), an amended petition was filed  on October 6, 2008 (Doc. 51), and the Court entered an order lifting the stay of proceedings on October 21, 2008.  (Doc. 57).

4.  On February 10, 2009, the Court granted the government's motion for an order directing Mr. Agofsky's trial and appellate counsel to prepare and serve affidavits responding to the claims in the § 2255 motion.  (Doc. 70).  All three counsels' affidavits were served on

---

[2]  Judge Heartfield ordered that, if Mr. Agofsky's defense filed any pleading that referred to the jury materials, those pleadings must be filed under seal in their entirety.  (Docs. 35, 36).

postconviction counsel and the government in March 2009.

5.  Mr. Agofsky now seeks the release of the still-sealed CJA materials to respond to sworn assertions by trial counsel, Douglas Barlow and G. Patrick Black, respecting Mr. Agofsky's claims that they provided deficient performance, and especially that they failed to undertake a reasonable investigation and preparation for the guilt-innocence and penalty phases of his capital trial.  Mr. Agofsky's postconviction investigation has yielded abundant evidence, set forth in the amended §2255 motion, that trial counsel's investigation was superficial and limited, and that they failed to prepare an independent social history as required by Supreme Court precedent.  Mr. Barlow and Mr. Black deny Mr. Agofsky's allegations in their affidavits.

6.  Specifically, Mr. Barlow states that he conducted "a comprehensive investigation into his background to learn how he had been raised and what led to his current predicament," and that the defense team "conducted a complete investigation of matters relevant to Agofsky's background, as well as the offense, and his conduct in prison."   Affidavit of Douglas M. Barlow, March 13, 2009 ("Barlow aff."), at 6, 17.  The investigation, he claims, comprised interviews with Mr. Agofsky, and persons who knew him both in and out of prison, "over the course of many months."  *Id.* at 6.  According to Mr. Barlow, the defense team undertook "months of preparation and contact with witnesses," and "conducted research into Agofsky's martial arts training."  *Id.* at 9.  Trial counsel, he states, "presented the testimony of the only actual eye-witnesses we were able to locate and who were willing to testify."  *Id.* at 11.

7.  Mr. Barlow was appointed to represent Mr. Agofsky under the Criminal Justice Act. Barlow aff. at 6.  Mr. Agofsky's current counsel need to review Mr. Barlow's CJA authorization forms and vouchers to investigate the accuracy of his claim that he conducted a wide-ranging and labor-intensive investigation to prepare for both phases of trial.  The CJA materials will reflect

any claims for hours worked, phone calls and copies made, legal research, faxes, travel, and meals. They will contain dates and detailed descriptions of services provided. This information may be relevant to Mr. Agofsky's claim that trial counsel's investigation and trial preparation were deficient.

8. Mr. Barlow also states that he consulted with experts, including prison experts and mental health experts. Barlow aff. at 16. *Id.* Mr. Black, likewise, states that the trial team defense presented four experts at the penalty phase of trial, and that Mr. Agofsky was evaluated before trial by a psychologist, Dr. Dan Roberts, obtained by trial counsel. Affidavit of G. Patrick Black, March 13, 2009, at 8, 9.

9. Mr. Agofsky's current counsel need to review the CJA authorization orders and vouchers pertaining to all defense experts, whether or not they testified at trial, in order to investigate the thoroughness of Mr. Barlow's and Mr. Black's consultation with and assessment of the available experts, and the adequacy of their preparation to present some of those experts at trial. The vouchers will reflect the dates and hours the experts worked, whether and when they consulted with counsel, which experts were retained and not called, and other information pertaining to the experts' work.

10. In addition, in authorizing trial counsel to retain certain experts, Judge Heartfield specifically instructed them to submit detailed periodic reports on the experts' work:

> The Court: I need to have those reports. I know it's onerous on you, but I need to have the reports and the sort of like billable hours for lawyers, broken down in quarter hours, half hours, very specific reports.

Tr. April 29, 2004, Vol. 2, at 5-6. The periodic reports, if they complied with the court's directions, would contain detailed information about the tasks undertaken by the experts and the time they spent on them.

11. All the requested CJA documents, therefore, will contain information that may be relevant to Mr. Agofsky's claim that trial counsel failed to provide their experts with the fruits of an independent investigation and otherwise failed to prepare and present expert testimony in a reasonable manner. See Wiggins v. Smith, 539 U.S. 510 (2003).

12. Finally, Mr. Agofsky argues in Point III of his § 2255 motion that his appellate counsel rendered ineffective assistance. It is axiomatic that counsel must have both the actual, complete transcript and time to adequately review it as a prerequisite to providing the adequate and effective appellate review required by the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, Evitts v. Lucey, 469 U.S. 387 (1985); Smith v. Robbins, 528 U.S. 259 (2000), and to ensure that a defendant receive the meaningful appellate review mandated by the Eighth Amendment in capital cases, Gregg v. Georgia, 428 U.S. 153, 167 (1976) (review of complete record of capital conviction is an important safeguard against "arbitrary and capricious" imposition of death sentence); Parker v. Dugger, 498 U.S. 308, 321 (1991) ("We have repeatedly emphasized the crucial role of meaningful appellate review in ensuring that the death penalty is not imposed arbitrarily or irrationally"). The CJA authorization orders and vouchers pertaining to the transcripts prepared for the appeal are indispensable in assessing the reasonableness of counsel's performance with respect to some of the most basic functions his lawyer was required to perform in the prosecution of his appeal.

13. On April 21 and 23, 2009, Mr. Agofsky's current counsel spoke by phone and corresponded by email with AUSA Traci Kenner. She stated that the government does not object to the instant motion but believes the access should be for both parties.

## **CONCLUSION**

For all these reasons, Mr. Agofsky requests the release of all sealed CJA authorization forms, vouchers, and periodic reports, including but not limited to those docketed 06/04/04, 07/21/04 (multiple entries), 08/25/04 (multiple entries), 09/01/04 (multiple entries), 10/05/04, 11/10/04, and 01/07/05 (two entries), and he further requests that the Court order such other or further relief as justice may require.

Respectfully submitted,

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2009, I electronically filed the foregoing motion, and a proposed order, with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and **Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

/s/ Claudia Van Wyk
Claudia Van Wyk

*Counsel for Movant*