# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No.    1:07-cv-00511 |
| | ) | |
| SHANNON WAYNE AGOFSKY, | ) | |
| | ) | |
| Movant. | ) | |
| _____ | ) | |

## MOTION FOR PROTECTIVE ORDER LIMITING DISCLOSURE OF DEPOSTITION TRANSCRIPTS AND AFFIDAVITS OF TRIAL COUNSEL

Shannon Agofsky respectfully requests this Court to enter a protective order, limiting the disclosure of transcripts of Court authorized depositions of Mr. Agofsky's trial investigator, Jay Bennett, and expert, Dr. Dan Roberts, as well as the Court-ordered affidavits of trial counsel, G. Patrick Black, Esq. and Douglas Barlow, Esq.  Mr. Agofsky requests that the Court enter a protective order authorizing disclosure of such documents to expert witnesses only, and prohibiting disclosure to factual witnesses in the case.  Mr. Agofsky further requests that this Court enter a protective order directing attorney Douglas Barlow to maintain all files and barring him from altering or destroying any of the below items and related relief, pending final resolution of discovery in this case.  Good cause exists under Federal Rule of Civil Procedure 26(c), because such an order will guard the integrity of the proceedings and prevent fact witnesses from changing their testimony to conform to the depositions and affidavits.  In support of this request, Mr. Agofsky states the following:

1.    On January 14, 2009, Respondent filed a motion asking that the Court enter an order permitting trial counsel, Black and Barlow, to file affidavits against their former client, Shannon Agofsky.  Doc. 65.  An internal rule of the Federal Defender's Office prohibited Mr. Black from submitting such an affidavit without a court order.  Mr. Agofsky objected to the request and asked that the Court instead authorize depositions of trial counsel, the trial

investigator, and the mental health expert who testified at trial.  Docs. 66 and 68.  These depositions, Mr. Agofsky reasoned, would be a judicious use of resources, in that they could potentially supplement the record and perhaps obviate or streamline a hearing.  Doc. 66.

2.      On February 10, 2009, this Court granted Mr. Agofsky's motion in part and authorized depositions of trial investigator, Jay Bennett, and trial expert, Dr. Dan Roberts.  Doc. 70.  Those depositions were taken June 30 and July 2, respectively.

3.      On February 10, 2009 this Court also authorized trial counsel, Patrick Black and Douglas Barlow, to prepare affidavits pursuant to the Government's request.  Those affidavits were provided to counsel for Mr. Agofsky and the Government on or before March 15, 2009.

4.      During his deposition, trial investigator Jay Bennett acknowledged that he had read the affidavits of trial counsel Black and Barlow

5.      Some of Mr. Bennett's responses related directly to matters raised by Mr. Agofsky in his § 2255 motion and addressed by counsel in their affidavits.  Some of these responses revealed new information, of which postconviction counsel was not previously aware.  Giving counsel an opportunity to read Mr. Bennett's deposition testimony may improperly alter or inform counsel's responses.  For example, Mr. Agofsky has raised claims regarding the failure of trial counsel to conduct a reasonable mitigation investigation pursuant to Rompilla v. Beard, 545 U.S. 374 (2005) and Wiggins v. Smith, 539 U.S. 510 (2003).  Mr. Bennett's responses about notes and reports he allegedly generated in the case have a direct bearing on this claim.  Similarities or contradictions between Mr. Bennett's and the trial attorneys' accounts may prove or disprove the existence of such notes and reports.  Sharing Mr. Bennett's responses with potential witnesses could improperly inform or change their future testimony.

6.      Dr. Roberts, in his deposition, testified about counsel's strategy at trial, as it was communicated to him.    At times, this testimony contradicted statements contained in trial counsel's affidavits and in Mr. Bennett's deposition.  His deposition should be kept under seal

2

and out of the view of potential fact witnesses so as not to influence their testimony and to preserve the integrity of witness testimony in the case. Permitting the witnesses to review the deposition transcript or learn its contents will afford them the opportunity to conform their own testimony to that of Dr. Roberts.

