**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | No.    **1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Movant.** | ) | |
| _____ | ) | |

## PROTECTIVE ORDER LIMITING DISCLOSURE OF DEPOSTITION TRANSCRIPTS AND AFFIDAVITS OF TRIAL COUNSEL

IT IS HEREBY ORDERED Motion for Protective Order Limiting Disclosure of Deposition Transcripts and Affidavits of Trial Counsel is hereby GRANTED.

Counsel are hereby prohibited from sharing the deposition transcripts of Jay Bennett and Dr. Dan Roberts and affidavits of trial counsel, G. Patrick Black and Douglas Barlow, with other potential fact witnesses in the case.  Counsel are ordered to advise their fact witnesses that the court has entered a protective order and that they should not share the deposition transcripts or affidavits or the information contained within.  Counsel are permitted to share the deposition transcripts of Mr. Bennett and Dr. Barlow with expert witnesses.

Trial counsel Douglas Barlow is hereby directed to maintain and prohibited from destroying any of the below items and related relief, pending final resolution of discovery in this case:

a. Any and all previous drafts of the March 13, 2009 affidavit, in any form, electronic or otherwise;

b. Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records  reflecting any contact or communications with the United States Attorney's Office regarding preparation and submission of the affidavit;

c. Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with Patrick Black, Esq. or Black's associates, regarding preparation and submission of the affidavit;

d. Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with Brent Newton, Esq. or Newton's associates, regarding preparation and submission of the affidavit;

e. Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting reaction to Petitioner's Petition for Habeas Corpus Relief including annotations on any written or electronic copy of the Petition;

f.    Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with the United States Attorney's Office, Brent Newton and/or Patrick Black regarding allegations made in the Petition, whether or not in anticipation of the affidavit or depositions;

g.    Counsel's entire trial file, including all letters received and sent, discovery, memoranda, emails, handwritten notes, pleadings (including prior drafts), and research, including contact or communications with other members of the legal team, in any form including written and electronic;

h.    Any and all records of billings, in the above case including prior drafts of petitions, whether or not filed or payment received;

i.    Any and all materials or evidence, in any form, that tends to support or refute any of the assertions made by counsel in his affidavit;

j.    If any of the above items have been previously lost or destroyed, Douglas M. Barlow shall submit a supplemental affidavit, unvetted by the United States Attorney's Office, indicating the precise date and circumstances of the loss or destruction of said materials;

k.    Any computer in an unaltered state, on which any of the above requested materials may have been created or electronically preserved whether or not said files have been previously deleted.