**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SHANNON WAYNE AGOFSKY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION NO. 1:07-CV-511** |
| **v.** | § | |
| | § | **JUDGE  RICHARD A. SCHELL** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |
| _____ | § | |

**GOVERNMENT'S RESPONSE TO AGOFSKY'S
MOTION FOR PROTECTIVE ORDER
LIMITING DISCLOSURE OF DEPOSITION TRANSCRIPTS
AND AFFIDAVITS OF TRIAL COUNSEL**

The United States of America, by and through John M. Bales, United States Attorney for the

Eastern District of Texas (hereinafter "the Government"), and the undersigned Assistant

United States Attorney files this response to Shannon Agofsky's July 30, 2009 motion (Doc. 99).

The Government would respectfully show that court-ordered protective orders are not warranted or

necessary, as follows:

I.

Agofsky fails to establish the required "good cause" standard to be entitled to court-ordered

protective orders pursuant to Federal Rule of Civil Procedure 26(c).  Fed. R. Civ. P. 26(c); *In re

Terra Int'l, Inc.*, 134 F.3d 302, 306-07 (5th Cir. 1998) ("Rule 26(c)'s requirement of a showing of

good cause to support the issuance of a protective order indicates that 'the burden is upon the

movant to show the necessity of its issuance, which contemplates a particular and specific

demonstration of fact as distinguished from stereotyped and conclusory statements.'") (citations omitted).

## II.

G. Patrick Black and Douglas Barlow are officers of the court who have already committed in their affidavits to their trial preparations and strategies.  If an evidentiary hearing is ordered, Agofsky's counsel can cross-examine the witnesses regarding any change of position from formerly submitted sworn statements.  Petitioner's scurrilous and abhorrent criticism of Mr. Barlow is ill taken and not warranted simply because he takes a position opposed to Agofsky's claims of his ineffectiveness.  Such claims clearly do not rise to the level of good cause needed to issue a protective order.

## III.

Nonetheless, the undersigned AUSA represents to this Court that the Government does not at this time intend to forward or disclose to other fact witnesses in this case (1) the deposition testimony of investigator Jay Bennett and Dr. Dan Roberts; and (2) the affidavits of Agofsky's trial counsel G. Patrick Black and Douglas Barlow, without petitioning the court for leave to do so . The Government presumes that Agofsky's habeas counsel represent the same by the filing of its motion.

## IV.

**WHEREFORE, PREMISES CONSIDERED,** Respondent prays that the Court not issue the protective orders requested by Shannon Agofsky and DENY said motion.

Respectfully submitted,
John M. Bales
UNITED STATES ATTORNEY

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney
TXSBN:  01918070
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237

(409) 839-2538 office
(409) 839-2550 fax
email:  joe.batte@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2009, a true and correct copy of the motion

has been served on counsel for Defendant-Petitioner as follows:

Claudia Van Wyck
Federal Community Defender Office
For the Eastern District of Pennsylvania
The Curtis Center, Suite 545 W
Independence Square West
Philadelphia, PA  19106

Jennifer Merrigan, Esq.
305 E. 63rd Street
Kansas City, MO  64113

/s/ Joe Batte
JOSEPH R. BATTE
Assistant United States Attorney

-3-