**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY,<br>        Movant, | § | |
| vs. | § | No. 1:07cv511 |
| UNITED STATES OF AMERICA, | § | |
|        Respondent. | § | |
| | § | |

**<u>ORDER GRANTING MOVANT'S MOTION FOR PROTECTIVE ORDER
LIMITING DISCLOSURE OF DEPOSITION TRANSCRIPTS AND
AFFIDAVITS OF TRIAL COUNSEL</u>**

This matter comes before the court on movant Shannon Wayne Agofsky's ("Agofsky's") motion for protective order limiting disclosure of deposition transcripts and affidavits of trial counsel (docket entry # 99), filed on July 30, 2009.  The court, having considered the circumstances alleged and authorities cited by the parties, finds that the motion is well-taken and it will be granted.

Agofsky was convicted of capital murder and sentenced to death.  At trial he was represented by attorneys Patrick Black and Doug Barlow.  They used Jay Bennett as an investigator, and Dr. Dan Roberts as an expert witness.  After exhausting his direct appeal, Agofsky filed a motion for relief from judgment pursuant to 28 U.S.C. §2255, claiming that his trial and appellate counsel provided ineffective assistance.  Agofsky has deposed Bennett and Roberts, and Black and Barlow have submitted affidavits detailing their actions taken as Agofsky's counsel.  Black provided a copy of his case file to Agofsky's current counsel, and

1

Barlow said that his case file had been destroyed.

Agofsky makes two requests.  First, he asks the court to order the respondent United States of America ( "the Government") not to disclose Black's and Barlow's affidavit testimony and Bennett's and Robert's deposition testimony to any of the witnesses in the case.  Second, he asks the court to order Barlow not to destroy the files and/or records he has relating to this case which have not already been destroyed.

Regarding Agofsky's first request, the Government states in its response that at this time it does not intend to disclose the affidavit testimony and deposition testimony at issue in this motion to any of the witnesses, and will not do so unless the court grants it leave to do so.  Based on this representation the court will grant Agofsky's first request.

Regarding Agofsky's second request, the Government contends that Agofsky's criticism of Barlow is "scurrilous and abhorrent," but admits that Barlow has taken a position "opposed to Agofsky's claims of his ineffectiveness" and does not refute that Barlow has claimed that his case file was lost or destroyed.  Under these circumstances, ordering Barlow to preserve the records he does have and  explain what happened to those that he does not have is appropriate.[1]

---

[1] The documents are described in the motion as:

a.  Any and all previous drafts of the March 13, 2009 affidavit, in any form, electronic or otherwise;

b. Any and all letters, e-mails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with the United States Attorney's Office regarding preparation and submission of the affidavit;

c. Any and all letters, e-mails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with Patrick Black, Esq. or black's associates, regarding preparation and submission of the affidavit;

d. Any and all letters, e-mails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with Brent Newton, Esq. or Newton's associates, regarding preparation and submission of the affidavit;

IT IS THEREFORE ORDERED that Barlow maintain all documents, information and electronic files listed in footnote 1 of this order, and within 30 days from the date of entry of this order, provide to Agofsky's present counsel an affidavit complying with the requirements in paragraph (j) of that footnote.

**SIGNED this the 13th day of August, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

e. Any and all letters, e-mails, written notes of telephone calls, memoranda or other writings or records reflecting reaction to Petitioner's Petition for Habeas Corpus Relief including annotations or any written or electronic copy of the Petition;

f. Any and all letters, e-mails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with eth United States Attorney's Office, Brent Newton and/or Patrick Black regarding allegations made in the Petition, whether or not in anticipation of the affidavit or depositions;

g. Counsel's entire trial file, including all letters received and sent discovery, memoranda, e-mails, handwritten notes, pleadings ( including prior drafts), and research, including contact or communications with other members of the legal team, in any form including written and electronic;

h. Any and all records of billings in the above case including prior drafts of petitions, whether or not filed or payment received;

I. Any and all materials or evidence, in any form, that tends to support or refute any of eth assertions made by counsel in his affidavit;

j. If any of the above items have been previously lost or destroyed, counsel shall submit to Agofsky's counsel a supplemental affidavit, unvetted by the United States Attorney's Office, indicating the precise date and circumstances of the loss or destruction of said materials;

k. Any computer in an unaltered state, on which any of the above requested materials may have been created or electronically preserved whether or not said files have been previously deleted.