**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent,** | ) |
| | ) |
| **v.** | )    No.    **1:07-cv-00511** |
| | ) |
| **SHANNON WAYNE AGOFSKY,** | ) |
| | ) |
| **Movant.** | ) |
| | ) |

**MOTION TO COMPEL COMPLIANCE WITH COURT ORDER**

On August 14, 2009, this Court entered a protective order directing Douglas Barlow to submit an affidavit to Mr. Agofsky's current counsel explaining whether certain documents pertaining to Mr. Agofsky's case have been lost or destroyed and, if so, explaining the circumstances. On October 6, 2009, Mr. Agofsky's postconviction counsel received Mr. Barlow's affidavit. For the reasons herein, Mr. Agofsky respectfully suggests that Mr. Barlow has not complied with the Court's August 14, 2009 order and requests that the Court order Mr. Barlow to do so.

1. On January 14, 2009, Respondent filed a motion asking that the Court enter an order permitting trial counsel to file affidavits relating to their representation of Mr. Agofsky. Doc. 65. An internal rule of the Federal Defender's Office prohibited Mr. Black from submitting such an affidavit without a court order. Mr. Agofsky objected to the request and asked that the Court instead authorize depositions of trial counsel, the trial investigator, and the mental health expert who testified at trial. Docs. 66 and 68.

2. On February 10, 2009, this Court granted Mr. Agofsky's motion in part and authorized

1

depositions of trial investigator Jay Bennett and trial expert Dr. Dan Roberts but denied the motion to depose trial counsel.  Doc. 70.  The depositions of Mr. Bennett and Dr. Roberts were taken on June 30 and July 2, respectively.

3. On February 10, 2009 this Court also authorized Mr. Barlow and his co-counsel, Patrick G. Black, Esq., to prepare affidavits pursuant to the Government's request.  Those affidavits were provided to counsel for Mr. Agofsky and the Government on or before March 15, 2009.

4. After the depositions and affidavits, on August 3, 2009, Mr. Agofsky asked this Court to enter a protective order, precluding the government from sharing depositions with other fact witnesses in the case.  Mr. Agofsky further requested that the Court order Mr. Barlow to maintain any documents or files in his possession relating to Mr. Agofsky's case and to prepare and serve on postconviction counsel an affidavit describing any loss or destruction of specific materials in the case.  The reasoning behind Mr. Agofsky's request was twofold.  First, Mr. Barlow had previously refused to turn over his file or, in the alternative, to certify that it had been destroyed.  Second, Mr. Barlow had submitted an affidavit which reached far beyond the scope of Mr. Agofsky's ineffectiveness claims, violating his duty of loyalty to his former client and making baseless and derogatory accusations, which Mr. Agofsky fervently denies.  (*See* Doc. 105, Point IX).

5. On August 14, 2009, this Court granted Mr. Agofsky's motion, noting that both parties were in agreement that Mr. Barlow "had taken a position opposed to his former client's claims of ineffectiveness."  Thus, the Court ordered that "Under these circumstances, ordering Barlow to preserve the records he does have and explain what happened to those that he does not have is appropriate." (Doc. 103, at 2).  Specifically, the Court ordered Mr. Barlow to maintain the following documents and to submit an affidavit within thirty days to Mr. Agofsky's counsel "indicating the

2

precise date and circumstances of the loss or destruction of said materials." *Id*.  The documents listed in Mr. Agofsky's motion, and incorporated by the Court into its order, are as follows:

a. Any and all previous drafts of the March 13, 2009 affidavit, in any form, electronic or otherwise.

