IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 1:07-cv-511 |
| v. | § | |
| | § | JUDGE  RICHARD A. SCHELL |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

**GOVERNMENT'S MOTION TO STRIKE PORTIONS OF "SUPPLEMENT TO DEFENDANT'S AMENDED MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO 28 U.S.C. § 2255"**

The United States of America, by and through John M. Bales, United States Attorney for the Eastern District of Texas ("the Government"), and the undersigned Assistant United States Attorney moves to strike portions of Shannon Agofsky's Supplement to Defendant's Amended Motion for Relief From Judgment Pursuant to 28 U.S.C. § 2255 ("Supplement"):

Agofsky filed the Supplement on September 9, 2009.  The Government's response is presently due on January 27, 2010.  The Government moves to strike portions of the Supplement, identified with particularity *infra*, on several related grounds.  Portions of the Supplement are disallowed under the procedural rule governing such supplemental pleadings, Fed. R. Civ. P.  15(d), and also violate a related agreement between the parties.  Additionally, those portions in fact appear to be pleading amendments under Fed. R. Civ. P. 15(a), and all but two of the amendments do not "relate back" in accordance with Rule 15(c).  Given that they were filed more than one year after the date on which Agofsky's conviction and sentence became

1

final on direct review, these non-relating-back portions are barred by the one-year statute of limitations of 28 U.S.C. § 2255.  Moreover, Agofsky filed a first amended motion on October 6, 2008, and he may not amend his motion a second time without leave of court or the Government's written consent.  Fed. R. Civ. P. 15(a).  The Government seeks a preliminary ruling from the Court due to the extremely heavy burden this 282-page supplemental pleading (with 3,326 pages of exhibits) imposes on the Government and to prevent the unnecessary and undesirable protracted litigation that otherwise may ensue.

I.  Procedural background

Agofsky filed an original § 2255 motion on January 17, 2008, and an amended motion on October 6, 2008.  (Docs. 38, 51).  On February 10, 2009, the Court granted the Government's motion for court-ordered affidavits by Agofsky's former trial counsel, G. Patrick Black and Douglas M. Barlow, and appellate counsel, Brent Newton, which counsel provided in March 2009.  The Court also granted Agofsky's motion for court-authorized depositions of his trial investigator, Jay Bennett, and defense psychologist, Dr. Dan Roberts, and the parties deposed Bennett on June 30, 2009, and Roberts on July 2, 2009.  (Docs. 65, 66, 68, 70).  Prior to the depositions, habeas counsel suggested that they might need to supplement Agofsky's amended motion with information and evidence arising from the depositions.  Approximately one week before Agofsky filed his joint motion to extend the time for depositions (Doc. 88), the undersigned Assistant U.S. Attorney spoke with one of Agofsky's habeas counsel, Ms. Claudia Van Wyck, regarding the filing of a supplement to Agofsky's amended motion and an extension of time to file same.  Ms. Van Wyck made it clear to the undersigned that her request "possibly" to need to supplement was conditioned on a review of the information and evidence that might

be forthcoming from those depositions.  The undersigned specifically told Ms. Van Wyck that

the Government would have no objection to a supplement, or her request for additional time to

file same, after the depositions, provided that no additional claims apart from those previously

asserted in Agofsky's amended motion would be included in the supplement.  Ms. Van Wyck,

without hesitation, or further discussion, assured the undersigned that any supplement that

"might" be filed would address only matters arising out of the depositions that supplemented

claims previously stated in Agofsky's amended motion.  Indeed, Agofsky's motion regarding the

post-deposition briefing schedule provided that "[f]ollowing the depositions, it may be necessary

for the defense to supplement the amended § 2255 motion to reflect additional evidence."  (Doc.

88 at 2-3).  The Court granted Agofsky's request to file a post-deposition supplement, which

Agofsky filed on September 9, 2009.  (Docs. 90, 105).  In addition to updating his pre-existing

claims with information gathered from the depositions of Bennett and Roberts (and from the

affidavit statements of Agofsky's former counsel),[1] Agofsky added record-based arguments,

expanded claims unrelated to the two depositions or to former counsels' affidavits, and added

entirely new Points.  Agofsky does not address or attempt to justify the inclusion of these

arguments, claims, and Points.

