**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SHANNON WAYNE AGOFSKY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION NO. 1:07-cv-511** |
| **v.** | § | |
| | § | **JUDGE  RICHARD A. SCHELL** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |
| | § | |

**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO STRIKE
AND
OPPOSITION TO PETITIONER'S CROSS-MOTION TO AMEND**

The United States of America, by and through John M. Bales, United States Attorney for the Eastern District of Texas ("the Government"), and the undersigned Assistant United States Attorney file this motion and would show:

Agofsky filed a Supplement to his § 2255 amended motion on September 9, 2009.  (Doc. 105).  On November 5, 2009, the Government moved to strike portions of the Supplement. (Doc. 112).  On November 17, 2009, Agofsky filed an opposition motion and a cross-motion to amend "any claims more properly considered amendments."  (Doc. 113).  The Government respectfully requests this Court to grant the motion to strike and deny Agofsky's cross-motion to amend his habeas pleadings.  The challenged portions of Agofsky's Supplement (1) run afoul of Fed. R. Civ. P. 15(d)'s supplementation provision and also violate a related agreement between the parties; (2) constitute limitations-barred amendments under Fed. R. Civ. P. 15(c); and (3) are not preserved by equitable tolling.

1

I. Rule 15(d) and the parties' agreement

Agofsky asserts that the parties' agreement was not violated by the Supplement's inclusion of "claims that might not constitute supplements" because the Government agreed to the Supplement; "the defense could not and did not ask the government to agree in advance that claims it had not seen . . . were or were not amendments;" and the Government reserved its right to argue that additional factual allegations contained in the Supplement constitute amendments. (Doc. 113 at 6 n.1).  Initially, the Government's reservation of its right to object to amendments was simply a precautionary measure as to not to waive any arguments.  More notably, Agofsky labeled his pleading a "supplement," thereby invoking Fed. R. Civ. P. 15(d).  The Government agreed to a supplement on the condition that no claims apart from those previously asserted in Agofsky's amended motion would be included, and habeas counsel agreed.  Furthermore, the basis of the agreement was to provide Agofsky the opportunity to address matters arising out of the depositions that supplemented previously-asserted claims (and the Government noted in its motion to strike that it does not object to Agofsky responding to former counsels' affidavits in the context of the previously-raised claims).

Agofsky now asserts that the challenged supplementary claims are appropriate because they "either respond to the broad general assertions in the attorneys' affidavits or set forth the results of new investigation and discovery."  (Doc. 113 at 7, 10).  Indeed, both explanations violate the parties' agreement and Rule 15(d).  Agofsky's "new" evidence does not constitute an "occurrence or event" to which Rule 15(d) refers.  Additionally, Agofsky's opinion that trial counsels' affidavits inadequately respond to his ineffective assistance allegations does not justify

the inclusion of wholly new arguments and claims.[1]

    A.  <u>Record-based ineffective assistance of counsel claims</u>

Agofsky justifies his several newly-raised, record-based ineffective assistance of trial and appellate counsel claims on the alleged non-responsiveness of his former counsels' affidavits. For instance, Agofsky asserts that the Supplement's newly-added guilt-phase jury instruction claims are proper because they respond to trial counsels' "general assertions that they made appropriate objections at trial" and to appellate counsel's affidavit response to a previously-raised jury instruction claim. (Doc. 113 at 23). Agofsky similarly attributes the Supplement's new Points–alleging that counsel failed to object to evidence of the victim's peaceful character and to cross-examine Officer Christopher Matt about the victim's violent conduct–to "trial counsel's broad claims of effective representation" and Attorney Black and investigator Bennett's assertions that they interviewed Officer Matt before trial (which habeas counsel claim they did not know).[2] (Doc. 113 at 26-27). Agofsky asserts similar arguments for the remaining ineffective assistance of trial counsel claims and for the expanded arguments regarding appellate counsel's performance. All of Agofsky's record-based claims were fully in place at the time he filed his amended § 2255 motion, and Agofsky's reasons for raising new claims or expanding prior claims based on former counsels' alleged non-responsive affidavit statements are not

---

    [1] The affidavits of attorneys G. Patrick Black and Douglas M. Barlow cover 13 and 18 pages, respectively. (SA 2316, 2330). Although the affidavits contain some broad assertions, they also provide many detailed responses. Further, Attorney Black's affidavit addresses more specifically the guilt phase and Attorney Barlow's affidavit addresses more specifically the penalty phase.

