**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | No.    1:07-cv-00511 |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Movant.** | ) | |
| _____ | ) | |

**SHANNON AGOFSKY'S MOTION TO DEFER RULING
PENDING DECISION OF SUPREME COURT**

Shannon Agofsky moves this Court for an order deferring its ruling on the government's

Motion to Strike until the Supreme Court decides a pending case that may provide definitive

guidance on the controlling law.  *See Magwood v. Culliver*, No. 09-158, ___ U.S. ___, 2009 WL

2421590 (Nov. 16, 2009).  In support of this motion, Mr. Agofsky states the following:

On November 5, 2009, the government moved to strike certain claims in the Supplement to

Mr. Agofsky's Amended Motion for Relief from Judgment Pursuant to 28 U.S.C. § 2255 (Doc.

112).  Responsive pleadings in connection with the government's motion were completed on

November 24, 2009 (Docs. 113, 117, 118).  In response to the government's argument that certain

claims were untimely, Mr.  Agofsky cited *Burton v. Stewart*, 549 U.S. 147 (2007) (Doc. 113 at 12-

13), which stated that:

> Final judgment in a criminal case means sentence. The sentence is the judgment.
> *Berman v. United States,* 302 U.S. 211, 212 (1937). Accordingly, Burton's
> limitations period did not begin until both his conviction *and* sentence became

final by the conclusion of direct review or the expiration of the time for seeking
such review – which occurred well *after* Burton filed his [first] habeas petition.

*Id.* at 798-99 (parallel citations omitted). The government, in reply, attempted to distinguish *Burton* from Mr. Agofsky's case by arguing that his resentencing[1] was merely a ministerial event. (Doc. 117 at 6-7).

On November 16, 2009, the Supreme Court granted *certiorari* in *Magwood v. Culliver*, 2009 WL 2421590. Magwood filed a habeas petition, obtained relief and was resentenced, and then filed a second habeas petition in which he argued that he was ineligible for the death penalty under Alabama law at the time of the offense. This claim could have been, but was not, raised in the first habeas petition. The Eleventh Circuit held that the second habeas proceeding was a successive petition (which the district court had no jurisdiction to consider). *See* Petition for Certiorari (attached as Exhibit 1) at 8-10. In seeking certiorari, Magwood relied on *Burton* to argue that the resentencing was a new judgment and the post-resentencing habeas petition a new, first petition challenging that judgment. Exhibit 1 at 12-13. In opposition, the state also relied on *Burton*, and characterized Magwood's second petition as part of a single proceeding in which he impermissibly sought to advance claims that had been unexhausted at the time of the first petition. *See* Brief in Opposition to Certiorari (attached as Exhibit 2) at 13.

Although *Magwood* involves the definition of a successive petition under the habeas statute and the government motion in Mr. Agofsky's case involves the correct triggering date for the statute of limitations, both cases implicate the same aspect of *Burton*: its determination that a judgment does

---

[1] Mr. Agofsky, unlike Burton, was both reconvicted and resentenced after obtaining appellate relief. "Resentencing" is used as shorthand for the post-remand proceedings that culminated in the imposition of his new sentence.

not become final until the conclusion of direct review following resentencing.  Accordingly, the Supreme Court may speak definitively in *Magwood* on how a habeas court should properly view a resentencing when applying AEDPA: as a new, separate judgment that could give rise to a new habeas petition, or as part of one continuous proceeding with the original judgment, or, perhaps, in both ways or in some other manner.  In any event, *Magwood* may shed light on how the parties and this Court should proceed.

## CONCLUSION

For the reasons above, the Court should enter an order deferring its ruling on the Governement's Motion to Strike until the Supreme Court rules in *Magwood v.  Culliver*.

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Pa. Bar #95130
BILLY H.  NOLAS
Pa.  Bar #83177
Assistant Federal Defenders
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

Dated: December 21, 2009

## CERTIFICATE OF CONFERENCE

On December 18, 2009, the undersigned spoke by phone to Libby Lange, Trial Counsel, U.S. Department of Justice, and exchanged follow-up emails with Ms.  Lange and AUSA Joseph Batte. I provided opposing counsel with a draft electronic copy of this motion and the attached exhibits. On December 21, Ms. Lange informed me by email that the government opposes Mr. Agofsky's motion to defer ruling on the government's motion to strike until the Supreme Court decides *Magwood* and indicates how to analyze resentencing cases under AEDPA.

Dated: December 21, 2009                          /s/ Claudia Van Wyk
                                                                   Claudia Van Wyk

                                                                   *Counsel for Movant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and **Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

                                                                   /s/ Claudia Van Wyk
                                                                   Claudia Van Wyk

                                                                   *Counsel for Movant*