**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | No.    1:07-cv-00511 |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Movant.** | ) | |
| _____ | ) | |

**UNOPPOSED MOTION**
**TO DEFER PREVIOUSLY ORDERED DISCOVERY PROCESS**
**AND OPPOSITION TO GOVERNMENT'S PREMATURE REQUEST**
**FOR SUMMARY DENIAL OF § 2255 MOTION**

Shannon Agofsky moves this Court, with the agreement of the government, for an order

deferring the onset of its previous schedule for discovery until Mr. Agofsky has replied to the

government's response and the Court has ruled on the government's Motion to Strike.  In addition,

he opposes the government's premature request for summary denial of his Amended § 2255 Motion

and Supplement.   In support of his requests for relief, Mr. Agofsky states the following:

On February 9, 2009, the Court set a schedule for discovery in this matter (Doc. 71).  The

Order provided:

> Within thirty days after the United States of America files its response to Agofsky's
> motion for relief from judgment, the parties shall file with the court a schedule with
> dates for the exchange of all agreed upon discovery, the submission of a list
> identifying areas of discovery to which the parties cannot agree, and the filing, if
> necessary, of formal discovery motions.

Following court-authorized depositions in June and July 2009, Mr. Agofsky filed a

Supplement to his Amended § 2255 Motion on September 9, 2009 (Doc. 105).  On November 5, 2009, the government moved to strike certain claims in the Supplement (Doc.  112).  Responsive pleadings in connection with the government's motion were completed by November 24, 2009 (Docs. 113, 117, 118).  On January 7, 2010 (Doc. 121), the Court granted Mr. Agofsky's motion to defer ruling on the Motion to Strike until the Supreme Court has decided *Magwood v. Culliver*, No. 09-158, 130 S.Ct. 624 (November 16, 2009) (granting writ of certiorari).[1]

The government filed its response in opposition to Mr. Agofsky's Amended § 2255 Motion and Supplement on February 26, 2010 (Doc. 124, filed under seal).  Under the Court's current Order, therefore, the parties must submit a proposed discovery schedule by March 28.   For two reasons, however, Mr. Agofsky moves to defer the onset of the discovery process.

First, to obtain discovery under Rule 6 of the Rules Governing § 2255 Cases,  Mr. Agofsky must  make "specific allegations" that "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief'" on a given claim.  *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (*quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see Reed v. Quarterman*, 504 F.3d 465, 471-73 (5th Cir. 2007) (citing *Bracy* and *Harris* and granting certificate of appealability because petitioner had "made and supported" specific allegations that prosecutor knew that witness had lied about defendant's statement and about whether prosecutor had made promises in exchange for witness's testimony), *rev'd and remanded on other grnds*, 555 F.3d

---

[1] The Supreme Court may speak definitively in *Magwood* on how a habeas court should properly view a resentencing when applying AEDPA: as a new, separate judgment that could give rise to a new habeas petition, or as part of one continuous proceeding with the original judgment, or, perhaps, in both ways or in some other manner.  Therefore, its ruling may inform this Court's determination of the correct triggering dates for the statute of limitations on various claims in Mr. Agofsky's Amended § 2255 Motion, and thus shed light on the government's arguments that they are untimely.

364 (5th Cir. 2009).  The parties can more effectively negotiate discovery, and the Court can make a more informed ruling under the *Bracy* standard, after it has determined which claims will survive the government's motion to strike.

Second, the government's 380-page pleading contains detailed responses to Mr. Agofsky's factual allegations.  In some instances, the government's arguments will prompt Mr. Agofsky to develop, or seek discovery of, different or additional facts.  A delay in the beginning of the discovery schedule until after Mr. Agofsky has replied to the government's response would permit him a fair opportunity to marshal any additional discovery requests.

Finally, Mr. Agofsky opposes the government's proposed order (Doc. 126) dismissing the Amended § 2255 Motion and Supplement on the pleadings.  As discussed above, the Court has already determined that Mr. Agofsky is entitled to seek discovery in this matter.  Furthermore, as set forth in the Amended § 2255 Motion (Doc. 50 at 204) and Supplement (Doc. 105 at 283), Mr. Agofsky will request (by separate motion) an evidentiary hearing at the conclusion of the discovery process, an opportunity to amend the pleadings (by separate motion) if warranted by the fact development in discovery and the evidentiary hearing, and an opportunity for briefing on the merits of his claims.  Mr. Agofsky therefore opposes the government's proposed order dismissing on the pleadings as premature.

On March 5 and 8, 2010, the undersigned spoke by phone and exchanged emails with Libby Lange, Trial Counsel, U.S. Department of Justice.  Ms. Lange authorized me to state that the government does not oppose Mr. Agofsky's motion to defer the onset of the discovery process until after he has filed his reply and the Court has ruled on the government's motion to strike.

## CONCLUSION

For the reasons above, the Court should enter an Order deferring the onset of the discovery process until after Mr. Agofsky has filed his reply and the Court has ruled on the government's Motion to Strike, and should further reject the Government's proposed order dismissing the Amended § 2255 Motion and Supplement on the pleadings.

**Dated:** March 8, 2010

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Pa. Bar #95130
BILLY H.  NOLAS
Pa.  Bar #83177
Assistant Federal Defenders
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Traci Lynne Kenner**, US Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702;and

**Joseph Robert Batte,** U S Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

                                                                                    /s/ Claudia Van Wyk
                                                                                    Claudia Van Wyk

                                                                                    *Counsel for Movant*