UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00511 |
| | ) | |
| SHANNON WAYNE AGOFSKY, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |

**MOTION TO SUPPLEMENT OR AMEND § 2255 MOTION
TO INCLUDE DECLARATIONS AND DOCUMENTS
RESPONDING TO GOVERNMENT'S ALLEGATIONS**

Shannon Agofsky moves for permission to supplement or amend his Motion for Relief from Judgment, pursuant to 28 U.S.C. § 2255, to include 43 pages of declarations and documents offered in support of his Reply to the Government's Response in Opposition. In support of the motion he states the following:

**A.     Procedural Background**

Mr. Agofsky has filed an initial and Amended § 2255 Motion (Civil Docket, Docs. 38, 51) and Supplement (Doc. 105). The government moved to dismiss certain claims, contending that they were inappropriate supplements or amendments, on November 5, 2009 (Doc. 112). Mr. Agofsky opposed the motion, and cross-moved to supplement or amend his pleadings to include the pertinent claims, on November 17 (Doc. 113). On January 7, 2010,, the Court granted Mr. Agofsky's motion to defer ruling on the government's motion to strike until the Supreme Court decides a potentially controlling, pending case. Doc. 121.

The government then filed its Response in Opposition to Mr. Agofsky's Amended § 2255

Motion and Supplement on February 26, 2010 (Doc. 124).  Mr. Agofsky's Reply to the government's Response has been filed concurrently with this Motion.

As explained in greater detail below, the government's Response makes various factual allegations that call for rebuttal.  Mr. Agofsky therefore moves to supplement or amend his pleadings to include responsive declarations and documents.

**B.      Legal Standards**

Mr. Agofsky's Opposition to the government's Motion to Strike describes in detail the law governing supplements and amendments under the Federal Rules of Civil Procedure and the Rules Governing § 2255 Proceedings.  (Doc. 113 at 8).  In brief,  Rule 15(d) of the Federal Rules of Civil Procedure  provides:

> **(d)** *Supplemental Pleadings***.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order the opposing party to plead to the supplemental pleading within a specified time.

Supplemental pleadings should be liberally allowed.  *See, e.g.*, *Franks v. Ross*, 313 F.3d 184, 198 & n.15 (4th Cir. 2002) (standards for motion to amend and motion to supplement nearly identical; in either situation, leave should be freely granted, and should be denied only where good reason exists, such as prejudice to defendants).  A court should permit a supplemental pleading when a party wishes to bring up events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading. 3 James Wm. Moore, *Moore's Federal Practice*§ 15.30 (3d ed.2008); 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 1504, at 183-84 (2d ed.1990).

Under Rule 15, amendments are distinct from, but similar to, supplements. The rule provides for a first amendment as a matter of course, Fed. R. Civ. P. 15(a)(1), and allows additional amendments:

> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). While the decision whether to permit amendment falls within the district court's sound discretion, the rule requires that it exercise that discretion liberally. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"). Indeed, the rule "circumscribes" a district court's discretion to deny amendment; unless a substantial reason supports it, the court's discretion "is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-07 (11th Cir. 1989); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981) (policy of federal rules is to permit liberal amendment to facilitate determination of claims on merits and prevent litigation from becoming "a technical exercise in fine points of pleading"); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 610 F. Supp. 2d 600, 652-55 (S.D. Tex. 2009) (citing *Forman*).

As described below, all of the additional materials relate directly and specifically to the claims Mr. Agofsky has already pled. None of them alters any of his claims in any way. The court should accordingly consider them as further support for his claims.

