# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Capital Habeas Unit

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

<table>
<tr><td>ELLEN T. GREENLEE<br>DEFENDER</td><td>PHONE NUMBER (215) 928-0520<br>FAX NUMBER   (215) 928-0826<br>FAX NUMBER   (215) 861-3508</td><td>LEIGH  M. SKIPPER<br>CHIEF FEDERAL DEFENDER</td></tr>
</table>

June 30, 2010

Hon. Richard A. Schell, U.S.D.J.
United States District Court
Eastern District of Texas
211 West Ferguson
Tyler, Texas  75702

Attn.:  Robert Wagoner, Esq.
        Death Penalty Law Clerk

Re: United States v. Shannon Agofsky, #1:07-cv-511

Dear Judge Schell:

I am writing to call the Court's attention to a recent Supreme Court decision, *Sears v. Upton*, ___ U.S. ___, 2010 WL 2571856 (June 29, 2010), which supports Shannon Agofsky's claim that his trial counsels' deficient performance at the penalty phase of his capital trial prejudiced his defense (Docs. 50, 105, 133, Point II).  I also call the Court's attention to two other recent decisions relevant to the government's pending motion to strike certain claims.  *Magwood v. Patterson*, No. 09-158, ___ U.S. ___, 2010 WL 2518374 (June 24, 2010); *Holland v. Florida*, No. 09-5327, ___ U.S. ___, 2010 WL 2346549 (June 14, 2010).  I submit Westlaw versions of the three decisions as Exhibits 1, 2, and 3 to this letter.

In *Sears,* the Court found that trial counsel had conducted a prejudicially deficient mitigation investigation – including a failure to uncover significant brain damage – and criticized the postconviction court's analysis in terms that are highly relevant to Mr. Agofsky's claim.  The *Sears* Court quoted with approval the lower court's "unsurprising[]" conclusion that counsel's investigation into mitigation evidence, "'limited to one day or less, talking to witnesses selected by [Sears's] mother' – was 'on its face . . . constitutionally inadequate.'" ___ U.S. at ___, 2010 WL 2571856 at *3.  However, it faulted the lower court's prejudice analysis: although the court had

"stated the proper prejudice standard," roughly derived from *Strickland v. Washington*, 466 U.S. 668 (1984), it "did not correctly conceptualize how that standard applies to the circumstances of this case." 2010 WL 2571856 at *3.  The lower court had found it "impossible to know" what effect a different mitigation theory would have had because counsel did present some mitigating evidence during the penalty phase, in contrast to other cases in which counsel presented "little or no" mitigating evidence.  *Id.* at * 3.

The Supreme Court identified "two errors," *id.* at *4, in the lower court's approach:

First, the court curtailed a more probing prejudice inquiry because it placed undue reliance on the assumed reasonableness of counsel's mitigation theory.  The court's determination that counsel had conducted a constitutionally deficient mitigation investigation should have, at the very least, called into question the reasonableness of this theory. . . . And , more to the point, that a theory might be reasonable, in the abstract, does not obviate the need to analyze whether counsel's failure to conduct an adequate mitigation investigation before arriving at this particular theory prejudiced Sears.  The "reasonableness" of counsel's theory was, at this stage of the inquiry, beside the point: Sears might be prejudiced by his counsel's failures, whether his haphazard choice was reasonable or not.

2010 WL 2571856 at *4 (citations omitted).

Second, and more fundamentally, the court failed to apply the proper prejudice inquiry.  We have never limited the prejudice inquiry under *Strickland* to cases in which there was only "little or no mitigation evidence" presented. . . . We certainly have never held that counsel's effort to present *some* mitigation evidence should foreclose an inquiry into whether a facially deficient mitigation investigation might have prejudiced the defendant.  To the contrary, we have consistently explained that the *Strickland* inquiry requires precisely the type of probing and fact-specific analysis that the state trial court failed to undertake below. . . . [The] same standard applies – and will necessarily require a court to "speculate" as to the effect of the new evidence – regardless of how much or how little mitgaiton evidence was presented during the initial penalty phase.

2010 WL 2571856 at * 4-5 (citations omitted).

The Court succinctly described the proper analysis, drawn from *Strickland*, *Williams v. Taylor*, 529 U.S. 362 (2000), and *Porter v. McCollum*, 558 U.S. ___ (2009):

A proper analysis of prejudice under *Strickland* would have taken into account the newly uncovered evidence . . . along with the mitigation evidence introduced during Sears' penalty phase trial, to assess whether there is a reasonable probability that Sears would have received a different sentence after a constitutionally sufficient mitigation investigation.

