**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **SHANNON WAYNE AGOFSKY,** § | |
| § | |
| **Petitioner,** § | |
| § | **CIVIL ACTION NO. 1:07-cv-511** |
| **v.** § | |
| § | **JUDGE  RICHARD A. SCHELL** |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Respondent.** § | |
| _____ § | |

**GOVERNMENT'S OPPOSITION TO PETITIONER'S "MOTION
TO SUPPLEMENT OR AMEND § 2255 MOTION TO INCLUDE DECLARATIONS
AND DOCUMENTS RESPONDING TO GOVERNMENT'S ALLEGATIONS"**

The United States of America, by and through John M. Bales, United States Attorney for

the Eastern District of Texas ("the Government"), and the undersigned attorneys file this motion

and would show:

I.

On October 6, 2008, Agofsky filed his Amended § 2255 motion, and attached an

appendix containing 539 pages of declarations and other documentary materials.  (Doc. 51).  On

September 9, 2009, Agofsky filed his Supplement, and attached an appendix containing 3,326

pages of declarations and other documentary materials.  (Doc. 105).  On February 26, 2010, the

Government filed its Response in Opposition.  (Doc. 124).  On June 17, 2010, Agofsky filed his

Reply to Government's Response in Opposition ("Reply"), and he attached an appendix

containing 43 pages of declarations and other documents.  (Doc. 133).   Simultaneously,

Agofsky filed a "Motion to Supplement or Amend § 2255 Motion to Include Declarations and

1

Documents Responding to Government's Allegations" ("Motion").  (Doc. 135).

II.

The Government opposes Agofsky's Motion.  Agofsky has not requested that this Court make the documents and declarations attached to his Reply and referenced in his Motion (or any of the documentary materials attached to his Amended § 2255 Motion or Supplement) part of an officially expanded record under Rule 7 of the Rules Governing § 2255 Proceedings, but he impliedly anticipates that the Court will rely on them, nonetheless.  The Government recognizes this Court's discretion, pursuant to Rule 7, to *sua sponte* exercise its authority to expand the official record of the case.  However, Agofsky's tendered documentary materials are not part of an expanded record unless and until this Court reviews the individual documents, finds any given document relevant to the disposition of one of Agofsky's claims, and directs that the record be expanded with the specified document pursuant to Rule 7.  Thus, Agofsky's documentary materials (not developed during the underlying criminal proceeding) are presently outside the § 2255 record and, therefore, outside the Court's review of the merits of Agofsky's claims.

III.

Under the Rules Governing § 2255 Proceeding, in initially considering a § 2255 motion, federal district courts consider the record developed during the underlying criminal proceeding. *See* Fed. R. § 2255 P. 4(b) (the judge must examine the motion, any attached exhibits, and the record of prior proceedings[1]); 28 U.S.C. § 2255(b) (the court examines "the motion and the files

---

[1] The exhibits would include such documents as transcripts, sentencing records, and court opinions.  *See* Fed. R. § 2254 P. 4, Advisory Committee Note.

2

and records of the case" in initially considering whether the prisoner is entitled to relief).  To consider or develop additional facts or evidence outside of the prior records, the judge may (1) authorize discovery; (2) "direct the parties to expand the record by submitting materials relating to the motion;" or (3) hold an evidentiary hearing.[2]  Fed. R. § 2255 P. 6, 7(a), 8.  An expanded record under Rule 7 may include such materials as letters predating the filing of the motion, documents, exhibits, answers under oath to written interrogatories propounded by the judge, and affidavits.  *Id.* 7(b).  Rule 7 permits the Court to expand the record to include additional material relevant to the disposition of the motion.  *See* Fed. R. § 2255 P. 7, Advisory Committee Notes (citing Fed. R. § 2254 P. 7, Advisory Committee Notes).  Under Rule 8, the Court "review[s] the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  *See* Fed. R. § 2255 P. 8.

IV.

In filing his Amended § 2255 Motion and Supplement, Agofsky attached a broad and voluminous array of declarations and other documentary materials, without addressing or explaining the basis upon which the Court could consider the attachments.  Agofsky now attaches 43 pages of additional declarations and documents offered in support of his Reply and seeks permission to "supplement or amend" his Amended § 2255 Motion to "include" them, citing Fed. R. Civ. P. 15(a), (c), (d).  Regarding the first two instances of attachments, the Government objects to Agofsky's attempts to expand the record by simply attaching documents,

---

[2]  This Court has previously expanded the record in this case to include the affidavits of Agofsky's former trial and appellate counsel and the deposition testimony of Investigator Jay Bennett and Dr. Dan Roberts.  (*See* Docs. 70 & 76, citing Fed. R. § 2255 P. 6(a), 7, and 28 U.S.C. § 2246).

declarations, and other materials to his Amended § 2255 Motion and Supplement.[3]  Regarding the attachments to Agofsky's Reply, the Government opposes Agofsky's request to include, pursuant to the rules for supplementing and amending pleadings, his tendered declarations and documents, which contain facts and information and do not constitute pleadings.  In all of these instances, Agofsky appears to presumptively anticipate that, by virtue of inclusion in his Amended § 2255 Motion, the submitted documents will be considered as if they were part of the § 2255 record.  In no instance, however, has Agofsky requested that the Court make the submitted materials part of an officially expanded record under Rule 7.  Fed. R. § 2255 P. 7.  Nor has Agofsky proffered or established the relevance of the submitted materials, pursuant to Rule 7, and the reasons why the circumstances of the case warrant the Court's exercise of its discretion to expand the record.  Thus, the Government objects to Agofsky's reliance on the documentary materials (not developed during the trial proceedings) he attaches to his Amended § 2255 Motion, Supplement, and Reply to the extent the materials have not been accepted by the Court and made a part of the record under Rule 7.

V.

**WHEREFORE, PREMISES CONSIDERED,** Respondent prays that the Court deny Agofsky's Motion to Supplement or Amend to Include Declarations and Documents Responding to Government's Allegations.

---

[3]  The Government does not object to the inclusion of any documents that were part of the trial proceedings.

Respectfully submitted,

John M. Bales
UNITED STATES ATTORNEY

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney
TXSBN:  01918070
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237
(409) 839-2538 office
(409) 839-2550 fax
email:  joe.batte@usdoj.gov

Libby Lange
LIBRA (LIBBY) LANGE
Trial Attorney
TXSBN: 11910100
United States Department of Justice
1331 F. Street, NW, 3rd Floor
Washington, D.C.  20530
Phone: 202-353-0580
Fax: 202-353-9779
libby.lange@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2010, a true and correct copy of the motion has been served on counsel for Defendant-Petitioner as follows:

Claudia Van Wyck
Federal Community Defender Office
For the Eastern District of Pennsylvania
The Curtis Center, Suite 545 W
Independence Square West
Philadelphia, PA  19106

Jennifer Merrigan, Esq.
305 E. 63rd Street
Kansas City MO 64113

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney