**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Movant.** | ) | |
| _____ | ) | |

**REVISED MOTION
TO SUPPLEMENT OR AMEND § 2255 MOTION
TO REPLY TO GOVERNMENT'S ALLEGATIONS**

On June 17, 2010, Shannon Agofsky filed a Reply to the government's Response in Opposition to his Motion for Relief from Judgment, pursuant to 28 U.S.C. § 2255. Concurrently with the Reply, Mr. Agofsky filed a Motion to Supplement or Amend his pleadings, but the parties have agreed, with the Court's approval, that he should withdraw that motion and file a revised motion. Mr. Agofsky now moves to supplement or amend his pleadings to include additional and responsive factual allegations included in his Reply. In support of the motion he states the following:

**A.      Procedural Background**

Mr. Agofsky has filed an initial and Amended § 2255 Motion (Civil Docket, Docs. 38, 51) and Supplement. Doc. 105. The government moved to dismiss certain claims, contending that they were inappropriate supplements or amendments, on November 5, 2009. Doc. 112. Mr. Agofsky opposed the motion, and cross-moved to supplement or amend his pleadings to include the pertinent claims, on November 17. Doc. 113. On January 7, 2010, the Court ordered that it would defer

ruling on the government's motion to strike until the Supreme Court could decide a potentially controlling, pending case.  Doc. 121.[1]

The government then filed its Response in Opposition to Mr. Agofsky's Amended § 2255 Motion and Supplement on February 26, 2010.  Doc. 124.  On June 17, Mr. Agofsky filed a Reply to the government's Response (Doc. 133), accompanied by a Motion to Supplement or Amend to Include Declarations and Documents Responding to Government's Allegations.  Doc. 135.  The government opposed that motion, arguing that it constituted, in effect, a motion to expand the record that did not attempt to comply with Rule 7 of the Rules Governing § 2255 Cases.  Doc. 141.  With the government's agreement, Mr. Agofsky then sought permission to withdraw that Motion to Supplement or Amend and file a revised motion.  Doc. 142.  On August 6, 2010, the Court granted Mr. Agofsky permission to file this Revised Motion to Supplement or Amend no later than August 20, 2010.  Doc. 143.

As explained in greater detail below, the government's Response makes various factual allegations that call for rebuttal in Mr. Agofsky's Reply.  He makes all or most of the responsive allegations in his Reply as of right.  All of them, in any case, are appropriate candidates for supplementing or amending the initial pleadings because none of them advances new claims.  Mr. Agofsky therefore moves to supplement or amend his pleadings with responsive factual allegations, supported by 43 pages of declarations and documents proffered in his Reply Appendix.

---

[1]  The pending case, *Magwood v. Patterson*, ___ U.S. ___, 130 S. Ct. 2788 (2010), was decided on June 24, 2010.  Mr. Agofsky filed a supplemental authority letter explaining its relevance on June 30 (Doc. 137).  The Court has not yet ruled on the government's motion to strike certain claims in the Amended § 2255 Motion and Supplement.

## B.    Legal Standards

Rule 5 of the Rules Governing § 2255 Cases guarantees a movant the opportunity to file a reply, which may include matter traditionally set forth in a "traverse," that is, factual responses to the government's factual allegations.  *See* Rule 5, Rules Governing § 2255 Cases & Comment, 2004 Amendments; *United States v. Stoltz*, 325 F. Supp. 2d 982, 986 (D. Minn. 2004) (purpose of traverse is to challenge factual assertions in government's return or answer) (citing 71 Corpus Juris Secundum, Pleading § 184).

