**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SHANNON WAYNE AGOFSKY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION NO. 1:07-cv-511** |
| **v.** | § | |
| | § | **JUDGE  RICHARD A. SCHELL** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |
| _____ | § | |

**GOVERNMENT'S OPPOSITION TO PETITIONER'S "REVISED MOTION**
**TO SUPPLEMENT OR AMEND § 2255 MOTION TO INCLUDE DECLARATIONS**
**AND DOCUMENTS RESPONDING TO GOVERNMENT'S ALLEGATIONS"**

The United States of America, by and through John M. Bales, United States Attorney for

the Eastern District of Texas ("the Government"), and the undersigned attorneys file this motion

and would show:

I.

On October 6, 2008, Agofsky filed his Amended § 2255 motion, and attached an

appendix containing 539 pages of declarations and other documentary materials.  (Doc. 51).  On

September 9, 2009, Agofsky filed his Supplement, and attached an appendix containing 3,326

pages of declarations and other documentary materials.  (Doc. 105).  On February 26, 2010, the

Government filed its Response in Opposition.  (Doc. 124).  On June 17, 2010, Agofsky filed his

Reply to Government's Response in Opposition ("Reply"), and he attached an appendix

containing 43 pages of declarations and other documents.  (Doc. 133).  Simultaneously, Agofsky

filed a "Motion to Supplement or Amend § 2255 Motion to Include Declarations and Documents

1

Responding to Government's Allegations." (Doc. 135).  The Government opposed the motion to supplement or amend to clarify that none of the documents and declarations attached to and referenced in Agofsky's Reply and Amended § 2255 Motion are presently part of an authorized expanded record under Rule 7 of the Rules Governing § 2255 Proceedings.  (Doc. 141).  After obtaining the Court's permission to withdraw the June 17, 2010 motion, Agofsky filed a revised motion to supplement or amend his amended § 2255 motion.  (Doc. 144).

II.

Agofsky's request falls outside the confines of the Rules Governing § 2255 Proceedings and Fed. R. Civ. P. 15,[1] upon which he relies.  *See, e.g.*, *Mayle v. Felix*, 545 U.S. 644, 657 (2005) ("A discrete set of Rules governs federal habeas proceedings").  Rule 5(d) of the Rules Governing § 2255 Proceedings allows the moving party to submit a reply to the respondent's answer.  Agofsky characterizes his June 17, 2010 pleading as a "reply" – as opposed to an amendment or a supplement – yet he requests permission to supplement or amend his prior pleadings with "responsive factual allegations" set out in his Reply, which he supports with declarations and documents attached in an Appendix.  (Doc. 144 at 1-2).  The Government objects to Agofsky's attempts to file a hybrid pleading that attempts to serve both as a reply and a supplement and/or an amended pleading. The Government opposes the revised motion (requesting to amend or supplement Agofsky's intial pleadings) as unnecessary and inappropriate.  Agofsky is not entitled as of right to amend at this late stage, Fed. R. Civ. P. 15(a), and his primary argument for amending his prior pleadings is that the tendered statements

---

[1] Fed. R. Civ. P. 15 has been made applicable to habeas proceedings.  *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002).

and/or allegations are appropriate because they relate back to his initial claims. However, the relation back doctrine is most naturally invoked in situations where a claim is first asserted in an amended petition filed outside the one-year statute of limitations of 28 U.S.C. § 2255. *See, e.g., Mayle v. Felix*, 545 U.S. at 662. Agofsky states in his Reply that he has not raised any new claims.[2] Moreover, while a supplemental pleading may be employed to set forth new facts in order to update an earlier pleading, the factual allegations contained in Agofsky's Reply or Appendix do not support supplementation under Rule 15(d). Agofsky characterizes the factual allegations as "responsive" to the Government's response and asserts that the allegations appropriately supplement his "initial pleadings" because they "concern events that post-date his initial pleadings – the government's assertions in its Response."[3] (*See, e.g.,* Doc. 144 at 7, 8). None of the tendered declarations constitute an occurrence or event within the meaning of Rule 15(d),[4] and, if applied, Agofsky's argument would completely eviscerate Rule 15(d).

Agofsky's attempt to amend also undercuts the Court and the Government's interests in finality and expeditious litigation of this matter. Agofsky asks this Court to consider his additional materials as "further support for his claims." (Doc. 144 at 6). For instance, in the

---

[2] For instance, Agofsky states that "all of the additional materials relate directly and specifically to the claims [he] has already pled" and that "[n]one of them alters any of his claims in any way." (Doc. 144 at 6).

