**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| | ) | |
| **Movant.** | ) | |
| | ) | |

**REPLY IN SUPPORT OF**
**REVISED MOTION TO SUPPLEMENT OR AMEND § 2255 MOTION**

Shannon Agofsky has moved to supplement or amend his pleadings to include allegations in his Reply to the Government's Response in Opposition to Mr. Agofsky's Amended § 2255 Motion and Supplement. The government opposes Mr. Agofsky's motion, and Mr. Agofsky states in response:

The Reply (Doc. 133) contains numerous factual assertions that specifically address allegations in the government's Response in Opposition (Doc. 124). In Mr. Agofsky's Revised Motion to Supplement or Amend (Doc. 144), he explains in detail how each of his own reply allegations relates to an allegation by the government. He argues that he is entitled to make these responsive allegations as of right but, in the alternative and out of an abundance of caution, seeks permission to incorporate them as supplements or amendments to the initial pleadings.

The government does not oppose Mr. Agofsky's motion by, for example, arguing that any of the specific reply allegations do not directly respond to any government allegations. Indeed, apparently conceding that Mr. Agofsky is entitled to make the allegations as of right, the government

asserts that his alternative request for permission is "unnecessary."  Government Opposition, Doc. 146, at 2-3.  Nevertheless, the Government proceeds to oppose the Motion to Supplement or Amend on several grounds that the Court should reject.

• The government maintains that allowing Mr. Agofsky to supplement or amend would undercut the interest in finality and expeditious litigation because it would require the government to amend its answer and Mr. Agofsky to file another reply.  Doc. 146 at 3-4. The government does not identify any specific amendments it wishes to make.  Unless and until it moves to amend its answer, specifying the additional allegations it wishes to include, its argument should be rejected.

• The government objects to the Reply and its appendix because the appendix materials were not part of the trial record and Mr. Agofsky has not moved to expand the record to include them pursuant to Rule 7 of the Rules Governing § 2255 Cases.  Doc. 146 at 5.  Mr. Agofsky's pleadings, including his Reply, allege facts that he is prepared to prove at an evidentiary hearing or through another fact-development procedure.  Although the Rules do not require him to do so, he has proffered many pages of declarations and documents to demonstrate the basis for the allegations he is prepared to prove.  He has not asked the Court to treat the allegations in his pleadings or his appendix materials as part of the trial record, but instead has indicated that he will request an opportunity to prove the underlying facts by filing a formal motion following discovery.  The government's premature Rule 7 objection should be rejected.

• The government "reasserts and incorporates any previously-stated objections" to the allegations in the Reply or its appendix.  It provides only one example, reiterating its

arguments that trial counsel would not have been entitled to "contest the validity of Agofsky's [prior] convictions" at his capital trial, and that he is impermissibly seeking the retroactive application of new rules of criminal procedure.  Doc. 146 at 5.  These legal arguments have no bearing on whether the Court should allow Mr. Agofsky to supplement or amend his pleadings.  He responds to the arguments in his Reply (Doc. 133) at 65-74.

## CONCLUSION

Mr. Agofsky's Reply appropriately includes factual rebuttals of many of the factual allegations in the Government's Response in Opposition.  If, however, the Court rejects that conclusion as to any of the allegations detailed in Mr. Agofsky's Revised Motion to Supplement or Amend, he respectfully requests that the Court grant leave to amend or supplement his initial pleadings to include those additional Reply allegations –  supported by the documents and declarations proffered in his Reply appendix – and grant any further relief the Court deems appropriate.

Respectfully submitted,


/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
Public Interest Litigation Clinic
305 E. 63rd Street
Kansas City, MO  64113
Telephone (816) 363-2795
Facsimile (816) 363-2799

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
NJ Bar #012401981
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

Dated: September 9, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, U.S. Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702; **Joseph Robert Batte,** U.S. Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701; and **Libra Joy Lange**, U.S. Department of Justice - Criminal Division, 1331 F. Street, N.W., 3rd Floor, Washington , DC 20004.

/s/  Claudia Van Wyk
CLAUDIA VAN WYK
*Counsel for Movant*