UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| v. | ) | No. 1:07-cv-00511 |
| | ) | |
| SHANNON WAYNE AGOFSKY, | ) | CAPITAL CASE |
| Movant. | ) | |

**UNOPPOSED MOTION TO SUSPEND STAY AND ABEYANCE
FOR LIMITED PURPOSEOF PERMITTING AN AMENDMENT
TO MR. AGOFSKY'S MOTION PURSUANT TO 28 U.S.C. § 2255**

Shannon Agofsky moves, with the government's consent, to lift the current stay in proceedings in this capital motion for relief pursuant to 28 U.S.C. § 2255 to allow him (1) to amend his motion to include a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and then (2) to renew the stay in proceedings and continue to hold them in abeyance while Mr. Agofsky litigates an attack on his prior murder conviction in Oklahoma.  In support of this motion, Mr. Agofsky states the following:

1.      Mr. Agofsky's motion to vacate, pursuant to 28 U.S.C. § 2255, is pending before this Court.  Doc. Nos. 38, 50, 105.  The Government's response and Mr. Agofsky's reply have been filed (Doc. Nos. 124, 133), and the parties have fully briefed a motion by the Government to strike certain claims.  Doc. Nos. 112, 113, 117-20.

2.      On February 14, 2012, this Court entered an order granting Mr. Agofsky's unopposed motion to stay and hold these proceedings in abeyance to allow him to present newly available eyewitnesses and other evidence of his innocence of the prior Oklahoma murder, which had served as a ground for several aggravating factors at the capital trial in this case.  Doc. 157.

1

Briefing has been completed in Oklahoma state court and the proceedings remain pending under Docket No. CRF-92-43 (Delaware Co.).

3.       As explained in the Memorandum of Law below, Mr. Agofsky now seeks to amend his § 2255 motion because one of the aggravating factors found by the jury in his capital case was a prior conviction that must be vacated in light of recent decisions by the Supreme Court.  Specifically, in sentencing Mr. Agofsky to death, the jury considered his prior conviction in the Western District of Missouri[1] for using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  *See United States v. Shannon Agofsky*, Special Verdict Form, D. Ct. No. 1:03-cr-173-01 (July 16, 2004).[2]  The underlying "crime of violence" for the § 924(c) charge was bank robbery, in violation of 18 U.S.C. §§ 2113 (a), (d), and (e).  On June 26, 2015, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – a provision of law directly analogous to § 924(c) – was unconstitutionally vague.  *Johnson*, 135 S. Ct. 2551.  On April 18, 2016, in *Welch v. United States*, 136 S.Ct. 1257 (2016), the Court held that *Johnson* established a new substantive rule of constitutional law that is retroactive to cases on collateral review.  In light of these decisions, Mr. Agofsky's conviction under § 924(c) is invalid because, post-*Johnson*, bank robbery categorically fails to qualify as a "crime of violence."  And, given the invalidity of the conviction, which played a direct role in Mr. Agofsky's capital sentencing, Mr. Agofsky is entitled to a new penalty phase in his capital case.  *Johnson v. Mississippi*, 486 U.S. 578 (1988).

---

[1]  This prosecution stemmed from the same incident as the one in Oklahoma state court.
[2] The Special Verdict Form is Exhibit A of the proposed amendment, which is attached to this pleading as Exhibit 1.

4.      A temporary lift in the stay of proceedings to allow Mr. Agofsky to amend his §

2255 motion is warranted to ensure that his *Johnson* claim is asserted within the 1-year time

frame imposed by 28 U.S.C. § 2255(f)(3).

5.      Mr. Agofsky has also petitioned the Court of Appeals for the Eighth Circuit for

authorization to file a successive § 2255 motion in the Western District of Missouri to vacate the

§ 924(c) conviction.  *In re Shannon Wayne Agofsky*, Petition for Authorization, No. 16-2185 (8th

Cir. May 11, 2016).  That motion is still pending.

6.      On June 13 and 17, 2016, undersigned counsel Claudia Van Wyk spoke by phone

and exchanged email messages with counsel for the government, Joseph Batte and Jeffrey Zick.

They indicated that the government, while not conceding the claim, does not oppose the

amendment to include it.

## MEMORANDUM OF LAW

### I. IN LIGHT OF *JOHNSON* AND *WELCH*, MR. AGOFSKY'S PRIOR CONVICTION UNDER 18 U.S.C. § 924(C) CANNOT BE SUSTAINED BECAUSE THE UNDERLYING BANK ROBBERY OFFENSE FAILS TO QUALIFY AS A "CRIME OF VIOLENCE."

