**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent,** | ) | |
| **v.** | ) | **No. 1:07-cv-00511** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | <u>**CAPITAL CASE**</u> |
| **Movant.** | ) | |

**UNOPPOSED MOTION FOR TEMPORARY SUSPENSION OF
STAY AND ABEYANCE FOR LIMITED PURPOSE OF PERMITTING AMENDMENT
TO MR. AGOFSKY'S MOTION PURSUANT TO 28 U.S.C. § 2255**

Shannon Agofsky moves, with the Government's consent, for temporary suspension of

the stay of his motion to vacate his conviction and death sentence, pursuant to 28 U.S.C. § 2255,

to allow him to amend his motion to include a claim under *Borden v. United States,* 141 S. Ct.

1817 (2021). Mr. Agofsky further moves, with the Government's consent, to renew the stay in

proceedings and continue to hold them in abeyance while Mr. Agofsky litigates both an attack on

his prior murder conviction in Oklahoma and an attack on his prior firearm conviction in the

Southern District of Indiana. In support of this motion, Mr. Agofsky states the following:

1.      Mr. Agofsky's motion to vacate, pursuant to 28 U.S.C. § 2255, is pending before

this Court. ECF Nos. 38, 51, 105. The Government has responded, and Mr. Agofsky has replied,

ECF Nos. 124, 133, and the parties have fully briefed the Government's motion to strike certain

claims. ECF Nos. 112, 113, 117, 119-21.

2.      On February 14, 2012, this Court (Schell, J.) entered an order granting Mr.

Agofsky's unopposed motion to stay and hold these proceedings in abeyance to allow him to

present newly available eyewitnesses and other evidence that he is innocent of the prior

Oklahoma murder that had served as a ground for two aggravating factors at the capital trial in

this case. ECF 157. The parties have completed their briefing in Oklahoma state court and the proceedings remain pending under Docket No. CRF-92-43 (Delaware Co.).

3.　　　On June 23, 2016, this Court granted Mr. Agofsky's unopposed motion to suspend the stay and abeyance temporarily and allowed him to amend his § 2255 motion to add a claim based on *Johnson v. United States*, 576 U.S. 591 (2015), which implicated Mr. Agofsky's prior firearm conviction under 28 U.S.C. § 924(c). The Government relied on the § 924(c) conviction to support a statutory aggravating factor in Mr. Agofsky's capital case. *Johnson* invalidated a provision of law directly analogous to a provision in § 924(c) on the ground that it was unconstitutionally vague. After allowing the amendment to add the *Johnson* claim, this Court reinstated its previous order staying and administratively closing the case. ECF No. 173.

4.　　　On June 25, 2021, the Court lifted the stay and abeyance and ordered the parties to submit a joint status report explaining the status of the ongoing Oklahoma litigation. ECF No. 186. The parties filed the report on August 26. ECF No. 187. On January 6, 2022, the Court re-imposed the stay and abeyance and ordered Mr. Agofsky to (1) advise the Court of the conclusion of the Oklahoma proceedings within twenty days of conclusion and (2) file a status report on July 1, 2022, and every six months thereafter. ECF No. 188.

5.　　　As explained in the Memorandum of Law below, Mr. Agofsky again seeks to amend his § 2255 motion, this time to add a claim based on the Supreme Court's decision in *Borden v. United States,* 141 S. Ct. 1817 (2021). *Borden* held that the statutory term "violent felony" covers only crimes committed knowingly or purposely and does not extend to crimes involving recklessness. Because the least culpable forms of bank robbery under the subsections on which Mr. Agofsky stands convicted, 18 U.S.C. §§ 2113(a), (d), and (e), do not require a

2

purposeful or knowing *mens rea*, they are not crimes of violence under *Borden* and cannot serve as predicates for a § 924(c) conviction. *See* 141 S. Ct. at 1822.

6. Mr. Agofsky submits his proposed amendment as Exhibit 1 to this motion. The amendment, if allowed, will incorporate and supersede the *Johnson* amendment the Court allowed on June 23, 2016. ECF No. 173.

