IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY | § | |
| | § | |
| Movant, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:07-cv-511 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

ORDER LIFTING STAY

Before the Court is Movant Shannon Wayne Agofsky's Unopposed Motion for Temporary Suspension of Stay and Abeyance for Limited Purpose of Permitting Amendment to Movant's Motion Pursuant to 28 U.S.C. § 2255. (Dkt. #189). Agofsky seeks to temporarily lift the Court's stay and abeyance of his case (Dkt. #188) for the purpose of filing an amendment to his last amended motion pursuant to Section 2255 to include a claim under *Borden v. United States*, 141 S. Ct. 1817 (2021).

Agofsky asserts that his Indiana bank robbery conviction(s) are not "crimes of violence" under *Borden* and cannot serve as predicates for a 28 U.S.C. § 924(c) conviction. *See* 141 S. Ct. at 1822. He contends that *Borden* holds that the statutory term "violent felony" covers only crimes committed knowingly or purposely and does not extend to crimes involving recklessness. He asserts that because the least culpable forms of bank robbery under the subsections on which he was convicted in Indiana; *e.g.*, 18 U.S.C. §§ 2113(a), (d), and (e), do not require a purposeful or knowing *mens rea*. He represents that the Government relied upon his Indiana bank robbery conviction(s) during his underlying death penalty trial here as an aggravating factor in support of a death sentence. He states that he has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the federal district court of the Southern District of Indiana to challenge his bank robbery conviction(s). *See Agofsky v. Watson*, No. 22-49 (S.D. Ind. Feb. 9, 2022). He

finally asserts that if the Southern District of Indiana finds that his bank robbery conviction(s) are void or invalid under § 924(c) then he would be entitled to a new sentencing proceeding in this action.

The Government is not opposed to lifting the stay so that Agofsky may file his proposed amendment. The Government has indicated that it does not agree that Agofsky's *Borden* claim has merit or that the categorical approach applies in a capital sentencing proceeding. It is therefore

**ORDERED** that Movant Agofsky's Unopposed Motion for Temporary Suspension of Stay and Abeyance for Limited Purpose of Permitting Amendment to Movant's Motion Pursuant to 28 U.S.C. § 2255 (Dkt. #189) is **GRANTED** in accordance with this Order. It is further

**ORDERED** that the stay is lifted, and the case is returned to the active docket.

Agofsky proposes to file his Exhibit 1 (Dkt. #189-1) attached to his motion as an amendment to his amended motion pursuant to 28 U.S.C. § 2255. The Court does not favor supplements or piecemeal amendments to motions pursuant to § 2255. An amended pleading entirely supersedes and takes the place of an original pleading. *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986). For that reason, an amended pleading should be a complete pleading which replaces the original motion or petition. An amended pleading may not refer back to the original pleading with instructions to add, delete or substitute various sentences, paragraphs, sections or defendants. The Supreme Court has observed that a petitioner may not engage in piecemeal litigation. *Sanders v. United States*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation."). It is further

**ORDERED** that Movant Agofsky shall file a complete amended motion pursuant to 28 U.S.C. § 2255, which includes his *Johnson* and *Borden* claims, within sixty days of the receipt of this Order. The amended motion shall be a complete pleading which replaces the last amended motion and shall be the live pleading in this named and numbered cause. The amended motion shall substantially comport with Agofsky's last amended motion pursuant to 28 U.S.C.

§ 2255, with the inclusion of the *Johnson* and *Borden* claims.  The Government is instructed that it shall not file a responsive pleading to the amended pleading until instructed by the Court.

The Court will carry the remaining of the relief requested in Movant's motion until after his amended pleading is filed.

**SIGNED this 21st day of April, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE