IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:07-cv-511 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

<u>ORDER OF ADMINISTRATIVE CLOSING</u>

Movant Shannon Wayne Agofsky was convicted of two counts of murder and sentenced to death on July 16, 2004.  On January 17, 2008, he filed his initial petition to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

On February 14, 2012, this Court granted Agofsky's unopposed motion to stay and hold the proceedings in abeyance to allow him to litigate a post-conviction challenge to a prior murder conviction in the Oklahoma state court, Cause No. CF-97-383 in Payne County, Oklahoma.  The prior murder served as a basis for the Government's aggravation case in Agofsky's federal capital trial.

On January 30, 2013, the Court granted Agofsky's motion to lift the stay for the purposes of taking a necessary deposition.  On July 16, 2013, the Court granted Agofsky's motion to reinstate the stay.  On May 23, 2016, this Court administratively closed the case while Agofsky continued his challenge to his prior conviction in the Oklahoma state court.

After noting that Agofsy's case has been stayed for approximately eight years, on June 25, 2021, the Court lifted the stay and returned the case to the active docket.  The Court directed the parties to prepare a special status report providing a progress report or explanation of the progression of Agofsky's challenge to his murder conviction in the Oklahoma state court.  On August 26, 2021, the parties filed their joint status report.

Agofsky has now asserted a *McGirt* claim, *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), in Oklahoma state court asserting that he is a member of an Indian tribe and that the Oklahoma state

murders of which he was convicted took place on an Indian reservation.  Based on these facts, he asserts that the Oklahoma state court had no jurisdiction to hear the criminal case pursuant to the Major Crimes Act, 18 U.S.C. § 1153.  His Oklahoma post-conviction habeas has been stayed and abated while two other cases are pending in the Oklahoma Court of Criminal Appeals, *State ex rel. Matloff v. Wallace*, (Okla. Crim. App, No. PR-2021-366), and the Supreme Court, *Bosse v. Oklahoma* (S. Ct. No. 21-186), both of which may have an impact on Agofsky's *McGirt* claim.

On February 18, 2022, Agofsky requested permission to amend his Section 2255 motion to include *Johnson* and *Borden* claims. *Borden v. United States*, 141 S. Ct. 1817 (2021) (regarding which crimes may serve as a crime of violence for purposes of a 28 U.S.C. § 924(c) conviction).  The stay was lifted and the case was returned to the active docket for the sole purpose of permitting Agofsky to amend his petition.  He filed his amended motion on June 17, 2022.  (Dkt. #194). A responsive pleading is not due from the Government at this time.

Considering the above information, there is no need for this matter to remain on the Court's active docket while Agofsky continues to challenge his prior conviction; thus, the case should be both stayed and administratively closed.  Notwithstanding the foregoing, counsel for Agofsky should periodically file a status report concerning the progress of the proceedings challenging the prior Oklahoma conviction.  It is accordingly

**ORDERED** that all proceedings are **STAYED** and the case is **ADMINISTRATIVELY CLOSED** until further order of the Court.  Counsel for Agofsky shall advise the Court of the conclusion of Agofsky's Oklahoma proceedings within 20 days from the date of that conclusion, and the case will then be returned to the active docket.  It is further

**ORDERED** that counsel for Agofsky shall file a status report concerning the progress of the proceedings challenging the prior Oklahoma conviction no later than January 6, 2023.  Thereafter counsel shall file status reports every six months while the case remains stayed and administratively closed.

**SIGNED this 13th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE