UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY | § | |
| | § | |
| Movant, | § | CIVIL ACTION NO. 1:07-cv-511 |
| | § | |
| v | § | CAPITAL CASE |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**UNOPPOSED MOTION FOR EXTENSION OF TIME**

Movant Shannon Agofsky respectfully requests a ninety-day extension of time to respond to the Court's December 30, 2024 Order requiring that Mr. Agofsky state which issues in his habeas petition present a live case or controversy and are not moot under *United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017), ECF No. 202.[1] The United States does not oppose this motion. In support of this request, Mr. Agofsky states as follows:

1.    This case stems from an altercation that took place at USP Beaumont in January of 2001. One of the central issues at trial was whether the decedent (another inmate) initiated the attack, forcing Mr. Agofsky to respond in self-defense. In July of 2004, a jury convicted Mr. Agofsky of murder but found that he had not intentionally caused the inmate's death. *See* Superseding Indictment, *United States v. Agofsky*, Case No. 1:03-cr-173, Dkt. No. 23 at 1–2 (E.D. Tex. Feb. 19, 2004) (citing 18 U.S.C. §§ 7(3), 1111, 1118); Transcript of 7/8/04 trial proceedings,

---

[1] "ECF No." refers to docket entries in the above-captioned § 2255 proceedings. "Dkt. No." refers to docket entries in the underlying federal capital proceedings. *See United States v. Agofsky*, Case No. 1:03-cr-173 (E.D. Tex.).

*United States v. Agofsky*, Case No. 1:03-cr-173, Dkt. No. 211 at 404 (E.D. Tex. Dec. 5, 2004); Transcript of 7/16/04 penalty-phase proceedings, *United States v. Agofsky*, Case No. 1:03-cr-173, Dkt. No. 215 at 386–87 (E.D. Tex. Dec. 5, 2004).

2.    Mr. Agofsky was sentenced to death on both of the two counts in the superseding indictment: one for murder while serving a term of life imprisonment under 18 U.S.C. § 1118 (Count One), and one for murder within the territorial jurisdiction of the United States under 18 U.S.C. § 1118 (Count Two). Transcript of 7/16/04 penalty-phase proceedings, *United States v. Agofsky*, Case No. 1:03-cr-173, Dkt. No. 215 at 393 –94 (E.D. Tex. Dec. 5, 2004). The Fifth Circuit held that these two offenses were the same for purposes of the Double Jeopardy Clause, *United States v. Agofsky*, 458 F.3d 369, 372 (5th Cir. 2006), and, on remand, the United States agreed to relinquish the conviction and sentence imposed under Count One, retaining only the conviction and sentence imposed under Count Two. Government's Notice of Election of Count for Conviction and Sentence, *United States v. Agofsky*, Case No. 1:03-cr-173, Dkt. No. 238 at 1 (E.D. Tex. Mar. 20, 2007).

3.    Mr. Agofsky's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 was filed in January of 2008. ECF No. 38. Following amendments and litigation related to the contents of his motion, Mr. Agofsky filed his complete (and currently operative) § 2255 motion in June of 2022. ECF No. 191. Mr. Agofsky's motion includes both guilt-phase claims (i.e., claims that his underlying conviction was secured in violation of the United States Constitution), *see, e.g.,* ECF No. 194 at 15–164; 364–418; 430–60, and penalty-phase claims (i.e., that his death sentence was imposed in violation of the United States Constitution), *see e.g.*, *id.* at 165–402; 418–82.

4.      Multiple procedural and substantive motions, filed in the early stages of this litigation, remain undecided. *See* ECF Nos. 112, 113, 115, 117–21, 124, 133, 135–36, 141–144, 146–47, 159–161, 165

5.      On December 23, 2024, President Joseph R. Biden Jr. commuted Mr. Agofsky's sentence from death to life without the possibility of parole. ECF No. 201.

6.      On December 30, 2024, the Court instructed Mr. Agofsky to "file a response within 30-days of this Order stating what specific issues in his live federal habeas petition, if any, present a live case or controversy and are not moot under *Surratt*, 855 F.3d 218." ECF. No. 202. It also instructed that the United States "file a reply within 21-days of the filing of Movant's response stating its agreement or disagreement with any issue that Movant claims is not moot." *Id.*

7.      Mr. Agofsky respectfully requests a ninety-day extension of the deadline reflected in the Court's December 30 Order. If the motion is granted, Mr. Agofsky's response would be due Tuesday, April 29, 2025, and the United States' response would be due twenty-one days after the filing of the response. Undersigned counsel make this request because of a recent retirement, difficulties communicating with their client, and the careful legal and strategic research the Court's order requires.

8.      First, one of Mr. Agofsky's counsel-of-record for more than fifteen years, David Zuckerman, recently retired from the Federal Community Defender Office for the Eastern District of Pennsylvania. Mr. Zuckerman's notice of withdrawal has been filed concurrently herewith, along with Sam Welch's *pro hac vice* application to appear in his stead. Mr. Welch is familiar with the record in Mr. Agofsky's case but respectfully requests additional time to review relevant transcripts and pleadings before advising Mr. Agofsky with regard to the Court's recent order.

9.      Second, following the commutation of Mr. Agofsky's death sentence, the Bureau of Prisons has begun the process of relocating Mr. Agofsky out of the Special Confinement Unit at USP Terre Haute. The undersigned expect to lose the ability to communicate with Mr. Agofsky for significant stretches of time in the coming ninety days.

10.     Third, Mr. Agofsky's counsel require additional time to research the implications of the commutation. In addition to the question outlined in the Court's December 30 order, Mr. Agofsky's counsel are researching the degree to which the commutation affects his underlying criminal judgment, any collateral consequences flowing from the conviction, and/or the prior convictions discussed in Mr. Agofsky's motion. *See, e.g.*, ECF No. 191 at §§ VI, IX.  All the claims—most of them first researched and drafted nearly twenty years ago—require updated research to confirm whether they remain viable in light of the commutation. Many implicate both the conviction and the sentence, and require analysis and/or transcript and document review to determine which aspects remain live and which are now moot. The answer to these complex legal questions will likely affect the nature of the advice rendered to Mr. Agofsky.

11.     On Friday, January 24, 2025, the undersigned contacted counsel for the United States to ask whether the United States would oppose Mr. Agofsky's motion for an extension of time. Counsel for the United States indicated that it does not oppose Mr. Agofsky's motion.

WHEREFORE, Mr. Agofsky respectfully requests that the Court grant his UNOPPOSED MOTION FOR EXTENSION OF TIME and permit him to respond to the Court's December 30, 2024 order no later than April 29, 2025.

Respectfully submitted this 28th day of January, 2025.

/s/ Sam Welch
SAM WELCH
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
Sam_welch@fd.org

*Counsel for Movant*

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Senior Staff, Capital Punishment Project
American Civil Liberties Union
201 W. Main Street, Suite 402
Durham, NC 27701
(919) 433-8533
cvanwyk@aclu.org

*Counsel for Movant*

**CERTIFICATE OF SERVICE**

I certify that on January 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Traci Lynne Kenner**, U.S. Attorney's Office, 110 North College, Suite 700, Tyler, TX 75702, traci.kenner@usdoj.gov; and **Joseph Robert Batte,** U.S. Attorney's Office- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701, joe.batte@usdoj.gov.

/s/ Sam Welch
SAM WELCH
*Counsel for Movant*

### *CERTIFICATE OF CONFERENCE*

I certify that I have complied with the meet and confer requirements in Local Rule CV-7(h) and that this motion is unopposed.

/s/ Sam Welch
SAM WELCH
*Counsel for Movant*