IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY | § | |
| | § | Civil No. 1:07-CV-511 |
| V. | § | Criminal No. 1:03-CR-173 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### JOINT MOTION TO DISCLOSE UNOFFICIAL
### COPIES OF GOVERNMENT'S TRIAL EXHIBITS

The government and movant Shannon Wayne Agofsky seek permission for the government to disclose to Agofsky unofficial copies of the government's trial exhibits, some of which may have been placed under seal at trial.

### I.  Proceedings

In July 2004, Agofsky was tried on two separate counts of capital murder and sentenced to death.  Trl. Doc. 154, 177, 178.  After two appeals, the conviction on one count and corresponding sentence were affirmed.  See *United States v. Agofsky*, 458 F.3d 369 (5th Cir. 2006); *United States v. Agofsky*, 516 F.3d 280 (5th Cir. 2008).  The Supreme Court denied Agofsky's petition for writ of certiorari after the second appeal on October 6, 2008.  *Agofsky v. United States*, 555 U.S. 837 (2008).

On January 17, 2008, while his second direct appeal was pending, Agofsky filed a motion to vacate, set aside, or correct sentence under Section 2255.  2255 Doc. 38-40. Agofsky filed an amended motion with exhibits on October 6, 2008.  2255 Doc. 51-56. On September 9, 2009, Agofsky filed a Supplement to Defendant's Amended Motion for Relief from Judgement Pursuant to 28 U.S.C. § 2255.  2255 Doc. 105.  The presiding

**Joint Motion to Disclose Unofficial Copies of Exhibits - Page 1**

judge ordered the government to respond, 2255 Doc. 57, and the government filed a response on February 26, 2010, 2255 Doc. 124, 126.

The case was transferred to this Court in 2016, and the Court ordered Agofsky to file an amended motion, which would serve as the operative motion in this case.  2255 Doc. 190.  The Court further instructed the government not to respond until directed to. 2255 Doc. 190.  Agofsky filed his amended motion on June 17, 2022.  2255 Doc. 191, 194.

On December 23, 2024, Agofsky's death sentence was commuted to life imprisonment without the possibility of parole.  Trl. Doc. 269; 2255 Doc. 201.  The Court then entered an order directing Agofsky to identify any claims in his amended Section 2255 motion that remain viable.  2255 Doc. 202.  Agofsky responded, 2255 Doc. 207, and on May 30, 2025, the Court ordered the government to file an amended response to the remaining claims in Agofsky's amended motion, 2255 Doc. 210.  The response was filed on December 11, 2025.  2255 Doc. 219.

## II.  Grounds for Motion

Given the age of the case, the parties have been working together to assemble a copy of the record.  It appears that both sides have a complete—or near complete—set of the trial transcripts.  Unfortunately, it further appears that the trial exhibits have been lost or destroyed.  The record shows that Agofsky's trial exhibits were returned to the Federal Public Defender's Office on March 12, 2008.  Trl. Doc. 262.  The record is silent, however, regarding return of the government's trial exhibits.  It is thus assumed that they were disposed of in accordance with the Court's local rules at the time.

**Joint Motion to Disclose Unofficial Copies of Exhibits - Page 2**

The government has conducted a thorough search of the materials related to this case and has discovered a trial notebook that contains what appear to be photocopies of most of the government's trial exhibits.  The copies are not official; they contain handwritten notes by the legal assistant who used the notebook; and the copies do not include two videos (Exhibit 2 and Exhibit 13).  Additionally, the record is not clear regarding whether the exhibits were placed under seal, but the copies include items that are generally sealed such as autopsy photos of the victim and Agofsky's Social Security number.  Nevertheless, the government is willing to provide a copy of the exhibits—as they are—to Agofsky with the understanding that (1) the government cannot guarantee that these are exact copies of what was introduced at trial and (2) most or all of the exhibits may be under seal and should be treated as if they are sealed.

### III.  Conclusion

With the above understanding, the parties jointly move that the government be permitted to disclose the copies to Agofsky.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY
Eastern District of Texas

JOSEPH R. BATTE
ASSISTANT UNITED STATES ATTORNEY

/s/ Traci L. Kenner
TRACI L. KENNER
ASSISTANT UNITED STATES ATTORNEY
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400

**Joint Motion to Disclose Unofficial Copies of Exhibits - Page 3**

Traci.Kenner@usdoj.gov
Texas Bar No. 11307070


/s/ Sam Welch
SAM WELCH
ASSISTANT FEDERAL DEFENDER
Federal Community Defender Office
for the Eastern District of PA.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
sam_welch@fd.org

CLAUDIA VAN WYK
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
Capital Punishment Project
201 West Main Street
Suite 402
Durham, NC 27701
267-971-6991
Email: cvanwyk@aclu.org

*Counsel for Movant*


### Certificate of Service

I certify that on February 24, 2026, this document was served on all parties by the Court's ECF system.

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney

**Joint Motion to Disclose Unofficial Copies of Exhibits - Page 4**