7.      This consideration deserves special attention here, where Mr. Agofsky's trial counsel are actively working against their former client.  Black and Barlow both refused to speak with current counsel about Mr. Agofsky's case.  Despite receiving two (2) separate authorization forms signed by their former client, trial counsel maintained that they would not speak with current counsel.  (A.00025-000026, A.00032).  In his affidavit, Mr. Black maintained that he believed Mr. Agofsky's first release authorized him to release only documents to counsel and that the second release authorized post conviction counsel to speak about the case but did not waive the privilege as to trial counsel.  (Page 5-6).  The second release, obtained from Mr. Agofsky specifically to allay the fears of Mr. Black, expressly stated "I hereby give permission for my current counsel, Claudia Van Wyk, Esq., and Jennifer Merrigan, Esq., to meet with my trial counsel, Patrick Black, Esq, and Doug1as Barlow, Esq., and to discuss with them all matters arising from their representation of me."  (A 00029).  Mr. Black's semantic objection is unfounded.  The refusal by both Black and Barlow to speak with post-conviction counsel combined with their continued willingness to speak with the Government and with Mr. Bennett about the case puts Mr. Agofsky, their former client, at an unfair disadvantage.  A protective order limiting the release of the deposition transcripts as well as trial counsel's affidavits will address this disadvantage and prevent potential witness collusion.

8.      As indicated above, on March 13, 2009, Mr. Barlow executed a self-serving affidavit seeking to justify his abject failure to investigate mitigating evidence, properly prepare a penalty phase presentation, or otherwise fulfill any of the duties required of him under Rompilla v. Beard, 545 U.S. 374 (2005), Wiggins v. Smith, 539 U.S. 510 (2003), Williams v.

Taylor, 529 U.S. 362 (2000) and the *American Bar Association Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases.*

9.  The affidavit submitted was largely unresponsive to any of the claims in the petition.  Rather it was replete with false and scurrilous accusations that Petitioner somehow thwarted his efforts to prepare the case.  It also contained unsupported claims that Petitioner had engaged in uncharged criminal conduct, allegations that are similarly false.

10.  The tone and tenor of the "affidavit" was not one of an independent witness seeking to aid the Court in resolving questions of fact.  Rather counsel, obviously piqued at having to answer questions about his competency, donned a prosecutor's cap and delivered a one-sided, biased, and, as Petitioner will show at a hearing, false account of the events surrounding his representation of Petitioner.

11.  Because counsel has demonstrated that he has no compunction about making false allegations in the affidavits, Petitioner seeks the authority of this Court to ensure that impeachment materials are not destroyed.  Petitioner seeks an order barring Douglas M. Barlow from altering or destroying any of the below items and related relief, pending final resolution of discovery in this case.

      a.     Any and all previous drafts of the March 13, 2009 affidavit, in any form, electronic or otherwise;

      b.     Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records  reflecting any contact or communications with the United States Attorney's Office regarding preparation and submission of the affidavit;

      c.     Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with Patrick Black, Esq. or Black's associates, regarding preparation and submission of the affidavit;

      d.     Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with Brent Newton, Esq. or Newton's associates, regarding preparation and submission of the affidavit;

e.   Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting reaction to Petitioner's Petition for Habeas Corpus Relief including annotations on any written or electronic copy of the Petition;

f.   Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with the United States Attorney's Office, Brent Newton and/or Patrick Black regarding allegations made in the Petition, whether or not in anticipation of the affidavit or depositions;

g.   Counsel's entire trial file, including all letters received and sent, discovery, memoranda, emails, handwritten notes, pleadings (including prior drafts), and research, including contact or communications with other members of the legal team, in any form including written and electronic;

h.   Any and all records of billings, in the above case including prior drafts of petitions, whether or not filed or payment received;

i.   Any and all materials or evidence, in any form, that tends to support or refute any of the assertions made by counsel in his affidavit;

j.   If any of the above items have been previously lost or destroyed, Douglas M. Barlow shall submit a supplemental affidavit, unvetted by the United States Attorney's Office, indicating the precise date and circumstances of the loss or destruction of said materials;

k.   Any computer in an unaltered state, on which any of the above requested materials may have been created or electronically preserved whether or not said files have been previously deleted.

12.   Mr. Bennett's testimony that Mr. Barlow's office personally sent his affidavit to Mr. Bennett is an indication of Mr. Barlow's desire to be personally involved in the post-conviction litigation and his willingness to interject his own point of view concerning witnesses into the current case.  It is critical, in order to preserve the integrity of witness testimony, that attorney Barlow's affidavit be contained and not permitted to contaminate the testimony of potential witnesses.