b. Any and all letters, e-mails, written notes of telephone calls, memorandum or other writings or records reflecting any contact or communications with the United States Attorney's Office regarding preparation and submission of the affidavit;

c. Any and all letters, emails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with Patrick Black, Esq. Or Black's associates, regarding preparation and submission of the affidavit;

d. Any and all letters, e-mails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communications with Brent Newton, Esq. or Newton's associates, regarding preparation and submission of the affidavit;

e. Any and all letters, e-mails, written notes of telephone calls, memoranda or other writings or records reflecting reaction to Petitioner's Petition for Habeas Corpus Relief including annotations or any written or electronic copy of the Petition;

f. Any and all letters, e-mails, written notes of telephone calls, memoranda or other writings or records reflecting any contact or communication with the United States Attorney's Office, Brent Newton, and/or Patrick Black regarding allegations made in the Petition, whether or not in anticipation of the affidavit or depositions;

g. Counsel's entire trial file, including all letters received and sent discovery, memoranda, e-mails, handwritten notes, pleadings (including prior drafts), and research,

including other contact or communications with other members of the legal team, in any form including written and electronic;

h. Any and all records of billings in the above case including prior drafts of petitions, whether or not filed or payment received;

i. Any and all materials or evidence in any form, that tends to support or refute any of the assertions made by counsel in his affidavit,

6. Mr. Barlow's supplemental affidavit was received by postconviction counsel on or about October 6, 2009.[1]  In it, he provides essentially the same information he provided in his first affidavit, stating that some of his files were destroyed in a hurricane without specifying which ones were destroyed or which ones still exist.[2] The affidavit, dated September 29, 2009, is attached as Exhibit 1.[3]

7.  The affidavit is not responsive to the Court's order, which required a description of the "precise date and circumstance of the loss or destruction" of "any of the [] items" listed in the order. There is one section of the affidavit in which Mr. Barlow purports to respond to the Court, however, that portion is so vague that it does not address the information sought in the order, which required

---

[1] The order also included the requirement that it not be vetted by counsel for the government.

[2] On October 1, 2009, Claudia VanWyk, postconviction counsel for Mr. Agofsky, received a phone call from AUSA Batte notifying her that he had received the affidavit from Mr. Barlow.  Because the Court specifically ordered Mr. Barlow to serve the affidavit on counsel for Mr. Agofsky, Mr. Batte represented that he would not read the affidavit until postconviction counsel consented or he received further instructions from the clerk.  On October 6, 2009, postconviction counsel received Mr. Barlow's affidavit, and subsequently advised Mr. Batte by email that the defense has no objection to his reading it.

[3] The Court ordered Mr. Barlow to serve the affidavit on Mr. Agofsky's counsel within 30 days.  However, Mr. Agofsky's postconviction counsel subsequently advised Mr. Barlow that the defense would not object if Mr. Barlow took an additional three weeks to file.

Barlow to provide further detail about the loss or destruction of documents than his first affidavit contained. Finally, the affidavit fails entirely to address specific documents listed by the Court in its order.

8. Thus Mr. Agofsky respectfully requests that the Court order Mr. Barlow to comply with the Court's original (August 14) order by stating to exactly which documents have been destroyed and specifically addressing each of the categories listed in footnote 1 of the Court's Order.

9. Mr. Agofsky requests an additional safeguard. In its August 14 Order, the Court also directed Mr. Barlow to "maintain all documents, information and electronic files listed in footnote 1 of this order." Because Mr. Barlow suggests in his affidavit that he may still possess some documents pertaining to Mr. Agofsky's case, but does not specify which ones, if any, he does still possess, and because both parties have recognized that Mr. Barlow has "taken a position opposed to his former client's claims of ineffectiveness" Mr. Agofsky also requests that the Court order Mr. Barlow not only to maintain the documents listed in Footnote 1 in the Order, but to specify in an affidavit exactly which materials still remain in his possession. Thus, the Court should order Mr. Barlow to state specifically whether he still possesses any materials, and if so, which materials, in each category listed in footnote 1 of the Court's August 14 Order.

## ARGUMENT

### I. The majority of the affidavit is irrelevant to the Court's Order and is not responsive:

The majority of the affidavit is irrelevant to the Court's order, focusing mainly upon Mr. Barlow's characterization of his interaction with habeas counsel and not, as the Court ordered, the whereabouts of Mr. Agofksy's file. These sections are not responsive to the Court's order and should

be disregarded.[4] (Exh. 1, See page 3).