---

[1]  The parties did not specifically agree that Agofsky could update his amended motion with information from the affidavits of Agofsky's former counsel.  Because the affidavits are similar in kind to the depositions, the Government does not object to Agofsky responding to them in the context of the previously-raised claims, although the Government objects to newly-raised Point IX.  The Government does not object to the inclusion of Agofsky's recent declaration.

II. Legal Principles governing supplemental and amended pleadings

    A. Rule 15(d) – supplemental pleadings

By labeling his pleading as a "supplement," Agofsky invokes Rule 15(d), which applies in § 2255 proceedings. *See Mayle v. Felix*, 545 U.S. 644, 654-55 (2005); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). Under Rule 15(d), supplemental pleadings set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" and "relate to events that 'have transpired since the date of the party's most recent pleading.'" *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (quoting *Weeks v. New York State*, 273 F.3d 76, 88 (2d Cir. 2002)).

    B. Rule 15(a), (c) – amendments

Amendments, unlike supplemental pleadings, typically rest on matters in place prior to the filing of the original pleading. *Hicks*, 283 F.3d at 385. An amended habeas motion must be filed within the one-year statute of limitations of 28 U.S.C. § 2255 unless the amendment "relates back" to the original petition. 28 U.S.C. § 2255; Fed. R. Civ. P. 15(c); *Mayle*, 545 U.S. at 655; *Saenz*, 282 F.3d at 355-56.[2] A claim relates back to the original pleading only when it arose out of the conduct, transaction, or occurrence set forth in the original pleading. Fed. R. Civ. P. 15(c). The mere fact that the amended claim relates to the same trial does not satisfy this standard; instead, the amended assertion must be a clarification or amplification of an existing, timely-filed claim, or be tied in some other way to a "common core of operative facts." *Mayle*, 545 U.S. at 664.

---

    [2] The one-year limitations period generally runs from the date on which the conviction became "final," *i.e.*, the date on which the Supreme Court denied certiorari on direct review (if certiorari was sought and denied). 28 U.S.C. § 2255; *Clay v. United States*, 537 U.S. 522, 527-28 (2003); *United States v. Thomas*, 203 F.3d 350, 352-55 (5th Cir. 2000).

III. Argument

    A. <u>Major portions of Agofsky's "Supplement" involve matters entirely in place as of his prior pleading, and thus run afoul of Rule 15(d)'s supplementation provision and the parties' agreement.</u>

As noted, the standard for evaluating whether a claim is a "supplement" potentially allowable under Rule 15(d) as opposed to an "amendment" governed by Rule 15(a) and 15(c) is whether the assertion involves events in place before or after the pleading sought to be supplemented or amended. *Hicks*, 283 F.3d at 385-86. Moreover, the parties' agreement, as recounted, *supra*, allowed Agofsky to supplement his pleading based on matters newly raised in the recent depositions. The following assertions contained in Agofsky's recent Supplement are plainly amendments because they rely on facts fully in place at the time of Agofsky's prior amended Section 2255 motion, and are not based on developments or facts disclosed at the recent, intervening depositions or the affidavits of prior defense counsel.[3]

In the amended motion, Agofsky raises several record-based ineffective assistance of trial counsel claims, alleging deficiencies in the guilt and penalty phases and on appeal. The Supplement now alleges many additional record-based guilt-phase ineffectiveness claims, including five new arguments added to **Point I.I.2**,[4] four new arguments added to **Point I.I.3**,[5]

---

    [3] The Supplement's newly-added **Point IX** runs afoul of Rule 15(d) and the parties' agreement for a different, but equally objectionable, reason. In Point IX, Agofsky attempts to refute his trial counsels' alleged "factually inaccurate and non-responsive" affidavit statements with Agofsky's newly-tendered declaration, expert declarations, and documentary evidence predating his amended motion. (Supp. 249-51). Assuming, without conceding, that this Point asserts a cognizable claim for relief, Agofsky should have incorporated the applicable arguments into pre-existing claims.

    [4] The new arguments in Point I.I.2 include: counsel failed to object to the "progression" charge (I.I.2.a.ii); failed to object to the "erroneous murder instruction" (I.I.2.b.); failed to object to the "inconsistent and confusing malice instructions" (I.I.2.c.); failed to object to the "confusion engendered by the conflation of 'federal murder' and 'murder by life prisoner'

and two entirely new **Points I.I.4**[6] and **I.I.5**.[7]  (Supp. 49-78).  The Supplement also adds new

record-based penalty-phase ineffective assistance arguments to **Point II.G.3**[8] and an entirely new

**Point II.G.5**.[9]  (Supp. 190-95).  The Supplement also now contains new and extensive

ineffective assistance of appellate counsel arguments in **Points III.C.1** - **III.C.4**  regarding

counsel's briefing on direct appeal.  These new arguments do not reply to, or incorporate,

specific affidavit statements by appellate counsel, and are not in any way related to the recent

depositions of Dr. Roberts and investigator Bennett.[10]  (Supp. 197-228).