    [2] The fact that the defense team interviewed Officer Matt does not justify a record-based claim that trial counsel failed to question Matt about the victim's violent conduct.

justified.

   B.  <u>Newly-obtained declarations and scientific report</u>

   Agofsky asserts that Point II.B.2, Point V, and Point VIII are appropriate because they are based on recently-obtained declarations and that Point VII is proper because it is based on a recently released 2009 National Academy of Sciences Report.[3]  Agofsky additionally asserts that Points II.B.2 and Point V are proper because they respond to former counsels' affidavits.  For the reasons set out above and in the Government's motion to strike, the inclusion of recent declarations in support of new claims falls outside the parties' agreement.  Additionally, neither the declarations nor the NAS report constitute an "occurrence or event" within the meaning of Rule 15(d).  (These claims are discussed in more detail below).

   C.  <u>Speedy trial claim</u>

   Agofsky does not dispute that the Supplement's newly-added Point VI – asserting trial court error and counsel ineffectiveness regarding pre-arrest delay and speedy trial violations – constitutes an improper supplement under Rule 15(d).  (Doc. 113 at 32).

   For the above and previously asserted reasons, the Government asks the Court to strike the challenged portions of the Supplement because they rely on facts fully in place at the time of Agofsky's prior amended Section 2255 motion, and they are not based on developments or facts disclosed at the recent depositions or raised in former counsels' affidavits.

---

   [3] These claims include: (1) Point II.B.2 (ineffective assistance for not challenging the forensic science evidence in Agofsky's prior murder conviction, based on experts' declarations); (2) Point V (a new *Brady* claim, based on inmate Richard Ward's declaration); (3) Point VII (inaccurate forensic science evidence in Agofsky's prior murder conviction, based on a 2009 NAS Report); and (4)  newly-added Point VIII (actual innocence, based on Ward's declaration).

4

II.  Rules 15(a), (c) – amendments

Emphasizing the liberal standards for amending a pleading in Fed. R. Civ. P. 15(a)(2), Agofsky requests that this Court grant his cross-motion to amend his habeas pleadings because the Government does not "point to any substantive factor that would justify the Court's rejection of any claim;" because the Government "only" objects to portions of the Supplement as untimely amendments; and because the Government "cannot and does not argue that the challenged claims prejudice its ability to respond" as its response is not due until January 27, 2009.  (Doc. 113 at 1, 11-12).  While a district court has the authority under Rule 15(a) to consider a motion to amend a habeas petition, § 2255's one-year statute of limitations bars amendments to § 2255 motions that do not "relate back" to the original petition. 28 U.S.C. § 2255; Fed. R. Civ. P. 15(c); *Mayle v. United States*, 545 U.S. 644, 662 (2005) ("Congress enacted AEDPA to advance the finality of criminal convictions" and "[t]o that end, it adopted a tight time line.").  Agofsky's amended claims were filed outside the one-year statute of limitations under § 2255(f)(1); they are time barred because they do not relate back; and they are not preserved by equitable tolling.