### C.    The Additional Declarations and Documents

#### 1.    Supplemental Affidavit of Shannon Agofsky (RA 3858)[1]

Mr. Agofsky's supplemental affidavit relates to his claims, in Points I and II of the § 2255 Motion and Supplement, that his trial counsel provided ineffective assistance at the guilt-innocence and penalty phases of his trial.  The affidavit sets forth his responses to the government's allegations that: (1) he would not have permitted the introduction of mental health evidence (at either phase of trial) even if counsel had developed such evidence before trial (GR 76-77), (2) that he did not want his mother to attend the trial or testify (GR 217-18), and (3) that he understood the "significance" of mitigating evidence (GR 219-20).  The affidavit concerns events that post-date Mr. Agofsky's initial pleadings – the government's allegations in its Response – and therefore appropriately supplements the initial pleadings.  Even if viewed as amendments, moreover, the statements in Mr. Agofsky's supplemental affidavit relate back to his initial claims and do not prejudice the government.  Mr. Agofsky's Reply discusses his responses to the government's allegations at R 27-29, 90, 92, and 108-09.

#### 2.    Second Supplemental Declaration of Marilyn Romanowski (RA 3861)

The appendix to Mr. Agofsky's Supplement includes two declarations by Marilyn Romanowski, a licensed clinical social worker who prepared a social history summarized in

---

[1]The following abbreviations refer to the following pleadings:
R:        Agofsky's Reply
RA:      Reply Appendix
GR:      Government's Response
AAHM: Agofsky's Amended § 2255 Motion
A:        Appendix to Amended § 2255 Motion
Supp.:   Agofsky's Supplement
SA:       Supplement Appendix

Point II of Mr. Agofsky's Amended § 2255 Motion and Supplement.  SA 1672, 1692.  The government's Response questions the sources of Ms. Romanowski's declarations and, implicitly, her veracity.  GR 203.  Her second supplemental declaration describes the basis for the statements in her two previous declarations.   It concerns an event that post-dates the initial pleadings – the government's allegation in its Response – and therefore appropriately supplements the initial pleadings.  Even if viewed as an amendment, it relates back to Mr. Agofsky's claim that his attorneys' deficient failure to compile a social history prejudiced his penalty phase defense, and does not prejudice the government.  Mr. Agofsky's Reply discusses Ms. Romanowski's second supplemental declaration at R 86.

### 3.      Supplemental Inmate Declarations

The Appendix to Mr. Agofsky's Supplement includes the declarations of many current or former inmates who could have provided eyewitness or background testimony at the guilt-innocence phase, information about prison disciplinary infractions introduced by the government in aggravation at the penalty phase, or penalty phase mitigating evidence.  Mr. Agofsky offered these declarations in support of the ineffective assistance claims in Points I and II.  The government urges the Court to reject the declarations of certain inmates because they do not specifically state that they would have testified for the defense in 2004 or would still be willing to testify, and/or because they do not state whether they ever received letters from trial counsel's investigator, Jay Bennett, or heard through the prison grapevine that Bennett would like to speak to them.

The supplemental declarations state that the inmates would have been and are still willing to testify, and/or respond to the allegation that Bennett did contact them.  They concern events

that post-date the initial pleadings – the government's allegations in its Response – and therefore appropriately supplement the initial pleadings.  Even if viewed as amendments, they relate to Mr. Agofsky's claims that his attorneys' deficient performance at both phases of trial prejudiced his defense by depriving him of eyewitness and background testimony at the guilt-innocence phase, and rebuttal to the aggravating factors and relevant mitigating evidence at the penalty phase.  The supplemental declarations are prompted by the government's assertions, and do not cause any prejudice to the government.

Mr Agofsky therefore offers the following inmate declarations:

a.  Andres Campillo (RA 3861, SA 2014.  Discussed at R 101, responding to GR 46-48, 235).

b.  William Massey (RA 3865, SA 2090.  Discussed at R 81, responding to GR 55, 198).

c.  Robert McKinn (RA 3864, SA 2097.  Discussed at R 16, responding to GR 46-48).

d.  Gerald Miller (RA 3865, SA 2305.  Discussed  at R 101, responding to GR 54, 188, 235).

e.  Jeffrey Milton (RA 3866, SA 2102.  Discussed at R 15, responding to GR 61, 235).

f.  Randy Seitzinger (RA 3867, SA 2117.  Discussed at R 101, responding to GR 46-48, 235).

g.  Gene Sides (RA 3868, SA 2313.  Discussed at R 75, responding to GR 186).

h.  Gary Welch (RA 3869, SA 2136.  Discussed at R 101, responding to GR 236).