2010 WL 2571856 at *6.  It remanded the case to the state court so that it could conduct the constitutionally required "reweighing" of the "totality" of new and old mitigating evidence against

the aggravating evidence.  2010 WL at *5-6.

The mitigation investigation in Mr. Agofsky's case was as superficial as the one in *Sears*. Counsel neither compiled a social history of his life before age eighteen nor tried to compile mitigating evidence from his eleven subsequent years of incarceration.  Nor did counsel follow up on evidence of multiple head traumas, with the result that the jury never heard compelling evidence of Mr. Agofsky's cognitive impairments. For example, the jury never heard evidence such as that proffered in postconviction from Dr. Ruben Gur:

> [T]he test results and my quantitative analysis of them reflect clinically significant brain damage to the right frontal and right temporal lobes of Mr. Agofsky's brain.  The damage to the frontal lobe would affect Mr. Agofsky's impulse control, judgment, emotional lability, and consequential thinking.  The damage to the temporal lobe would affect his facility in attribution of intent to others and his memory[.]

Gur Declaration, Supp. 166-68, SA 1709-16, SA 1698-99.  The Supreme Court noted precisely the same sort of deficiency in *Sears*.  2010 WL 2571856 at *1 (due to counsel's "constitutionally inadequate" investigation, the "evidence relating to Sears' cognitive impairments and childhood difficulties was not brought to light at the time he was sentenced to death").

Furthermore, *Sears* supports Mr. Agofsky's repeated arguments, both in his Reply to the government (Doc. 133) and in his Amended § 2255 Motion and Supplement (Docs. 50, 105), that (1) the deficient investigation undermined any claimed strategic basis for counsel's actions, inaction, and misjudgments, and (2) the court must weigh *all* the mitigating evidence, both the evidence originally presented and all the evidence uncovered in postconviction, against the aggravating evidence to assess prejudice.  *Sears* therefore provides further – indeed, conclusive – grounds for granting Mr. Agofsky a hearing and relief on Point II.

The other cases implicate the government's motion to strike certain claims (Doc. 112), which this Court decided to defer until the Supreme Court ruled in *Magwood* (Doc. 121).  That happened on June 24, 2010.  In *Magwood*, the petitioner, like Mr. Agofsky, won relief and was resentenced, and he subsequently sought federal habeas relief.  Unlike Mr. Agofsky, however, Magwood obtained the relief that resulted in his resentencing, not on direct appeal, but in an initial federal habeas petition.  ___ U.S. at ___, 2010 WL 2518374 at *4-5.  The issue before the Supreme Court was whether the new federal habeas petition that followed his resentencing was a successive petition barred by 28 U.S.C. § 2244(b) because Magwood had not obtained authorization to file it from the Court of Appeals.

The Supreme Court held that the new federal habeas petition was not "successive" because it challenged the new judgment imposed at Magwood's resentencing proceeding.  "According to Magwood, his 1986 resentencing led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply.  We agree."  *Id.* at *7.  The text of the habeas statute, which requires "custody *pursuant to a state-court judgment*," *id.* at *8, the statute's purposes, and the Court's precedents all precluded an application of § 2244(b) to a "new judgment."  *Id.* at *9-10, 11-12.

Although *Magwood* involved a state prisoner's habeas petition under 28 U.S.C. § 2254, its

reasoning applies equally to the role of a new judgment in a federal motion for relief from judgment pursuant to § 2255. *Magwood* accordingly provides support for the conclusion that all the claims Mr. Agofsky advances in his Supplement are timely because they were filed on September 9, 2009, less than a year after the date his resentencing judgment, a new judgment, became final with the denial of *certiorari* on October 6, 2008. For that reason alone, the government's motion to strike should be denied.

In addition, Mr. Agofsky argues in opposition to the government's motion to strike that many of his claims benefit from equitable tolling. Doc. 113 at 18-19. The Supreme Court recently held in *Holland* that the equitable tolling doctrine applies to the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") for federal habeas petitions filed by state prisoners. ___ U.S. at ___, 2010 WL 2346549 at *12. Because AEDPA's statute of limitations for § 2255 petitions filed by federal prisoners is identical in relevant respects, *Holland* provides further support for tolling in Mr. Agofsky's case.

Finally, because issues underlying the application of *Magwood* and *Holland* to the government's motion to strike are complex, Mr. Agofsky requests that the Court set a date for oral argument before ruling on the motion.

Respectfully submitted,

/s/ Claudia Van Wyk
Claudia Van Wyk
Assistant Federal Defender

encl.

cc:    Libra (Libby) Lange, Esq.
       Trial Attorney, U.S. Department of Justice

       Joe Batte, Esq.
       Assistant United States Attorney