The opportunity to respond, as of right, to assertions in the answer is important in habeas and § 2255 cases because of the especially stringent pleading requirements imposed by the governing Rules.  In an ordinary civil case, the complaint need only provide "fair notice" of a claim.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).[2]   Habeas Rule 2(c), however, requires petitioners to "specify all the grounds for relief" and "state the facts supporting each ground." *Id.* (citing Rule 2(c) of the Rules Governing § 2254 Cases); *accord* Rule 2(c), Rules Governing § 2255 Cases.  Allowing comparable specificity in the reply facilitates compliance with the rule.  So long as the reply allegations do not state new claims – i.e., new bases for relief – the petitioner should be allowed to make them as of right.  *See Boardman v. Estelle*, 957 F. 2d 1523, 1525 (9th Cir. 1992) (argument raised in traverse properly presented because it supported a legal claim raised in initial pleading).

*United States v. Crawford*, No. 1:07-cv-06498 OWW, 2009 WL 435049 (E.D. Cal. Feb. 22, 2009), provides an instructive contrast with Mr. Agofsky's case.  Crawford filed a § 2255 motion

---

[2]  Even in ordinary civil practice, however, the Supreme Court has recently required somewhat more specificity in pleading, holding that a plaintiff must state the claim with enough particularity to demonstrate that it is "plausible" in order to survive a motion to dismiss. *See Bell Atlantic Corp. v. Twombley*, ___ U.S. ___, 127 S.Ct. 1955 (2007); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 127 S.Ct. 1937 (2009).

claiming that his attorney was ineffective on several grounds, including his failure to call a specific witness. In his reply, he alleged additional grounds, such as the attorney's failure to call other witnesses, and proffered supporting documents. *Id.* at *1-*2. The government moved to strike the additional allegations and exhibits as untimely amendments. *Id.* at *3. The Court held that these assertions were "new grounds for relief" for which the government received no notice in framing its response, and should not have been included in the reply unless the original pleading was amended. The court went on to deny amendment on most of the new grounds because they were new grounds, not merely new facts. *Id.* at *3, *6 -*10.

In Mr. Agofsky's case, however, as explained in detail in the sections below, the Reply allegations consist only of facts that relate directly to claims pled in detail in the initial pleadings, and that counter assertions by the government in response. Mr. Agofsky is entitled to include the Reply allegations as of right. In any case, all of the allegations readily qualify as appropriate supplements or amendments to the initial pleadings under Rule 15 of the Federal Rules of Civil Procedure. Out of an abundance of caution, therefore, Mr. Agofsky moves to supplement or amend the initial pleadings to include them.

Mr. Agofsky's Opposition to the government's Motion to Strike describes in detail the law governing supplements and amendments under the Rule 15 and the Rules Governing § 2255 Proceedings. Doc. 113 at 8. In brief, Rule 15(d) of the Federal Rules of Civil Procedure provides:

> **(d)** *Supplemental Pleadings*. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order the opposing party to plead to the supplemental pleading within a specified time.

Supplemental pleadings should be liberally allowed. *See, e.g.*, *Franks v. Ross*, 313 F.3d 184, 198 & n.15 (4th Cir. 2002) (standards for motion to amend and motion to supplement nearly identical; in either situation, leave should be freely granted, and should be denied only where good reason exists, such as prejudice to defendants). A court should permit a supplemental pleading when a party wishes to bring up events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading. 3 James Wm. Moore, *Moore's Federal Practice*§ 15.30 (3d ed.2008); 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 1504, at 183-84 (2d ed.1990).

Under Rule 15, amendments are distinct from, but similar to, supplements. The rule provides for a first amendment as a matter of course, Fed. R. Civ. P. 15(a)(1), and allows additional amendments:

> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). While the decision whether to permit amendment falls within the district court's sound discretion, the rule requires that it exercise that discretion liberally. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"). Indeed, the rule "circumscribes" a district court's discretion to deny amendment; without a substantial basis, the court's discretion "is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-07 (11th Cir. 1989); *see also Dussouy v. Gulf Coast*

*Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981) (policy of federal rules is to permit liberal amendment to facilitate determination of claims on merits and prevent litigation from becoming "a technical exercise in fine points of pleading"); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 610 F. Supp. 2d 600, 652-55 (S.D. Tex. 2009) (citing *Forman*).