[3] Agofsky also asserts that Shayna Agofsky's May 20, 2010 declaration is appropriately viewed as a supplement because it "concerns an event – the signing of the declaration – that post-dates it." (Doc. 144 at 10).

[4] Under Rule 15(d), supplemental pleadings set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" and "relate to events that 'have transpired since the date of the party's most recent pleading.'" *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (quoting *Weeks v. New York State*, 273 F.3d 76, 88 (2d Cir. 2002)).

initial affidavit tendered by Agofsky, he asserts that he "disagree[s] with many of the facts and characterizations asserted by [his] trial defense team." He then responds in 19 single-spaced pages to many of his trial counsels' statements set out in their affidavits. (Supplemental Appendix 2359-77). In his supplemental affidavit attached to the Reply, Agofsky provides additional responses to the Government's response. Likewise, in his Amended § 2255 Motion and Supplement, Agofsky asserted that trial counsel were ineffective in their investigation and presentation of a case in favor of a life sentence. Agofsky attached as an exhibit to his Supplement a declaration from prison expert Harvey Cox, who states that defense counsel did not ask him to collect data or information about assaults or infractions at specific BOP facilities such as USP Beaumont. (SA 2815). Cox further states that, if defense counsel had requested, he could have filed a Freedom of Information Act (FOIA) request with the BOP to obtain statistics on ADX rates of assaults and escapes, as well as data regarding assaults and other infractions at USP Beaumont around the time of the offense. Agofsky now attaches a supplemental declaration from Cox, in which he states that, at the request of postconviction counsel, he submitted a FOIA request to the BOP and received data and statistics and that such information would have enabled him to formulate and explain well-found expert opinions concerning various issues. (Reply Appendix 3898-99).

If the Court were to grant Agofsky's revised motion – allowing him to supplement or amend his initial pleadings – the Government should be afforded the opportunity to file an amended answer. Presumably, Agofsky would then request another opportunity to file another reply.

III.

The Government objects generally to the Reply and its Appendix insofar as the documentary materials attached and relied upon (that were not developed during the trial proceedings) are presently outside the § 2255 record and have neither been accepted by the Court nor made a part of the record under Rule 7.[5]  *See* Fed. R. § 2255 P. 7.

IV.

Regarding the specific "responsive factual allegations" contained in the Reply and/or the Appendix, the Government reasserts and incorporates any previously-stated objections and arguments that apply to the allegations contained in the Reply or the Appendix.  For instance, in his Reply, Agofsky tenders several declarations concerning the Noel Bank investigation in support of his assertion that "if trial counsel had conducted a reasonable investigation, they could have uncovered additional evidence that would have cast still further doubt on Mr. Agofsky's participation in the crime." (Reply at 73).  The Government reasserts its arguments set out in its response that Agofsky's trial counsel were not entitled to contest the validity of Agofsky's convictions.  *Custis v. United States*, 511 U.S. 485 (1994), and that Agofsky's request that the Court find his trial counsel ineffective on this basis is barred by *Teague v. Lane*, 489 U.S. 288, 310 (1989).  (Government Response 172, 180, 182).

V.

**WHEREFORE, PREMISES CONSIDERED,** Respondent prays that the Court deny Agofsky's Revised Motion to Supplement or Amend to Include Declarations and Documents Responding to Government's Allegations.

---

[5]  In this regard, the Government reiterates and incorporates its Rule 7 arguments set out in its  opposition to Agofsky's June 17, 2010 motion to amend or supplement.  (Doc. 141).

Respectfully submitted,
John M. Bales
UNITED STATES ATTORNEY

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney
TXSBN:  01918070
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237
(409) 839-2538 office
(409) 839-2550 fax
email:  joe.batte@usdoj.gov

Libby Lange
LIBRA (LIBBY) LANGE
Trial Attorney
TXSBN: 11910100
United States Department of Justice
1331 F. Street, NW, 3rd Floor
Washington, D.C.  20530
Phone: 202-353-0580
Fax: 202-353-9779
libby.lange@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September, 2010, a true and correct copy of the motion has been served on counsel for Defendant-Petitioner as follows:

Claudia Van Wyck                          Jennifer Merrigan, Esq.
Federal Community Defender Office          305 E. 63rd Street
For the Eastern District of Pennsylvania   Kansas City MO 64113
The Curtis Center, Suite 545 W
Independence Square West
Philadelphia, PA  19106

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney

6