Under § 924(c)(3), "crime of violence" is defined as follows:

(3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause, § 924(c)(3)(A), is the force clause.  The other, § 924(c)(3)(B), is the residual

clause.  As discussed in the next sections, the form of bank robbery of which Mr. Agofsky was

convicted categorically fails to qualify as a "crime of violence" under the residual clause because

3

it is void for vagueness under *Johnson*.  Likewise, the relevant bank robbery offense categorically fails to qualify as a "crime of violence" under the remaining force clause (§ 924(c)(3)(A)) because it does not have as a *necessary* element the *intentional* use, attempted use, or threatened use of *violent* physical force.  Therefore, Mr. Agofsky's conviction under § 924(c) cannot constitutionally be sustained.

### A.    Section 924(c)'s residual clause is unconstitutionally vague.

Bank robbery cannot qualify as a "crime of violence" under § 924(c)(3)'s residual clause because the clause is void for vagueness under *Johnson*.  In *Johnson*, the Supreme Court decided that the ACCA's residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") is unconstitutionally vague.  In the course of its analysis, the Court overruled the "ordinary case" approach previously employed in applying the residual clause.  *Johnson*'s analysis equally applies to the parallel "crime of violence" definition in § 924(c)(3)'s residual clause, which courts have applied using the same, now discredited, "ordinary case" approach.  Indeed, the Fifth, Seventh, and Ninth Circuits have each recently struck down an identical residual clause – 18 U.S.C. § 16(b) – as unconstitutionally vague in light of *Johnson*.  *See United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *rehearing en banc ordered,* 815 F.3d 189 (Feb. 26, 2016) [3]; *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).  Furthermore, relying on the same reasoning of these cases, a number of district courts have found that the § 924(c) residual clause is void for vagueness.  *See United States v. Bell*, No. 15–00258, 2016 WL 344749, at *11-13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 99–CR–00433,

---

[3]  The court's ruling in *In re Sherman Lamont Fields*, No. 16-50521 (5th Cir. June 17, 2016), rested on the petitioner's failure to satisfy the stringent procedural requirements for permission to file a successive § 2255 motion to challenge his § 924(c) conviction.  Those requirements do not apply to this amendment.

2016 WL 393545, at \*3-6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015 WL 9311983, at \*2-6 (D. Md. Dec. 23, 2015).  As described in detail in Mr. Agofsky's proposed amendment (Exhibit 1), this Court should do the same.

      **B.**      **Bank robbery categorically fails to qualify as a "crime of violence" under the force clause.**

In determining whether an offense qualifies as a "crime of violence" under the force clause, sentencing courts must employ the categorical approach.  *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).  Although *Descamps* involved the categorical approach to the ACCA, this same categorical approach applies in determining whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c).  *United States v. Villegas-Hernandez*, 468 F.3d 874, 878 (5th Cir. 2006) (applying categorical approach to determine whether an offense is a "crime of violence" under 18 U.S.C. § 16(a), which is identical to § 924(c)(3)(A)).  The approach requires that courts "look only to the statutory definitions – *i.e.*, the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (citation omitted).  *See also Villegas-Hernandez*, 468 F.3d at 878.

Significantly, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute – "including the most innocent conduct" – matches or is narrower than the "crime of violence" definition.  *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).  *See also See also Villegas-Hernandez*, 468 F.3d at 879 ("If any set of facts would support a conviction without proof of [the use of force], then the component most decidedly is not an element – implicit or explicit – of the crime.'") (emphasis added); *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (holding that, to determine whether obstruction of legal process is a crime of violence under § 16, the court "must presume

[Ortiz's] conviction rested upon [nothing] more than the least of th[e] acts criminalized" by the statute) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)) (alterations in original); *United States v. Kelly*, 422 F.3d 889, 894 (9th Cir. 2005) ("[T]he question is not whether, based on the facts in 'most cases' in which convictions are obtained under the statute, the conduct was a 'violent felony' under federal law. Rather, the question is whether all conduct – including the most innocent conduct – prohibited by the state statute qualifies as a 'violent felony.'"). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

Furthermore, as applied, the force clause not only requires that the predicate offense have, as an element, "the use, attempted use, or threatened use of physical force." Rather, there are "two additional requirements" that must necessarily be met under the categorical approach: (1) the use of force "*must be intentional*, not just reckless or negligent;" and (2) the "physical force" used, threatened, or attempted must be "*violent force*," or "force capable of causing physical pain or injury to another person." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (emphasis added).