7. A temporary suspension of the stay of proceedings is warranted to enable Mr. Agofsky to make his *Borden* claim within the one-year time frame imposed by 28 U.S.C. § 2255(f)(3).

8. Mr. Agofsky has sought direct habeas relief from his § 924(c) conviction in the Southern District of Indiana, the district where he is incarcerated, pursuant to 28 U.S.C. § 2241. In the § 2241 petition he argues that, because *Borden* announced a new statutory rule and not a new rule of constitutional law, § 2255 is "inadequate or ineffective to test the legality of his detention" and he may proceed under § 2241. *See* 28 U.S.C. § 2255(e). That petition is currently pending. *See* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, *Agofsky v. Watson*, No. 22-49 (S.D. Ind. Feb. 9, 2022).

9. On February 16, 2022, undersigned counsel, Claudia Van Wyk, exchanged email messages with counsel for the Government, Joseph Batte and Traci Kenner. They indicated that, while the Government does not agree that the claim has merit or that the categorical approach applies in a capital sentencing proceeding, the Government does not oppose the amendment to include the claim.  Mr. Agofsky will not oppose the Government's filing an amended response addressing his new claim.

## MEMORANDUM OF LAW

**I.    MR. AGOFSKY'S PRIOR CONVICTION UNDER 18 U.S.C. § 924(C), WHICH SERVED AS AN AGGRAVATING FACTOR IN SUPPORT OF A DEATH SENTENCE, IS INVALID BECAUSE THE UNDERLYING BANK ROBBERY IS NOT A "CRIME OF VIOLENCE."**

One of the aggravating factors the jury found in Mr. Agofsky's capital case was his prior conviction under 18 U.S.C. § 924(c) for using a firearm during and in relation to a "crime of violence." *See* 18 U.S.C. § 924(c)(1)(A)(ii); *see also* Special Verdict Form, D. Ct. No. 1:03-cr-173-01, ECF Nos. 177, 180 (W.D. Mo. July 16, 2004). *See* Exh. A to proposed amendment. The count of the Missouri indictment charging the § 924(c) violation (Count 3) alleged that the underlying "crime of violence" was bank robbery, in violation of 18 U.S.C. §§ 2113 (a), (d), and (e) (Count 2 of the same indictment). *See* Exh. B to proposed amendment.

Chapter 18 U.S.C. § 924(c)(3) defines "crime of violence" as follows:

(3)  For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause, § 924(c)(3)(A), is commonly called the "force" clause, and the second, § 924(c)(3)(B), the "residual" clause. As discussed in the proposed amendment, the bank robbery offenses cannot qualify as "crimes of violence" under the residual clause because that clause is void for vagueness. *See United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019); *Johnson v. United States*, 135 S. Ct. 2551 (2015). Likewise, the relevant bank robbery offenses categorically fail to qualify as "crimes of violence" under the remaining force clause because they can be committed recklessly. *See Borden v. United States,* 141 S. Ct. 1817 (2021).

4

No alternative ground can sustain Mr. Agofsky's conviction. These forms of bank robbery cannot satisfy the force clause because, in addition to their lack of the necessary *mens rea*, they do not require force or intentional threat for their commission.

After *Johnson*, *Davis,* and *Borden*, Mr. Agofsky stands convicted of a non-existent crime.

## II.    MR. AGOFSKY IS ENTITLED TO A NEW PENALTY PHASE.

The introduction of the statutory aggravating factor based on Mr. Agofsky's invalid § 924(c) conviction allowed the jurors to give aggravating weight to circumstances they could not otherwise consider. The other two aggravating factors tied to the bank robbery focused on the fact that he was serving a life sentence for that offense, and that a death resulted from the offense. *See* Exh. A at 7-9. The cause of death, by drowning, which the prosecution vividly described in summation, *see* trial transcript, 7/15/04 at 332, 369, had nothing to do with the use of firearms. The prosecution's insistent reliance on the invalid firearm conviction allowed the jurors to give aggravating weight to facts they could not otherwise have considered as aggravation; its introduction was therefore constitutional error. *See Brown v. Sanders*, 546 U.S. 212, 220-21 (2006).