## Memorandum of Law

Rule 26(c) of the Federal Rules of Civil Procedure provides a means for a court to enter protective orders, limiting the use of discovery.  The Rule provides that "A party or any person from whom discovery is sought may move for a protective order in the court where the action is

5

pending[.]" Fed. R. Civ. Pro Rule 26(c). Rule 26(c) further provides that "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following…(F) requiring that a deposition be sealed and opened only on court order." Fed. R. Civ. Pro. Rule 26(c). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.' " *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir.1998) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978); citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2035, at 483-86 (2d ed.1994)) (hereinafter "Wright & Miller"). "[T]he decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.,* 197 F.3d 200, 209 n. 27 (5th Cir.1999).

Such good cause exists here, where Mr. Agofsky has alleged particularized and specific harm that he will suffer if the factual witnesses in this case are permitted access to one another's testimony. The subject matter of the depositions overlaps extensively with that of the attorneys' affidavits. Additionally, Mr. Bennett admitted on the record that he had reviewed affidavits from Mr. Black and Mr. Barlow, and it clear that his testimony was tailored to conform to them. Permitting the witnesses to confer with one another about the depositions or giving them access to the transcripts would afford them the opportunity to make their testimony more consistent with one another, causing injury to Mr. Agofsky. The refusal of trial counsel in this case to speak with Mr. Agofsky's current counsel increases the risk that this will occur, as there may not be  documentary evidence to support or contradict a witness's testimony. Because the depositions are potentially in lieu of testimony and their purpose is to supplement the record, it is important to preserve the integrity of testimony of these and other witnesses.

6

In determining whether or not to issue a protective order, the court should weigh the interests of the moving party in seeking protection against the burden of such protection on the non-moving parties. *See, e.g., Bucher v. Richardson Hosp. Authority*, 160 F.R.D. 88 (N.D.Tex. 1994) (the court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens). Here the interests of Mr. Agofsky clearly outweigh any burden to the Government. Keeping the transcripts confidential from other potential fact witnesses will not foreclose the Government in any way from obtaining factual information from their witnesses in response to the claims contained in Mr. Agofsky's § 2255 motion. Should there arise a specific need for the Government to reveal information contained in the affidavits or deposition testimony, it can simply ask the Court to modify its confidentiality order at that time.

This case is analogous to the situation faced in *Naismith v. Professional Golfers Assn*., 85 F.R.D. 552, 568 (N.D. Ga. 1979). In that case, the District Court for the Northern District of Georgia issued a protective order making confidential the testimony of witnesses in deposition. The court found persuasive the plaintiff's argument that "the failure to grant a protective order will allow defendants' witnesses to make their testimony more consistent by reading transcripts of one another's depositions." *Id*. "Such a practice," the court found, "can obviously create serious questions as to a witness' credibility, especially if he changes his testimony after his deposition." *Id*. Thus, the court ordered "that the parties and attorneys in this case ensure that no witness discuss with anyone his own or any other deposition taken in this case." *Id*.

WHEREFORE, for the foregoing reasons, Mr. Agofsky respectfully requests that this Court enter a protective order in his case:

1.  Directing that the transcripts of the depositions of Dr. Dan Roberts and Jay Bennett not be shared with any fact witnesses for either party in this case;

2.  Directing the attorneys in the case to ensure that the affidavits prepared by Patrick Black and Douglas Barlow pursuant to the Court's order are not shared with any other fact witnesses in this case;

3.  Directing Douglas Barlow to maintain all documents, information, and electronic files listed above at ¶ 11; and

4.  Ordering any other remedy that the Court believes to be fair and just.

Respectfully Submitted,

/s/ Claudia Van Wyk                          /s/ Jennifer Merrigan
_____                     _____
Assistant Federal Defender                   Public Interest Litigation Clinic
Capital Habeas Corpus Unit                   305 E. 63rd Street
Federal Community Defender Office            Kansas City, MO 64113
for the Eastern District of Pennsylvania      816-363-2795
Suite 545 West – The Curtis Center           Fax: 816-363-2799
Philadelphia, PA 19106                        jmerrigan@pilc.net
215-928-0520
Claudia_Vanwyk@fd.org