**II. The relevant portion of the affidavit is so vague as to be nonresponsive.**

Only one paragraph of the affidavit is relevant to the Court's inquiry. (See Exhibit 1, at 2,

paragraph 2). That section is nonetheless non-responsive because it is so vague that it does not

specify which documents, if any, still exist and which have been destroyed, but simply repeats Mr.

Barlow's indication in his original affidavit that some portion of his file was destroyed in a

hurricane. As to his "Agofsky file", Mr. Barlow states that:

1) "many of the large boxes containing records of capital murder files were in a storage

building in my office building and were destroyed during Hurricane Rita, which struck on

September 24, 2005." (Exh. 1, 2).

2) "I had previously forwarded some of the materials to the office of the Federal Public

_____

[4] Mr. Barlow's affidavit misrepresents his interactions with postconviction counsel. As reflected in Mr. Agofsky's 2255 Motion, postconviction counsel attempted to reach Mr. Barlow several times prior to filing his 2255 Motion. Initially, Mr. Barlow represented to counsel over the telephone that he would send them his file. However, by June, when postconviction counsel had not received any documents or files, they followed up their telephone conversation with letters. (See Letter from Barlow to Merrigan, June 14, 2007, Appendix to Amended § 2255 Motion, October 6, 2008, at 19 and Letter from Barlow to Merrigan, June 29, 2007, attached hereto as Exhibit 2). Mr. Barlow did not convey to postconviction counsel immediately that the file had been destroyed. When he finally did, postconviction counsel sent Mr. Barlow a form to sign and certify that the file had been destroyed and that he had no further documents pertaining to Mr. Agofsky's case in his possession. (Appendix to Amended § 2255 Motion, October 6, 2008, at 20). Meanwhile, postconviction counsel were planning on meeting with Mr. Barlow and Mr. Black in Texas but had learned that Mr. Black had cancelled the meeting. (Letter from Black to VanWyk, December 4, 2007, Appendix to Amended § 2255 Motion, October 6, 2008, at 26). On December 6, Mr. Barlow's secretary informed Jennifer Merrigan, one of Mr. Agofsky's postconviction counsel, by telephone that Mr. Barlow was declining to meet with them as well. At that time, post conviction counsel once again sent Mr. Barlow the "No Records certification" via facsimile. Mr. Barlow again did not return the form. (Facsimile from Merrigan to Barlow, December 7, 2007, Appendix to Amended § 2255 Motion, October 6, 2008, at 22-23).

Defender, G. Patrick Black, after the conclusion of our representation, but I still had one or more large boxes that were destroyed during the hurricane and were therefore unavailable." (Exh. 1, 2).

These sections are vague and do not indicate what was destroyed and what, if anything, is still in Mr. Barlow's possession. Mr. Barlow's representation that "many of the large boxes" were destroyed by Hurricane Rita does not explain what files may have been in his possession after the hurricane or what files may still be in his possession now. Mr. Barlow's representation that he had "previously forwarded some of the materials to Mr. Black's office" is likewise vague and non-responsive. Mr. Barlow makes no note of what he delivered to Mr. Black's office and what was left in his office.

### III. The affidavit fails to address entire portions of this Court's order

Mr. Barlow does not comply with, or even respond to, the Court's order that he address the loss or destruction of specific documents listed in the Court's footnote 1. Mr. Barlow makes no mention of items (a) through (k) and no effort to explain their destruction or existence.

7

**Conclusion**

Mr. Agofsky respectfully requests that this Court order Mr. Barlow to comply with its previous Order by stating specifically which documents have been destroyed, addressing each of the categories listed in footnote 1 of the Court's Order. Additionally, Mr. Agofsky requests that the Court direct Mr. Barlow to state exactly which documents pertaining to his former client are still in his possession, addressing each of the categories listed in footnote 1 of the Court's Order.

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO 64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

**CERTIFICATE OF SERVICE**

I hereby certify that on  October 26, 2009 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and **Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

/s/  Jennifer Merrigan
Jennifer Merrigan
Counsel for Movant