    **Point II.B.2** of the amended motion asserts that trial counsel failed to sufficiently

challenge the physical evidence in Agofsky's prior conviction for the murder of Dan Short (the

---

charges" (I.I.2.d.); and failed to seek a lesser-included instruction of second-degree murder (I.I.2.e.).  (Supp. 49-65).

[5]  In Point I.I.3, Agofsky asserts four new instances of ineffective assistance for failing to object to alleged prosecutorial misconduct in closing argument.  (Supp. 65-70).

[6] In Point I.I.4, Agofsky alleges that his trial counsel failed to object to evidence of Plant's peaceful character and failed to cross-examine a government witness about specific instances of Plant's violent conduct.  (Supp. 71).  Although claim I.I.4. references Jay Bennett's deposition and Patrick Black's affidavit, they do not speak directly to the issue raised, which is based on trial testimony.  (Supp. 74).

[7]  In Point I.I.5, Agofsky alleges that his trial counsel failed to seek severance of the two capital murder counts.  (Supp. 75-78).

[8]  In Point II.G.3, Agofsky now asserts that trial counsel failed to object to the prosecutor's alleged summation remarks that the jury had a patriotic duty to issue a death sentence.  (Supp. 190).

[9]  In Point II.G.5, Agofsky now alleges that his trial counsel "failed to seek a unanimity of theory charge as to the non-statutory aggravating circumstance, future danger."  (Supp. 191-95).

[10]  The Government does not object to the Supplement's reply to appellate counsel's affidavit statements regarding his reasons for omitting certain claims in his briefing.  (Points III.C.5.a-f ; Supp. 209-228).

bank president whom Agofsky killed in 1989) to impeach two of the government's statutory aggravating factors.  (Amend. Mo. 94-107).  The Supplement adds a lengthy new argument that trial counsel should have challenged the latent print evidence.  (Supp. 91-111; 95 n. 41).  In support, Agofsky tenders declarations from latent print examiner, Kenneth Eng, and latent print analysis expert, Simon Cole, dated September 4, 2009 (two months after the depositions).  (Supp. Appendix 3756-62; 3786-3805).  In addition to being outside the parties' agreement, the declarations do not constitute an occurrence or event within the meaning of Rule 15(d), and they therefore do not transform this claim into a supplemental pleading.  Agofsky presumably could have obtained these declarations before filing his amended motion because the experts refute the latent print evidence from his prior 1992 (federal) and 1997 (state) trials for the murder of Short.[11]  (Supp. 92 n.38).  To the extent Agofsky attempts to characterize this new argument as a reply to trial counsels' affidavit statements, counsel replied to this ineffective assistance claim in general terms, including that Agofsky did not want to relitigate his prior murder conviction due to "family concerns and involvement."  (Supp. Appendix Black at 2326; Barlow at 2339).  Thus, trial counsels' statements did not open the door to the new arguments about fingerprint evidence.  (Supp. 91-110).

**Point V** of the amended motion asserts that the Government violated *Brady v. Maryland*, 373 U.S. 83(1963) by  failing to disclose (1) the pre-trial statements of Agofsky's martial arts teacher Gerald Edmondson, and (2) information that would have undermined certain forensic testing conducted in Agofsky's prior murder trial.  (Amend. Mo. 198-202).  The Supplement

---

[11]  Agofsky acknowledges that Kenneth Eng "examined the same latent prints that FBI print examiner, Russell Davey, testified about at the Short trials" and that Simon Cole explains "the flaws that were uncovered in the science of latent print analysis between the time of the Short murder trials and the 2004 Plant trial."  (Supp. 92 n.38).

now adds an entirely new *Brady* violation, alleging that the Government withheld exculpatory evidence relating to the testimony of its eyewitness, Inmate Richard Ward.  The claim is based on Ward's February 2009 declaration,[12] which does not fall within the "occurrences or events" to which Rule 15(d) refers.  Although Agofsky's habeas counsel included the declaration (dated five months before the depositions) as an exhibit in Roberts's deposition, they never questioned him about it.[13]  Further, Agofsky could have obtained it prior to filing his amended motion because he should have been aware of at least a part of the factual basis for this claim before he filed his amended motion.  As he acknowledges, "Ward had always claimed he did not see the incident."  (Supp. 229).  Thus, Ward's declaration does not turn this claim into a proper Rule 15(d) supplement.  For these same reasons, the Supplement's newly-added and related **Point VIII**, which asserts for the first time that Agofsky is innocent of capital murder based on Ward's declaration, constitutes an amendment rather than a supplement.  (Supp. 247).