A.  One-year limitations period

The one-year limitations period generally runs from the date on which the conviction became "final," *i.e.*, the date on which the Supreme Court denied certiorari on direct review (if certiorari was sought and denied).  28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527-28 (2003); *United States v. Thomas*, 203 F.3d 350, 352-55 (5th Cir. 2000).  In some instances the limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).  Agofsky asserts that all the supplemental claims were timely filed on September 9, 2009, within one year of the Supreme Court's denial of Agofsky's certiorari petition on the

resentencing appeal issued on October 6, 2008.  28 U.S.C. § 2255(f)(1).  He additionally asserts that four of the Supplement's challenged portions are timely under § 2255(f)(4).  28 U.S.C. § 2255(f)(1). As previously demonstrated and reiterated below, Agofsky's amended claims were filed outside the one-year statute of limitations under § 2255(f)(1), and they are time barred because they do not relate back.  Moreover, Agofsky's reliance on § 2255(f)(4) in support of four of his claims is misplaced.

       1.  § 2255(f)(1)

In support of his timeliness argument, Agofsky relies on *Burton v. Stewart*,  549 U.S. 147 (2007).  The issue in *Burton* was whether Burton's second § 2254 habeas petition filed in federal district court should be dismissed as an unauthorized successive petition.  Burton was initially convicted and sentenced in 1994 and resentenced in 1998.  Burton filed his initial federal petition while state court review of his first sentence was pending.  Burton filed another federal petition contesting the 1998 sentence.  The Supreme Court overruled the Ninth Circuit's holding that the second petition was not successive.  The Supreme Court rejected Burton's argument that, if he had delayed filing his first petition until the state court completed review of his resentencing claims, his federal challenges may have been limitations barred.  The *Burton* Court held: "'Final judgment in a criminal case means sentence.  The sentence is the judgment.' [citation omitted.] Accordingly, Burton's limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review.'"  *Id*. at 156-57; *see United States v. Messervey*, 269 Fed. Appx. 379, 381 (5th Cir. 2008) (pursuant to *Burton*, a judgment is not final for purposes of § 2255 until both the conviction and

the sentence are final).[4]  The finality of judgment concerns addressed in *Burton* are not presented in the instant case because, as the Government demonstrates, Agofsky's conviction and sentence both became final at the same time–on January 22, 2007–when the Supreme Court denied Agofsky's petition for writ of certiorari on his first appeal.  (Doc. 112 at 11).  The remand in Agofsky's case was ministerial in that the Fifth Circuit instructed the district court to strike one of the two counts on which Agofsky was convicted and "reenter" the death sentence to the murder conviction the Government elected to retain.  *United States v. Agofsky*, 458 F.3d 369, 373, 375 (5th Cir. 2006).  Although Agofsky suggests that the Government's cases cited in support of its position that the Fifth Circuit's remand was ministerial may not have "survived" after *Burton*, he does not provide a reason.  Indeed, at least one court has recently addressed both *Burton* and a case cited by the Government, *Burrell v. United States*, 467 F.3d 160 (2d Cir. 2006).  *See United States v. Carbajal-Moreno*, 332 Fed. Appx. 472 (10th Cir. 2009).  Thus, as the Government previously argued, the challenged portions of the Supplement were filed more than one year after the date on which Agofsky's conviction and sentence became final on direct review and are therefore untimely.

  2.  <u>Due Diligence and § 2255(f)(4)</u>

  Under § 2255(f)(4), the limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

---

  [4]  Messervey was convicted and sentenced to prison, and the appeals court remanded for resentencing.  Messervey appealed the amended sentence, and the appeals court affirmed. Messervey then filed a § 2255 motion challenging only his conviction, and the district court dismissed the motion as untimely, finding that, because Messervey had raised claims related only to his original conviction, the limitations period ran from the date that the original conviction became final and not from the date the resentencing became final.  In light of *Burton*, the *Messervey* court held that, because Messervey filed his § 2255 motion within one year of the appeal from the judgment on his resentencing becoming final, his motion was timely filed.  *Id.*