### 4.    Declaration of Shayna Agofsky (RA 3870)

Point II of Mr. Agofsky's Amended § 2255 Motion summarizes information obtained from his brother's ex-wife, Shayna Agofsky, in support of his claim that trial counsel's failure to conduct an independent social history investigation prejudiced his penalty phase defense by depriving him of relevant mitigating information.  AAHM 146.  The government urges the Court

to disregard Ms. Agofsky's information because her declaration was not included in the Appendices to the Motion or Supplement.  GR 226.   Ms. Agofsky has signed a declaration comprising the information set forth in Mr. Agofsky's initial pleading.  It is appropriately viewed as a supplement because it includes the same information in the initial pleading and concerns an event – the signing of the declaration – that post-dates it.  The Reply discusses Shayna Agofsky's declaration at R 97.

### 5.    Supplemental Declaration of Robert Duggan (RA 3873)

In the appendix to his Amended § 2255 Motion, Mr. Agofsky presented the declaration of his former martial arts instructor, Robert Duggan, who provides support for his claims concerning both phases of trial.  A 33.  Duggan provided information that supports Mr. Agofsky's claim, in Point I, that trial counsel's deficient investigation at the guilt-innocence phase prejudiced his defense by depriving him of Duggan's helpful opinion testimony concerning the need to use force.  AAHM 20-24.  Duggan provided additional information concerning Mr. Agofsky's training in martial arts in his childhood and youth, which supports the claim in Point II that counsel's deficient penalty phase investigation prejudiced the penalty phase defense by depriving him of relevant mitigating evidence.  AAHM 149-50.

Duggan's supplemental declaration responds to the government's assertions concerning (1) the source of a "mini-manual" from his school included in the supplemental appendix (GR 30, R 11), (2) the nature of his limited contact with trial counsel's investigator, Jay Bennett (GR 27, R 9-10); (3) whether he has "recanted" his trial testimony (GR 29, R 11); and (4) whether he ever told Mr. Agofsky's defense that he did not remember his former student or that they parted on bad terms.  GR 29, R. 11.

### 6.    Documents (RA 3875, 3876-80)

Mr. Agofsky's Reply appendix includes two documents obtained from trial counsel, offered in response to mistaken factual allegations in the Government's Response.  The first is a duplicate of a record already included in the Supplement appendix, but displays an omitted Bates stamp number.  GR 30, R 3875.  The second is a letter already included in the Supplement appendix, with the cover letter that demonstrates that the government provided it to trial counsel. R 3876.   These documents appropriately supplement the original pleading because they provide additional information about the origins of documents already included in the Supplement appendix.

### 7.    Supplemental Declaration of Harvey Cox (RA 3897)

Mr. Agofsky argues that trial counsel were ineffective for not obtaining, or insuring that one of their experts obtained, data concerning the level of violence at Beaumont USP and the Administrative Maximum facility ("ADX") in Florence, Colorado, in comparison to levels at other BOP institutions, and other information concerning policies and procedures at ADX.  Such data could have supported expert testimony at both phases of trial.  AAHM 49, 168, Supp. 180-83.  One of trial counsel's experts, prison consultant Harvey Cox, stated in the initial pleading that such information would have enabled him to provide more well-supported expert opinions, and that he had experience obtaining such information through the Freedom of Information Act ("FOIA").  SA 2814.

Mr. Cox subsequently made a FOIA request to the BOP for data concerning institutional infractions at Beaumont USP, ADX, and other BOP institutions, and for other information about BOP policies and procedures at ADX.  He describes in a supplemental declaration the

voluminous data and information he received from the BOP in response.  *See* R 26-27, 119, 121 (explaining the relevance of the data to the claims).  The FOIA response post-dates the initial pleadings, and relates back to the allegations in the pleadings.  Cox's supplemental declaration therefore appropriately supplements or amends the initial pleadings.