As described below, all of the additional materials relate directly and specifically to the claims Mr. Agofsky has already pled. None of them alters any of his claims in any way. The Court should accordingly consider them as further support for his claims, either because he is entitled to make them as of right in his Reply or because he has demonstrated that they are appropriately considered either supplements or amendments to his initial pleadings.

## C.    The Additional Allegations

### 1.    Information from Shannon Agofsky

Mr. Agofsky argues in Point I of his Amended § 2255 Motion and Supplement that trial counsel were ineffective for failing to investigate, develop, and present testimony that their own experts could have provided at the guilt/innocence phase of trial, including that of psychiatrist Edward Gripon. AAHM 48-50, Supp. 39-43.[3] He argues in Point II that counsel were ineffective for failing to prepare and present either the fruits of an independent social history investigation or appropriate mental health evidence in mitigation. AAHM 122-50, 160-64, Supp. 87, 118. The

---

[3]The following abbreviations refer to the following pleadings:

R:        Agofsky's Reply
RA:       Reply Appendix
GR:       Government's Response
AAHM: Agofsky's Amended § 2255 Motion
A:        Appendix to Amended § 2255 Motion
Supp.:    Agofsky's Supplement
SA:       Supplement Appendix

government argues in opposition that: (1) Mr. Agofsky would not have permitted the introduction of mental health evidence (at either phase of trial) even if counsel had developed such evidence before trial (GR 76-77), (2) that he did not want his mother to attend the trial or testify (GR 217-18), and (3) that he understood the "significance" of mitigating evidence. GR 219-20. Mr. Agofsky replies, relying on documents, the trial record, and his proffered supplemental affidavit, that he would have permitted the introduction of mental health evidence and would have allowed his mother to testify if counsel had conducted a proper investigation and explained what the evidence would be. Further, he alleges, regardless of his general understanding of the function of mitigating evidence, he did not understand what particular mitigating evidence his attorneys might have presented from a social history investigation or mental health experts, because his attorneys never conducted the underlying investigation. R 27-29, 90, 92, 108-09, RA 3858-60.

None of these allegations raises new grounds for relief; they reply specifically to government arguments in response to the claims in Mr. Agofsky's initial pleadings. Therefore, he is entitled to make the Reply allegations as of right. Furthermore, the allegations concern events that post-date Mr. Agofsky's initial pleadings – the government's assertions in its Response – and therefore appropriately supplement the initial pleadings. Even if viewed as amendments, moreover, the statements in Mr. Agofsky's reply relate back to his initial claims and do not prejudice the government.

### 2. Information from Mitigation Specialist Marilyn Romanowski

As part of his claim that trial counsel's deficient failure to compile and present the fruits of an independent social history investigation prejudiced the defense, Mr. Agofsky's initial pleadings contain many allegations gleaned from an investigation by a licensed clinical social worker, Marilyn Romanowski, whose declarations are proffered in support in the Supplement Appendix. AAHM 122-52, Supp. 129-58, SA 1672, 1692. The government's Response questions the sources of Ms. Romanowski's declarations and, implicitly, her veracity. GR 203. Mr. Agofsky's Reply, relying on a supplemental declaration from Ms. Romanowski, describes the basis for the allegations, derived from her investigation, in the initial pleadings. R 86, RA 3861. The Reply allegations are included as of right because they do not raise a new ground for relief; they simply provide information relevant to the credibility of allegations in the initial pleadings. Furthermore, the Reply allegations concern events that post-date the initial pleadings – the government's allegations in its Response – and therefore appropriately supplement the initial pleadings. Even if viewed as amendments, the allegations relate back to Mr. Agofsky's claim that his attorneys' deficient failure to compile a social history prejudiced his penalty phase defense, and do not prejudice the government.