Thus, to constitute a "crime of violence," the predicate offense must *necessarily* require the *intentional* use of *violent* physical force. None of the offenses on which Mr. Agofsky's § 924(c) conviction relied – 28 U.S.C. §§ 2113 (a), (d), and (e) --satisfy this requirement. As described in detail in the proposed amendment (Exhibit 1), each of them may be committed without the intentional use of violent physical force.

## II.    MR. AGOFSKY IS ENTITLED TO A NEW CAPITAL PENALTY PHASE.

Given the invalidity of Mr. Agofsky's prior conviction, a death sentence based, in part, on that conviction cannot stand. In *Johnson v. Mississippi*, 486 U.S. 578 (1988), the defendant

had been sentenced to death based, in part, on a prior conviction for assault which was overturned after the defendant was sentenced to death. *Id.* at 581. Even though there were aggravating circumstances unrelated to the assault conviction that remained undisturbed, the Supreme Court held that a new sentencing was constitutionally required because the jury considered the subsequently invalidated prior conviction, this conviction "provided no legitimate support for the death sentence imposed on Petitioner," and there was "a possibility that the jury's belief that petitioner had been convicted of a prior felony would be 'decisive' in the choice between a life sentence and a death sentence." *Id.* at 586 (internal citations omitted).

Here, there is no question that the jury weighed the invalid aggravating factor in its decision to return the death penalty. The Superseding Indictment in the case, filed on February 19, 2004, charged, among other aggravating factors, that Mr. Agofsky had a previous conviction of a federal offense, punishable by more than one year, involving a firearm. *United States v. Shannon Agofsky*, Superseding Indictment, D. Ct. No. 1:03-cr-173-01 (Feb. 19, 2004).[4] At the close of the penalty phase, the judge instructed the jury in relation to this charge that, as a matter of law, 18 U.S.C. § 924(c) is such an offense. Trial transcript, 7/15/04, at 300-01. The prosecutor then referred to the § 924(c) conviction multiple times in his penalty phase closing. *Id.* at 337, 369, 371. In its verdict returning a death sentence, the jury expressly found that Mr. Agofsky's prior § 924(c) conviction constituted an aggravating circumstance. *See* Special Verdict Form.

Furthermore, it is reasonable to assume that the presence of the aggravating factor played a significant role in the jury's decision to return the death penalty in Mr. Agofsky's case, because the jury had expressly found that Mr. Agofsky had not intentionally caused the death for which

---

[4] The Superseding Indictment is Exhibit B of the proposed amendment attached hereto as Exhibit 1.

he was on trial, but rather had only intentionally caused his serious bodily injury, resulting in his death.  Trial transcript, 7/16/04, at 386-87.  Hence, the fact that one of the proffered aggravating factors is invalid cannot be considered harmless and Mr. Agofsky is entitled to a new sentencing proceeding.

## CONCLUSION

For the reasons above, this Court should enter an order lifting the stay of proceedings on Mr. Agofsky's § 2255 motion, allowing the amendment of the motion, and then reinstating the stay and continuing to hold the proceedings in abeyance.

Respectfully submitted,

/s/ Jennifer A. Merrigan
JENNIFER A. MERRIGAN
MO Bar No. 56733
PO Box 63928
Philadelphia Pa  19147
(816) 695-2214 (Tel.)
j.merrigan@phillipsblack.org

Counsel for Petitioner

Respectfully submitted,

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
PA Bar # 95130
Assistant Chief
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

Counsel for Petitioner

8

## CERTIFICATE OF SERVICE

I certify that on June 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: **Traci Lynne Kenner**, U.S. Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702; **Joseph Robert Batte,** U.S. Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701, and **Jeffrey A. Zick**, Trial Attorney, U.S. Department of Justice, Criminal Division, 1331 F. Street NW, 6th Floor, Washington, D.C. 20530.

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
*Counsel for Movant*

## CERTIFICATE OF CONFERENCE

On June 13 and 17, 2016, undersigned counsel, Ms. Van Wyk, spoke by telephone and conferred by email with AUSA Joseph Batte and Trial Attorney Jeffrey Zick, in compliance with Local Rule CV-7(h).  They advised her that the government does not oppose this motion.

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
*Counsel for Movant*

Dated: June 22, 2016