Introduction of the improper aggravating factor also had a substantial and injurious effect on the outcome. The prosecution not only charged the § 924(c) conviction as an aggravating circumstance, but also repeatedly relied on it. Trial transcript, 7/15/04 at 337, 369, 371. As in *Johnson v. Mississippi*, 486 U.S. 578, 585-86 (1988), the prosecutors "repeatedly urged the jury to give it weight." Furthermore, the jury expressly found that Mr. Agofsky had *not* intentionally caused the death for which he was on trial, but rather had only intentionally caused serious bodily injury resulting in death. Trial transcript, 7/16/04 at 386-87. The lesser culpability of the underlying crime gave particular importance to the aggravating factors. The prosecution's repeated invocation of an invalid aggravating circumstance had a substantial and injurious effect

5

on the outcome. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993); *see also Duest v. Singletary*, 997 F.2d 1336 (11th Cir. 1993).

Moreover, the universe of factors upon which the jury relied in imposing the death penalty has dramatically shifted; the sentencing package that Mr. Agofsky's jury considered has since unraveled. *See Greenlaw v. United States*, 554 U.S. 237, 253-54 (2008); *United States v. Bass*, 104 F. App'x 997 (5th Cir. 2004). The conviction for using a firearm in a crime of violence was a unique facet of the Government's case for death, and the weighing process would necessarily have been different without it. Accordingly, Mr. Agofsky is entitled to a new sentencing proceeding.

## III.    THE RELIEF SOUGHT IS APPROPRIATE.

The Supreme Court has held that district courts "ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion[,]", and has recognized that courts have "discretion in structuring the stay[.]" *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005) (citations omitted). Here, the Court may appropriately structure the stay to allow a *Borden* amendment within a year of the Supreme Court's *Borden* decision. The Government does not object to the amendment and would suffer no prejudice from the temporary lifting and reimposition of the stay. The Court can guard against undue delay by requiring periodic status reports on the progress of the *Borden* claim in the Indiana § 2241 petition, on the same schedule as the status reports it has already ordered on the progress of the Oklahoma litigation. *See* ECF No. 188. The Court should accordingly exercise its discretion by allowing Mr. Agofsky to amend his § 2255 motion with the *Borden* claim and then reimposing the stay.

6

## CONCLUSION

For the reasons above, this Court should enter an order (1) temporarily suspending the stay of proceedings on Mr. Agofsky's § 2255 motion, (2) allowing him to file the proposed amendment to the motion (attached hereto as Exh. 1), (3) reinstating the stay and continuing to hold the proceedings in abeyance, and (4) allowing the Government to respond and Mr. Agofsky to reply, either before reinstating the stay or after the stay is lifted in the future.

Respectfully submitted,

/s/ Jennifer A. Merrigan
JENNIFER A. MERRIGAN
MO Bar No. 56733
PO Box 63928
Philadelphia Pa 19147
(816) 695-2214 (Tel.)
j.merrigan@phillipsblack.org

*Counsel for Petitioner*

Respectfully submitted,

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
PA Bar # 95130
DAVID ZUCKERMAN
PA Bar #42885
Assistant Federal Defenders
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

*Counsel for Petitioner*

Dated:  February 18, 2022

## CERTIFICATE OF SERVICE

I, Claudia Van Wyk, hereby certify that on the date of filing, I caused a copy of this petition to be sent by First Class Mail, postage prepaid, to the following persons:

**Traci Lynne Kenner**
U.S. Attorney's Office
110 North College, Suite 700
Tyler, TX 75702

**Joseph Robert Batte**
U.S. Attorney's Office (Beaumont)
350 Magnolia, Suite 150
Beaumont, TX 77701

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
*Counsel for Movant*

## CERTIFICATE OF CONFERENCE

On February 16, 2022, undersigned counsel, Ms. Van Wyk, conferred by email with AUSAs Joseph Batte and Traci Lynne Kenner, in compliance with Local Rule CV-7(h). They advised her that the Government, while not agreeing that the claim has merit or that the categorical approach applies in a capital sentencing proceeding, does not oppose the motion to amend to include the claim. Mr. Agofsky will not oppose the Government's filing an amended response addressing his new claim.

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
*Counsel for Movant*

Dated:  February 18, 2022