The Supplement's newly-added **Point VI** asserts that the trial court failed to dismiss the indictment due to pre-arrest delay and speedy trial violations and that Agofsky's trial counsel were ineffective for not raising the issue.  (Supp. 235).  Because this claim is wholly record-based, it was fully available for Agofsky to raise in his prior Section 2255 motion and amendment.

---

[12]  In his declaration, Ward discusses the offense and states that the Government instructed him not to divulge promises they made to him in exchange for his testimony.  (Supp. Appendix 2128).

[13]  Prior to Dr. Roberts's deposition, Agofsky's habeas counsel provided him with (1) the documents he used to prepare for trial, and (2) documents habeas counsel independently obtained, including Ward's declaration.  At the start of the deposition, habeas counsel elicited from Roberts that he had reviewed and considered the documents reflected in the exhibit index. (Supp. Appendix 706-07, 712).  None of Roberts's testimony regarding inmate declarations related to Ward's declaration.  (Supp. Appendix 759, 780-81, 788-89, 792, 794, 801-02, 844).

The Supplement's newly-added **Point VII** asserts that his underlying murder conviction was based on inaccurate and unreliable expert scientific testimony and thus violates his due process and Eighth Amendment rights. (Supp. 238). The claim relies on the National Academy of Sciences February 2009 report, *Strengthening Forensic Sciences in the United States*, which does not speak directly to Agofsky's instant or prior murder convictions. In addition to violating the parties' agreement, this report does not constitute an occurrence or event within the meaning of Rule 15(d), and it therefore does not turn this Point into a supplemental pleading.

B.  Agofsky's assertions are barred as amendments because they were filed after the one-year limitations period and do not "relate back"

Agofsky's amended claims were filed more then one year after that date, and they are therefore barred by Section 2255. Although a complicating factor here is that Agofsky filed two petitions for certiorari, which were denied on January 22, 2007 and October 6, 2008, the Government contends that the earlier date–January 22, 2007–is the actual date of finality for purposes of Section 2255's limitations period.

Agofsky was convicted of, and sentenced to death on, two counts of capital murder.[14] On appeal, the Fifth Circuit rejected Agofsky's reversible error claims but held that the convictions violated the Double Jeopardy Clause. *United States v. Agofsky*, 458 F.3d 369, 371 (5th Cir. 2006). The Fifth Circuit vacated and remanded to the district court to strike one count as duplicative and instructed the court to "reenter on remand, pursuant to the jury's previous sentencing verdict, a death sentence as to the murder conviction the Government elects to retain." *Id.* at 373, 375. The Supreme Court denied Agofsky's petition for writ of certiorari on

---

[14] The two counts were murder by a federal prisoner and murder within federal territorial jurisdiction. 18 U.S.C. §§ 1111, 1118.

9

January 22, 2007.

In March 2007, after the Government moved to dismiss Count 1, the district court struck Count 1 and reinstated Agofsky's murder conviction and death sentence on Count 2. (Docs. 243-46: 1-03cr173). Agofsky pursued an appeal, re-asserting a claim the Fifth Circuit previously denied in his initial appeal–that his conviction and death sentence on Count 2 were invalid due to the inconsistency between the jury's guilt- and eligibility- phase verdicts. In affirming, the Fifth Circuit relied on the "law of the case" doctrine, and, after considering whether any exception applied, held that the prior panel's resolution of Agofsky's inconsistent-verdict claim was neither clearly erroneous nor resulted in any manifest injustice. *United States v. Agofsky*, 516 F.3d 280 (5th Cir. 2008). The Fifth Circuit explained that its cases have long established "that inconsistent verdicts should not be reviewable." *Id*. at 284. The Supreme Court denied Agofsky's petition for writ of certiorari on October 6, 2008.