diligence." 28 U.S.C. § 2255(f)(4).  Agofsky asserts that § 2255(f)(4) applies to four of the Supplement's challenged portions, including (1) the new argument added to Point II.B.2 (ineffective assistance for not challenging the fingerprint evidence in Agofsky's prior murder conviction, based on experts' declarations); (2) Point V (a *Brady* claim, based on Ward's declaration); (3) newly-added Point VII (inaccurate forensic science evidence in Agofsky's prior murder conviction, based on a 2009 NAS Report); and (4) Point VIII (actual innocence claim, based on Ward's declaration).  Agofsky asserts that the accrual date for calculating the limitations period for these claims is September 9, 2008, when the district court appointed the Federal Community Defender to his case, thereby providing habeas counsel with the adequate funds for investigation and expert assistance to develop their claims.  (Doc. 113 at 17).  These recent declarations do not constitute "newly discovered" facts needed to establish a claim within the meaning of § 2255(f)(4), and they do not entitle Agofsky to assert this later one-year statute of limitations period.

For instance, before filing his amended motion, Agofsky knew or should have been aware of the same or similar information contained in the declarations of latent print experts Kenneth Eng and Simon Cole tendered in support of Point II.B.2.  Indeed, the Supplement provides that "by 2004, evidence existed that would have enabled trial counsel to mount a serious challenge to the fingerprint evidence introduced in the Daniel Short murder trials." (Supp. 93, 95, 100-01).  The Supplement further asserts that by 2004, "defense counsel had abundant sources of scholarly and scientific literature upon which to raise serious questions about the 'proof' on which Mr. Agofsky was convicted for the murder of Daniel Short."  (Supp. 100).  One of the articles listed was written in 2004 by expert Simon Cole.  (Supp. 102 n.48).  Similarly, Point VII–which asserts that Agofsky's underlying prior murder conviction was based

on inaccurate and unreliable expert scientific testimony–is based on a 2009 NAS report. Agofsky's characterization of the 2009 NAS report as the *coup de grace* of the scholarly and scientific reports does not establish that he needed the 2009 report to formulate his claim.  (Supp. 103 n.48).  Thus, Agofsky's reliance on § 2255(f)(4) is misplaced as to Point II.B.2 and Point VII.

Regarding Points V and VIII, habeas counsel assert that they "located [inmate Richard] Ward, who had been released months after Mr. Agofsky's 2004 trial, after the Court appointed the Federal Community Defender and resources became available for investigation in September 2008."  (Doc. 113 at 32).   Agofsky's habeas counsel "could have" obtained Ward's declaration prior to September 2008, likely in January 2008, when they obtained other inmate declarations. The Supplement provides that Agofsky received some investigative funding prior to September 9, 2008.  (Doc. 113 at 17).  Indeed, counsel obtained several declarations from inmates prior to obtaining the September 9, 2008 funding.  (Amended Motion Ex. A500, Jan. '08; A506, Sept. 8, '08; A508, Apr. '08; A510, Apr. '08; A516, Apr. '08; A520, Apr. '08; A522, Apr. '08; A524, Apr. '08; A526, Apr. '08; A530, Feb. '08; A533, Apr. '08; A536, Feb. '08; A539, Feb. '08). Moreover, Agofsky fails to prove that he could not have obtained Ward's declaration prior to September 9, 2008.  As noted previously, Agofsky should have been aware of at least part of the factual basis for his claim before he filed his amended motion.  As he acknowledges in his Supplement, "Ward had always claimed he did not see the incident."  (Supp. 229).  Agofsky does not detail any hardships in locating Ward's whereabouts.  Agofsky asserts, but fails to establish, that "the government's own misconduct kept [him] from speaking with Ward and discovering the truth."  (Doc. 113 at 32).  Ward states that, a couple years after the offense, "the defense came to [USP] Coleman, but I was told not to work or talk to them by the prosecution";

however, Ward appears to be referencing alleged pre-trial events.  (SA 2134).  As Agofsky acknowledges, Ward was released months after Agofsky's trial, and Ward states that, "[t]hey promised to give me a release 7 days after court.  After I testified, I was never able to get in contact with them again."  (Doc. 113 at 32; SA 2134).  Ward's declaration does not establish that the Government prevented Agofsky from contacting Ward.  Thus, these recent declarations do not constitute "newly discovered" facts within the meaning of § 2255(f)(4), and they do not entitle Agofsky to this later one-year statute of limitations period.