### 8.    Declarations Concerning Noel State Bank Investigation

In his Amended § 2255 Motion and Supplement, Mr. Agofsky argues that trial counsel failed to undertake a reasonable investigation of his prior convictions in the Noel State Bank case.  Counsel failed to investigate (1) the fingerprint and duct tape analyses that "matched" fingerprints found on duct tape (AAHM 103-07, Supp. 91); (2) government informants who testified against Mr. Agofsky and his brother at their trials (AAHM 96); and (3) alternative suspects (AAHM 97-101).

Mr. Agofsky's reply appendix includes additional declarations that supplement these claims.  They relate back to the claims in the original pleadings in the following manner:

*Fingerprints*

Rowdy Foreman casts doubt on the chain of custody of the duct tape found on the river bank, stating that the FBI later showed him a piece of tape different from the one he found, and that no one asked him to identify the piece of tape he found when he testified at the Missouri and Oklahoma trials. RA 3881.  Russell Davey describes his comparison of Shannon Agofsky's latent prints with unknown prints from the Short home (with negative results) and states that he was never asked to compare the unknowns with any other potential suspects.  RA 3898.

These declarations post-date the initial pleadings and provide additional support for the allegations concerning the fingerprint investigation.  Whether viewed as amendments or

supplements to the initial pleadings, they relate back to the original allegations.

*Informants*

Michael Dean describes statements by government witness Gant Sanders concerning threats made to him in connection with his testimony against the Agofskys. RA 3886. Roy Nichols states that government witnesses Henderson and Pennington were heard scheming to obtain benefits by concocting evidence against Shannon Agofsky, and were known to be unreliable. RA 3890. Benjamin Henderson overheard Pennington trying to get information from Shannon Agofsky, but thought that Shannon was just a "scared kid" who was "bragging or boasting." Henderson heard Shannon say openly that he did not commit the Noel State Bank robbery. RA 3892. Dennis Long states that he did not know Shannon Agofsky and never heard him say he committed the bank robbery. RA 3895. Kitty Hailey describes information concerning promises and threats made to government witness Kenny Fitzpatrick. RA 3896.

These declarations post-date the initial pleadings and provide additional support for the allegations concerning the government witnesses. Whether viewed as amendments or supplements to the initial pleadings, they relate back to the original allegations.

*Alternative Suspects*

J.R. Embrey states that bank robber Frank Sanders (the father of government witness Gant Sanders) once solicited him to undertake the Noel State Bank robbery. Like the other declarations, Embrey's declaration post-dates the initial pleadings and provides additional support for the allegations concerning the alternative suspects. Whether the stated facts are viewed as an amending or supplementing the initial pleadings, they relate back to the original allegations.

**CONCLUSION**

This Court has broad discretion to receive evidence and determine the facts from a variety of sources to arrive at a just disposition of Mr. Agofsky's claims. *See* Rules 7, 8 of the Rules Governing § 2255 Proceedings. Each of the proffered declarations and documents relates directly to claims set forth in great detail in his earlier pleadings, and would provide more information for the Court's consideration. For all these reasons, Mr. Agofsky respectfully requests that the Court grant leave to amend or supplement his initial pleadings to include the declarations and documents in his Reply appendix, and grant any further relief the Court deems appropriate.

Respectfully submitted,

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

Dated: June 17, 2010

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 16 and 17, 2010, I communicated by phone and email with Libra Lange, Trial Attorney, of the U.S. Department of Justice.  She advised me that the government is unable to take a position on Mr. Agofsky's motion to supplement or amend until counsel for the government has had an opportunity to review the documents.

/s/  Claudia Van Wyk
CLAUDIA VAN WYK
*Counsel for Movant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, U.S. Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702; **Joseph Robert Batte,** U.S. Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701; and **Libra Joy Lange**, U.S. Department of Justice - Criminal Division, 1331 F. Street, N.W., 3rd Floor, Washington , DC 20004.

/s/  Claudia Van Wyk
CLAUDIA VAN WYK
*Counsel for Movant*