### 3. Information From Inmates

Mr. Agofsky's Amended § 2255 Motion and Supplement include information from many current or former inmates who could have provided eyewitness or background testimony at the guilt-innocence phase, information about prison disciplinary infractions introduced by the government in aggravation at the penalty phase, or penalty phase mitigating evidence. Mr. Agofsky relies on this information in support of his claims that counsel were ineffective for failing to conduct an adequate investigation of those three categories of evidence. AAHM 25-48, 110-22, 152-61, Supp.

17-39, 111-26, 158-65.  He proffers numerous inmate declarations in support of the allegations in his Supplement Appendix.  The government urges the Court to reject the information provided by certain inmates because they do not specifically state that they would have testified for the defense in 2004 or would still be willing to testify, and/or because they do not state whether they ever received letters from trial counsel's investigator, Jay Bennett, or heard through the prison grapevine that Bennett would like to speak to them.

Mr. Agofsky's Reply states that various inmates would have been and are still willing to testify, and/or responds to the allegations that Bennett did contact them.  These allegations, like those concerning Ms. Romanowski, are made as of right because they relate to the credibility of allegations made in the initial pleadings.  Furthermore, they concern events that post-date the initial pleadings – the government's allegations in its Response – and therefore appropriately supplement the initial pleadings.  Even if viewed as amendments, they relate to Mr. Agofsky's claims that his attorneys' deficient performance at both phases of trial prejudiced his defense by depriving him of eyewitness and background testimony at the guilt-innocence phase, and rebuttal to the aggravating factors and relevant mitigating evidence at the penalty phase.  The reply allegations are prompted by the government's assertions, and do not cause any prejudice to the government.

Mr Agofsky therefore offers the following responsive information from the following inmates:

a.  Andres Campillo (allegations at R 101, responding to GR 46-48, 235;  RA 3861, SA 2014).

b.  William Massey (allegations at R 81, responding to GR 55, 198;  RA 3865, SA 2090).

c.  Robert McKinn (allegations at R 16, responding to GR 46-48;  RA 3864, SA 2097).

d.  Gerald Miller (allegations  at R 101, responding to GR 54, 188, 235;  RA 3865, SA 2305).

e. Jeffrey Milton (allegations at R 15, responding to GR 61, 235; RA 3866, SA 2102).

f. Randy Seitzinger (allegations at R 101, responding to GR 46-48, 235; RA 3867, SA 2117).

g. Gene Sides (allegations at R 75, responding to GR 186; RA 3868, SA 2313).

h. Gary Welch (allegations at R 101, responding to GR 236; RA 3869, SA 2136).

### 4. Information from Shayna Agofsky

Point II of Mr. Agofsky's Amended § 2255 Motion summarizes information obtained from his brother's ex-wife, Shayna Agofsky, in support of his claim that trial counsel's failure to conduct an independent social history investigation prejudiced his penalty phase defense by depriving him of relevant mitigating information. AAHM 146. The government urges the Court to disregard Ms. Agofsky's information because her declaration was not included in the Appendices to the Amended § 2255 Motion or Supplement. GR 226. As set forth in the Reply (R 97), Shayna Agofsky has signed a declaration comprising the information set forth in Mr. Agofsky's initial pleading. RA 3870. The fact that she has signed the declaration does not in any way alter the underlying claim and is alleged in the Reply as of right. In addition, it is appropriately viewed as a supplement because it includes the same information in the initial pleading and concerns an event – the signing of the declaration – that post-dates it.

### 5. Information from Robert Duggan

In his Amended § 2255 Motion, Mr. Agofsky presents information from his former martial arts instructor, Robert Duggan, supporting his claim in Point I that trial counsel's deficient investigation at the guilt-innocence phase prejudiced his defense by depriving him of Duggan's helpful opinion testimony concerning the need to use force. AAHM 20-24. Duggan provides additional information concerning Mr. Agofsky's training in martial arts in his childhood and youth,

supporting the claim in Point II that counsel's deficient penalty phase investigation prejudiced the penalty phase defense by depriving him of relevant mitigating evidence.  AAHM 149-50.  Mr. Agofsky proffers a declaration from Duggan in support of the allegations.  A 33.