While Agofsky's second appeal was pending, the district court asked the parties to submit briefing on whether Agofsky could file his § 2255 motion while his case was on direct appeal. (Doc. 14: 1:07cv511). Agofsky requested to file his motion within one year of the Supreme Court's January 22, 2007 denial of certiorari, stating that, although it did not appear that the statute of limitations was running because his judgment of conviction was not yet final, "it is impossible at this time to be completely certain of the correct triggering date."[15] (Doc. 21 at 3). The district court ordered that Agofsky file his § 2255 motion by January 22, 2008, and stayed all proceedings, except for the preparation and filing of the motion, until further order.

---

[15] Agofsky's motion noted that the Government did not object to Agofsky filing the § 2255 motion, staying the proceedings, and holding in abeyance until the new appeal was fully litigated. (Doc. 21 at 2).

(Doc. 24).  Agofsky filed his original motion on January 17, 2008, and the district court lifted the stay on October 21, 2008.  (Docs. 38, 57).

The Government asserts that the date of the final judgment in this case is January 22, 2007.  The district court ordered that Agofsky file his motion within one year of that date. Further, case law indicates that the Fifth Circuit's remand was merely ministerial, and therefore, Agofsky's judgment of conviction and sentence became final when the Supreme Court denied his certiorari petition on his initial appeal.[16]  *See Burrell v. United States*, 467 F.3d 160, 161, 164 (2d Cir. 2006); *United States v. Dodson*, 291 F.3d 268, 275 (4th Cir. 2002).  In *Burrell*, the Second Circuit held that "a ministerial remand does not delay a judgment's finality because the lower court's entry of a corrected judgment could not give rise to a valid appeal."[17]  *Burrell*, 467 F.3d at 161, 164-66.  The circuit deemed its remand–affirming the conviction and sentence on one count but remanding the case to the district court to "correct the judgment to reflect dismissal" of another count–strictly ministerial because the district court's routine and nondiscretionary act could not have been appealed on any valid ground.  The circuit noted that its holding was consistent with a similar Fourth Circuit ruling.  *Dodson*, 291 F.3d at 275 (finality

---

[16] Although the Supreme Court addresses a somewhat related concern in *Burton v. Stewart*, 549 U.S. 147 (2007), this issue is not implicated here.  *See e.g. United States v. Messervey*, 269 Fed. Appx. 379, 381 (5th Cir. 2008) (pursuant to *Burton*, a judgment is not final for purposes of § 2255 until both the conviction and the sentence are final).

[17] Although the *Burrell* holding involved the retroactivity of a new rule, courts have noted its reasoning in assessing the timeliness of § 2255 motions.  *See United States v. Carbajal-Moreno*, No. 07-2154, 2009 WL 1566799, *10-12 (10th Cir. June 5, 2009) (remand not clearly ministerial under *Burrell* where circuit vacated one of two counts and ordered district court to adjust the sentence accordingly); *United Sates v. Rowe*, No. 03-CV-816-TCK, 2006 WL 3452577, *5 n. 1 (M.D. Okla. Nov. 28, 2006) (where circuit vacated one of two convictions and ordered district court not to disturb the  remaining conviction, remand was ministerial under *Burrell* and did not affect the finality of the other count).

11

for purposes of § 2255 is not delayed if an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid appeal).[18]  The *Burrell* court rejected the Ninth's Circuit's contrary position that the ministerial nature of the remand should not be considered in determining whether a judgment is final for purposes of § 2255.  *Burrell*, 467 F.3d at 168-69 (citing *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000)); *see Maharaj v. Sec'y DOC*, 304 F.3d 1345, 1349 (11th Cir. 2002) (relying on *Colvin* in § 2254 context).  The Government contends that the Fourth and Second Circuits' reasoning is sound and requests that it be applied in the instant case.  *Cf. United States v. Hayes*, No. 01-311, 2006 WL 851184, *1-5 (E.D. La. March 13, 2006) (noting Second Circuit's position but finding the *Hayes*'s remand non-ministerial).