B.  "Relation Back" Provision

Because the challenged claims fall outside the applicable one-year statute of limitations, Agofsky must have filed any amendments within one year of January 22, 2007, unless the amendments "relate back" to the original petition.  28 U.S.C. § 2255; Fed. R. Civ. P. 15(c); *Mayle*, 545 U.S. at 655.  Agofsky relies on the "relation back" provision for all of the challenged claims, except Point I.I.5 (ineffective assistance for failing to seek severance of the two murder counts) and Point VI (trial court error and counsel ineffectiveness regarding pre-arrest delay and speedy trial violations).  The Government relies on its arguments in its motion to strike and reasserts that the challenged arguments, claims, and Points do not relate back to any pre-existing claims in the amended motion.  (Doc. 112 at 12-14).

C.  Equitable tolling

"'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable'" and is permitted in only rare and exceptional circumstances.  *United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)).  Agofsky bears the burden of establishing equitable tolling, by showing: "(1) that he has been pursuing his rights diligently; and (2) that

10

some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Petty*, 530 F.3d at 365 (quoting *Lawrence v. Florida*, 549 U.S. 327 (2007)). A statute of limitations should be tolled if a petitioner, exercising due diligence, could not timely uncover essential information that was predicate to his claim. *Coker v. Quarterman*, 270 Fed. Appx. 305, 308 (5th Cir. 2008) (citing *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

Agofsky asserts that equitable tolling applies to the same claims identified above in the "due diligence" section, including Point II.B.2 and Point VII, based on the experts' declarations; and Point V and Point VIII, based on Ward's declaration. Agofsky asserts that he was prevented from discovering the factual basis for these claims because he did not receive adequate funding for expert and investigative assistance until the Court appointed the Federal Community Defender on September 9, 2008. (Doc. 113 at 18). Although the Government has not been privy to Agofsky's funding requests, case law suggests that a lack of, or insufficient, funding for experts or investigators is an insufficient reason to equitably toll the one-year statute of limitations. For instance, proceeding *pro se* (and thereby a lack of legal training) is an insufficient reason to equitably toll the statute of limitations, as is attorney error or neglect. *Petty*, 530 F.3d at 366 (citing authorities). Moreover, a petitioner's claim of insufficient funding would likely be characterized as "typical" rather than a "rare and exceptional" circumstance. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is typical in § 2254 proceedings for purposes of the equitable-tolling doctrine). For these reasons, and the related reasons set out above in the "due diligence" section, Agofsky fails to prove that equitable tolling preserves these four claims.

Agofsky's new and unanticipated challenged claims place a heavy burden on the Government to lodge objections and respond to claims that are improper supplements under Rule

11

Page 12 of 12

15(d) and time-barred amendments under Rule 15(c).

**WHEREFORE, PREMISES CONSIDERED,** Respondent prays that the Court grant its motion to strike portions of Agofsky's Supplement to his § 2255 amended motion and deny Agofsky's cross-motion to amend his habeas pleadings.

> Respectfully submitted,
> John M. Bales
> UNITED STATES ATTORNEY
>
> /s/ Joe Batte
> JOE BATTE
> Assistant United States Attorney
> TXSBN:  01918070
> 350 Magnolia Avenue, Suite 150
> Beaumont, Texas 77701-2237
> (409) 839-2538 office
> (409) 839-2550 fax
> email:  joe.batte@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2009, a true and correct copy of the motion has been served on counsel for Defendant-Petitioner as follows:

Claudia Van Wyck
Federal Community Defender Office
For the Eastern District of Pennsylvania
The Curtis Center, Suite 545 W
Independence Square West
Philadelphia, PA  19106

Jennifer Merrigan, Esq.
305 E. 63rd Street
Kansas City MO 64113

> /s/ Joe Batte
> JOE BATTE
> Assistant United States Attorney