The government, in opposition, questions (1) the source of a "mini-manual" from Duggan's school included in the supplemental appendix (GR 30), (2) whether he in fact spoke to trial counsel's investigator, Jay Bennett (GR 27); (3) whether he has "recanted" his trial testimony (GR 29); and (4) whether he ever told Mr. Agofsky's defense that he did not remember his former student or that they parted on bad terms.  GR 29.  In Reply, Mr. Agofsky presents information from Duggan, supported by a proffered supplemental declaration, explaining what he did with the mini-manual, the nature of his limited contact with Bennett, why he has not recanted, and what he did and did not tell the defense about his recollections of Mr. Agofsky.  R. 9-10, 11, RA 3873.  All of this information is included in the Reply as of right and in any case appropriately qualifies as a Supplement to the original pleadings.

### 6.    Documents (RA 3875, 3876-80)

Mr. Agofsky's Reply appendix includes two documents obtained from trial counsel, offered in response to mistaken factual allegations in the Government's Response.  The first is a duplicate of a record already included in the Supplement appendix, but displays an omitted Bates stamp number.  GR 30, R 3875.  The second is a letter already included in the Supplement appendix, with the cover letter that demonstrates that the government provided it to trial counsel.  R 3876.  These documents appropriately supplement the original pleadings because they provide additional information about the origins of documents already included in the Supplement appendix.

### 7.    Information From Harvey Cox

Mr. Agofsky argues in Points I and II of his Amended § 2255 Motion and Supplement that trial counsel were ineffective for not obtaining, or insuring that one of their experts obtained, data concerning the level of violence at Beaumont USP and the Administrative Maximum facility ("ADX") in Florence, Colorado, in comparison to levels at other BOP institutions, and other information concerning policies and procedures at ADX. Such data could have supported expert testimony at both phases of trial. AAHM 49, 168, Supp. 180-83. The Supplement included allegations based on statements by one of trial counsel's experts, prison consultant Harvey Cox, who stated that such data and policy information would have enabled him to provide more well-supported expert opinions, and that he had experience obtaining such information through the Freedom of Information Act ("FOIA") in other cases. Supp. 182-83, SA 2814.

The government argues in response that Cox was already well-informed and did not ask trial counsel for further information, and that he does not state that further information would have changed his opinion. GR 282-83. As Mr. Agofsky's Reply describes, Mr. Cox subsequently made a FOIA request to the BOP for data concerning institutional infractions at Beaumont USP, ADX, and other BOP institutions, and for other information about BOP policies and procedures at ADX. He received voluminous data and information in response. Mr. Agofsky argues that it was the responsibility of trial counsel, not the expert, to insure that the expert presented adequately supported opinion testimony. *See* R 26-27, 119, 121, 126 (explaining the relevance of the data to the claims), RA 3897. The FOIA response demonstrates the ease with which Mr. Cox, at the request of post-conviction counsel, obtained data that could have enabled him to give such testimony. The Reply therefore includes the allegations describing the FOIA response as of right. In any case,

because the FOIA response post-dates the initial pleadings, and relates back to the allegations in the pleadings, the allegations appropriately supplement or amend the initial pleadings.

### 8.    Information Concerning Noel State Bank Investigation

In his Amended § 2255 Motion and Supplement, Mr. Agofsky argues that trial counsel failed to undertake a reasonable investigation of his prior convictions in the Noel State Bank case. Counsel failed to investigate (1) the fingerprint and duct tape analyses that "matched" fingerprints found on duct tape (AAHM 103-07, Supp. 91); (2) government informants who testified against Mr. Agofsky and his brother at their trials (AAHM 96); and (3) alternative suspects.  AAHM 97-101.