In Agofsky's case, the Fifth Circuit's remand did not allow the district court any discretion.  *Agofsky*, 458 F.3d at 375.  Although Agofsky had the technical right to appeal, the remand did not lend itself to a "valid" or a "nonfrivolous" second appeal.  *Burrell*, 467 F.3d at 161, 164-66; *Dodson*, 291 F.3d at 275.  Indeed, in his second appeal, Agofsky raised a previously rejected inconsistent-verdict claim, and the Fifth Circuit affirmed, holding that the case was controlled by the longstanding principle that jury verdicts in criminal cases cannot be challenged by alleging that the verdicts are internally inconsistent.  *Agofsky*, 516 F.3d 284.  Therefore, Agofsky's second appeal should not work to delay the finality of the Supreme Court's January 22, 2007 denial of certiorari.  Thus, Agofsky must have filed any amendment by January 22, 2008, unless the amendment related back to the original petition.  The Government requests that the Court strike the arguments, claims, and Points, as identified below, as untimely

---

[18]  While noting its position on ministerial remands, the circuit ultimately held that the remand in its case was non-ministerial.  *Dodson*, 291 F.3d at 275-76.

amendments under Rule 15(c) because they do not relate back to any pre-existing claims in the amended motion.[19]  *See Mayle*, 545 U.S. 644.

For instance, the record-based ineffective assistance arguments and claims set out above do not relate back to the previously-raised ineffective assistance claims.[20]  *See generally Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000) (new ineffective assistance claims did not relate back to timely-filed IAC claims that were based on different facts). Moreover, the new *Brady* claim added to **Point V** is unrelated to the previously-asserted *Brady* claims in the amended motion, and it does not relate back to any other pre-existing claims in the amended motion.[21]  *See Mandacina v. United States*, 328 F.3d 995, 1002-03 (8th Cir. 2003) (each alleged withholding of evidence represents a distinct act).  Additionally, newly-raised **Point VI** (asserting ineffective assistance and trial court error regarding alleged speedy trial violations) and **Point VIII** (asserting actual innocence) are not clarifications or amplifications of an existing timely-filed claim, and they are not tied in some other way to a "common core of operative facts."  *Mayle*, 545 U.S. at 664.

---

[19]  Even if this Court finds any of the identified arguments, claims, and Points set out below to be supplemental pleadings, the Government contends that the "relation back" rule should nonetheless be applied.  *See Hicks*, 283 F.3d at 382 (although the circumstances under which supplements may relate back have not been codified, "the courts often simply apply the principles of 15(c) to supplemental pleadings") (citing authorities).

[20]  The newly-asserted ineffective assistance claim in Point II.B.2–asserting generally that counsel failed to sufficiently challenge the scientific evidence introduced at Agofsky's underlying  murder trial (set out above)–arguably "relates back" to previously-asserted Point II.B.2 in the amended motion asserting the same claim.  Similarly, newly-raised Point VII challenging the reliability of the scientific evidence introduced in the underlying murder trial also arguably "relates back" to Point II.B.2.

[21]  This *Brady* claim raises different factual and legal theories that do not relate back to Point I.1 in the amended motion, which asserts that Agofsky's trial counsel was ineffective for failing to use an FBI 302 to impeach inmate Ward.  (Amend. Mo. 74, 75-77).

The Government further requests that the Court strike the above amendments, as well as the new argument added to Point II.B.2 and newly-raised Point VII, because Agofsky filed a first amended motion on October 6, 2008, and he may not amend his motion a second time without leave of court or the Government's written consent.  Fed. R. Civ. P. 15(a); *Saenz*, 282 F.3d at 355-56.

**WHEREFORE, PREMISES CONSIDERED,** Respondent prays that the Court grant its motion to strike portions of Defendant's Supplement to his Section 2255 amended motion, as set out above.

Respectfully submitted,
John M. Bales
UNITED STATES ATTORNEY

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney
TXSBN:  01918070
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237
(409) 839-2538 office
(409) 839-2550 fax
email:  joe.batte@usdoj.gov

14

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2009, a true and correct copy of the motion has been served on counsel for Defendant-Petitioner as follows:

Claudia Van Wyck                              Jennifer Merrigan, Esq.
Federal Community Defender Office             305 E. 63rd Street
For the Eastern District of Pennsylvania      Kansas City MO 64113
The Curtis Center, Suite 545 W
Independence Square West
Philadelphia, PA  19106

                                   /s/ Joe Batte
                                   JOE BATTE
                                   Assistant United States Attorney


**CERTIFICATE OF CONFERENCE**

I hereby certify that I have contacted counsel for Agofsky, Ms. Claudia Van Wyk, and habeas counsel **oppose** this motion.

                                   /s/ Joe Batte
                                   JOE BATTE
                                   Assistant United States Attorney