In its response, the government argues that trial counsel did obtain substantial information about the bank case, and that Mr. Agofsky cannot prove that he was prejudiced.  GR 176-77, 180. Mr. Agofsky's Reply details extensive additional evidence that counsel could have obtained, concerning the chain of custody of the piece of duct tape allegedly containing Mr. Agofsky's fingerprint, the implication of alternative suspects, and benefits offered or threats made to government informants.  R 73-74. The new allegations relate to the initial pleadings in the following manner:

*Fingerprints*

The initial pleadings contend that the chain of custody of the piece of duct tape found on the river bank was unreliable.  AAHM 103 n.26.  The Reply, relying on a declaration from government witness Rowdy Foreman, casts further doubt on the chain of custody, stating that the FBI later showed him a piece of tape different from the one he found, and that no one asked him at the Missouri and Oklahoma trials to identify the piece of tape he actually found.  R 73, RA 3881.  The Reply includes further allegations based on a declaration by FBI expert Russell Davey, who

describes his comparison of Shannon Agofsky's latent prints with unknown prints from the Short home (with negative results) and states that he was never asked to compare the unknowns with any other potential suspects.  R 73, RA 3898.

*Informants*

The initial pleadings contend that trial counsel failed to conduct an adequate investigation of the government informants who testified at trial.  AAHM 96.  The Reply includes allegations based on information concerning several of these informants.  Michael Dean describes statements by government witness Gant Sanders concerning threats made to him in connection with his testimony against the Agofskys.  R 73, RA 3886.  Roy Nichols states that government witnesses Henderson and Pennington were heard scheming to obtain benefits by concocting evidence against Shannon Agofsky, and were known to be unreliable.  R 74, RA 3890.  Benjamin Henderson overheard Pennington trying to get information from Shannon Agofsky, but thought that Shannon was just a "scared kid" who was "bragging or boasting."  Henderson heard Shannon say openly that he did not commit the Noel State Bank robbery.  R 74, RA 3892.  Dennis Long states that he did not know Shannon Agofsky and never heard him say he committed the bank robbery.  R 74, RA 3895. Kitty Hailey describes information concerning promises and threats made to government witness Kenny Fitzpatrick.  R 73, RA 3896.

*Alternative Suspects*

Mr. Agofsky argued in his initial pleadings that trial counsel failed to investigate alternative suspects, including Frank Sanders, the father of government witness Gant Sanders.  AAHM 97.  The Reply includes allegations based on the declaration of J.R. Embrey, who states that Frank Sanders,

who was professional bank robber, once solicited him to undertake the Noel State Bank robbery. R 73, RA 3883-85.

*Conclusion*

All of these additional Reply allegations relate directly to the claims in the original pleadings, respond to the government's arguments that trial counsel did collect sufficient information and that Mr. Agofsky cannot prove prejudice, and thus are included in the Reply as of right. In any case, they appropriately supplement or amend the initial pleadings because they post-date the initial pleadings and provide additional support for the allegations concerning the government witnesses. Whether viewed as amendments or supplements to the initial pleadings, they relate back to the original allegations.

## CONCLUSION

Mr. Agofsky's Reply appropriately includes factual rebuttals of many of the factual allegations in the Government's Response in Opposition.  If, however, the Court rejects that conclusion as to any of the allegations detailed above, Mr. Agofsky respectfully requests that the Court grant leave to amend or supplement his initial pleadings to include those additional Reply allegations –  supported by the documents and declarations proffered in his Reply appendix – and grant any further relief the Court deems appropriate.

Respectfully submitted,


/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826


Dated: August 20, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, U.S. Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702; **Joseph Robert Batte,** U.S. Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701; and **Libra Joy Lange**, U.S. Department of Justice - Criminal Division, 1331 F. Street, N.W., 3rd Floor, Washington , DC 20004.

/s/  Claudia Van Wyk
CLAUDIA VAN WYK
*Counsel for Movant*